IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH individually and on behalf of all other similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>  Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **EXHIBIT 1**<br><br><br><br><br>Civ. A. No. 3:22-CV-00573-SDD-RLB<br><br><br><br>**PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS** |

Having considered the Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections Motion for Entry of a Protective Order, and for good cause shown, **IT IS HEREBY ORDERED** that the production and use of documents and information produced or made available in this matter shall proceed in accordance with the following terms:

1. Some of the documents, information and/or testimony that the parties or third-parties have produced, are producing, or will produce in this case involve materials that constitute, contain, or reveal confidential information, including, inter alia, sensitive personal health information, mental health records, educational records, records regarding the delinquency adjudication of minors, and information related to the security in the Office of Juvenile Justice's secure care facilities. The unauthorized release of any such information could cause particular, significant harm to the parties or third-parties.

2. This Order applies to all documents, information and/or testimony (and the contents thereof) served, transmitted, or incorporated in this lawsuit pursuant to Rules 26 through 36 and/or Rule 45 of the Federal Rules of Civil Procedure according to the designations defined herein, except for documents filed with the Court's electronic filing system (ECF) not under seal.

3. As used herein, "Producing Party" refers to any person or entity that produces documents or information in connection with this action, including any plaintiff, defendant, or third-party.

4. As used herein, "Receiving Party" refers to the person or entity to whom a Producing Party produces any documents in connection with this action, including any plaintiff or defendant.

5. As used herein, "Designating Party" refers to any party to this litigation, or to any third-party with respect to documents or information the third-party is producing in response to a subpoena in this litigation, that designates documents or information as Confidential or Highly Confidential pursuant to the terms of this Protective Order.

6. All documents and information produced by any party or third-party in connection with this action shall be used for the sole purpose of conducting the prosecution, defense, or settlement of this action. No documents or information produced in this action may be used for any other purpose whatsoever, including but not limited to (a) the prosecution, defense, or settlement of any other action; or (b) any business purpose whatsoever.

7. "Confidential" Material: Any Producing Party may designate documents or other information produced in this action as "Confidential" if the Producing Party has a good faith belief, and after reasonable inquiry, that the documents or information so designated constitute (a) personal information of any Youth within the care and custody of the Office of Juvenile Justice, including but not limited to, the identity of the Youth, the Youth's health information, the Youth's medical records, the Youth's treatment records, the Youth's counseling records, and the Youth's education records; (b) financial information concerning the Producing Party or its affiliates; (c) personal identifying information of parties,

employees, or other individuals; or (d) other confidential information that would not be available to third-parties outside the context of this litigation and the disclosure of which could cause injury to the Producing Party.

8. <u>"Highly Confidential" Material:</u> Any Producing Party may designate documents or other information produced or disclosed in this action as "Highly Confidential" only if the Producing Party has a good-faith belief, and after reasonable inquiry, that the documents or information so designated are sensitive and that such documents or information concern details about the operation of the Office of Juvenile Justice or the Department of Corrections which if publicly disclosed may present a security risk to the Youth in the care and custody of the Office of Juvenile Justice or the staff of the Office of Juvenile Justice or the Department of Corrections (e.g., schedules regarding the movement of Youth within or between facilities, schedules regarding shift changes, personal identifiers of staff members).

9. A Designating Party may designate documents and information as "Confidential" or "Highly Confidential" if it has a good faith belief that the documents should be treated as "Confidential" or "Highly Confidential," in accordance with the standards set forth in Paragraphs 7 and 8. A Designating Party may designate documents and information as "Confidential" or "Highly Confidential" as follows:

    A.    <u>Documents:</u> A Designating Party may designate documents as Confidential or Highly Confidential by stamping the pertinent designation on each page of the document or affixing a label with the appropriate designation on each page of the document.

    B.    <u>Deposition Testimony:</u> A Designating Party may designate depositions or any other pretrial testimony, the transcripts thereof, and the exhibits thereto as Confidential or Highly Confidential by a statement on the record. Alternatively, a Designating Party may provisionally designate the entirety of a witness's pretrial testimony, deposition transcript, and/or exhibits thereto as Confidential or Highly Confidential until the Designating Party has had 30 days to review a complete transcript of that testimony and serve more particular designations upon the parties to this action. The absence of a confidentiality designation made during the deposition shall not waive a Designating Party's right to designate a witness's pretrial testimony, deposition transcript, and/or exhibits thereto as Confidential or Highly Confidential provided the Designating Party does so within 30 days of having a complete transcript of the testimony.

    C.    <u>Other Information:</u> A Designating Party may designate information that is produced in any other format, including electronic or

magnetic form (i.e., information stored on a computer disc), by cover letter to accompany the material so designated.

10. Failure to designate materials as Confidential or Highly Confidential shall not be used against any person or party as an admission or concession that the materials are not eligible for designation, nor shall it constitute, be construed as, or have the effect of, a waiver of any kind. In the event that a Producing Party discovers that it has inadvertently produced documents or information that it would have designated as Confidential or Highly Confidential without such a designation, the party may so designate such material as Confidential or Highly Confidential by promptly providing, upon discovery of the inadvertently produced documents or information, written notice to the Receiving Party and specifically identifying the inadvertently designated documents or information. In such an instance, the material so designated shall be deemed as having been designated as Confidential or Highly Confidential from the time such notice is received, with the inadvertent production not construed to have waived confidentiality.

11. Should any party object to the designation of any document or information as Confidential or Highly Confidential, the objecting party shall give written notice to the Designating Party of its objection. A person need not challenge the propriety of the designation of materials as Confidential or Highly Confidential at the time of designation. In the event of a dispute concerning this

Protective Order, including, but not limited to, a dispute over the designation of materials as Confidential or Highly Confidential, the parties shall first confer and attempt in good faith to resolve the disagreement. Following this conference and if the disagreement remains, the objecting party may apply to the Court for determination of whether the designated material should remain confidential; provided, however, that the Designating Party shall have the burden as to the Confidential or Highly Confidential nature of the material. The objecting party will have 14 days from the date the party opposing the designation confirms in writing an impasse to file such application with the Court. Until the Court rules on the issue, any document or information that has been produced and designated as Confidential or Highly Confidential shall be treated according to the existing confidentiality designation and subject to the terms and restrictions of this Order.

12. <u>Disclosure of "Confidential" Material</u>: A Receiving Party may not disclose documents or information designated "Confidential" or otherwise make such material available to any person or entity other than:

    A. The Court and its staff, either in camera or filed under seal, as described below;

    B. The Parties;

    C. The Parties' officers and employees, to the extent necessary to prosecute, defend, or settle this action;

      D.      The Parties' counsel, including in-house legal counsel, outside counsel that have formally appeared in this action, and any attorneys, paralegals, and other personnel actually working on this action under their supervision;

      E.      Independent experts, consulting firms, or other independent contractors retained to advise or assist counsel for any party in conjunction with this action, as well as the assistants and agents of such experts, consultants, or other independent contractors, provided that such expert, consultant, or contractor to whom the disclosure is to be made shall consent to be bound by the terms of this Order by executing the form of agreement attached hereto and following the provisions set forth in Paragraph 14, below, before receiving any Confidential documents or information;

      F.      The author of the Confidential document or information, the addressee(s) or other recipient(s) thereof, or any person employed in a confidential position by the party producing and claiming confidentiality of the Confidential material at issue;

      G.      Witnesses at trial, deposition or hearing in the ordinary course of examination, provided that such witness shall consent to be bound by the terms of this Order by executing the form of agreement attached hereto before receiving any Confidential documents or information; and

  H. Other persons as agreed by the Designating Party or as ordered by the Court.

13. <u>Disclosure of "Highly Confidential" Material:</u> A Receiving Party may not disclose documents or information designated "Highly Confidential" or otherwise make such material available to any person or entity other than:

  A. The Court and its staff, either in camera or filed under seal as described below;

  B. The Producing Party, including the party's officers and employees, to the extent necessary to prosecute, defend, or settle this action;

  C. Counsel for the Receiving Party, including any outside counsel as well as any attorneys, paralegals, or other staff actually working on this action under their supervision;

  D. Independent experts, consulting firms, or other independent contractors retained to advise or assist counsel for any party in conjunction with this action, as well as the assistants and agents of such experts, consultants, or other independent contractors, provided that such expert, consultant, or contractor to whom the disclosure is to be made shall consent to be bound by the terms of this Order by executing the form of agreement attached hereto and following the provisions set forth in Paragraph 14, below, before receiving any Highly Confidential documents or information;

  E. The author of the Highly Confidential document or information, the addressee(s) or other recipient(s) thereof, or any person who is or was employed in a confidential position by the party producing the Highly Confidential material at issue;

  F. Witnesses at trial, deposition or hearing in the ordinary course of examination, provided that such witness shall consent to be bound by the terms of this Order by executing the form of agreement attached hereto before receiving any Highly Confidential documents or information; and

  G. Other persons as agreed by Designating Party or as ordered by the Court.

14. Notwithstanding anything contained in the foregoing paragraphs, every person given access to Confidential or Highly Confidential documents or information shall first be advised that the material is being disclosed pursuant and subject to the terms of this Protective Order and shall not be disclosed other than pursuant to the terms thereof. All persons listed in Paragraphs 12(B-C, E-G) or 13(D-G) above, who receive access to Confidential or Highly Confidential documents or information contained therein, shall first confirm their understanding and agreement to abide by the terms of this Order by signing a copy of Exhibit A hereto.

15. <u>Filing Confidential or Highly Confidential Material:</u> Materials marked "Confidential" or "Highly Confidential" shall not be filed unless the Designating Party prior to filing consents in writing to de-designate the material or unless the filing party obtains an order from the Court authorizing the filing of such materials under seal. This order does not authorize the filing of any documents or other materials under seal. A party seeking to file such items under seal must file a motion for leave to do so in accordance with the Federal Rules of Civil Procedure and local rules. Any Confidential or Highly Confidential Material filed under seal shall be submitted in compliance with the local rules, or if electronic submission is impossible, in a sealed envelope or container, which shall be endorsed with the style of this proceeding and the words "Confidential, Subject to Protective Order — To Be Opened By Court Personnel Only" or other similar language. In addition, this Protective Order authorizes the submission of Confidential or Highly Confidential documents or information to be filed under seal to the extent that, where reasonably practicable, only the portions of documents or information designated as Confidential or Highly Confidential are lodged under seal.

16. This Order shall survive the termination of this litigation, and shall remain in effect until modified, superseded, or terminated by order of the Court or

by agreement of the parties. The Court retains jurisdiction over the parties to enforce the provisions of this Order following conclusion of the action.

17. All Confidential or Highly Confidential documents or information produced during the course of this action, and all copies thereof, shall be returned to the Producing Party or otherwise destroyed within 30 days after final resolution of this action and all appeals. The Producing Party or Designating Party may request a certification from the Receiving Party that such destruction has been accomplished, and a written certification of destruction shall be provided by the Receiving Party to the Producing Party or Designating Party upon request. Notwithstanding the foregoing, outside counsel for the Parties may retain copies of attorney work-product and briefs, pleadings, deposition transcripts and any exhibits thereto, and other papers filed with or sent to the Court that incorporate, append, or refer to such material, with such papers remaining subject to the terms and conditions of this Protective Order.

18. Any Receiving Party that receives a subpoena or other legal process requesting production of information or documents that have been designated Confidential or Highly Confidential shall give prompt notice to the Producing and/or Designating Party and, prior to complying with such subpoena or other process, shall allow the Producing and/or Designating Party a reasonable time of not fewer than ten (10) days to seek a protective order, unless a Court has directed

to the contrary. Absent an express Court order to the contrary, no Receiving Party shall produce any Confidential or Highly Confidential while a motion for protective order by a Producing and/or Designating Party remains pending.

19. The inadvertent or unintentional production by a party or third-party of any privileged or otherwise protected information shall not be deemed a waiver or an impairment of any claim of privilege or protection, including without limitation the attorney-client privilege and the protection afforded by the attorney work-product doctrine. Within five (5) business days after receiving written notice from a Producing Party that privileged information, including copies or summaries thereof, has been inadvertently produced, the party receiving such notice shall: (a) return all such privileged information (including all copies or summaries of such privileged information) to the producing party; (b) destroy all notes concerning such privileged information; and (c) certify in writing to the producing party that it has complied with this paragraph. A party that returns privileged information after receipt of notice may retain information not claimed to be privileged that is sufficient to identify the document or other information that it returns. This paragraph shall not prejudice the right of any party to challenge a producing party's claim that information is privileged on any grounds.

20. Nothing in this Protective Order shall restrict any Producing Party's ability to make any use or any disclosure of its own documents and information.

21. Nothing in this Protective Order shall prevent the use of any Confidential or Highly Confidential documents or information at trial, or deposition, or confidential voluntary mediation. Nor shall anything in this Order preclude any party from petitioning the Court for additional or different relief with respect to documents and information produced in this action.

**DONE AND ORDERED** this the _____ day of _____, 2022.

_____
**SHELLY D. DICK**
UNITED STATES DISTRICT COURT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, | Civ. A. No. 3:22-CV-00573-SDD-RLB<br><br>**ACKNOWLEDGEMENT OF AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

1.  I hereby acknowledge that I have received a copy of the Protective Order that governs discovery in the above-styled action. I further affirm that I reviewed the terms of the Protective Order before receiving access to documents or information designated as "Confidential" or "Highly Confidential" pursuant to that Protective Order.

2.  I acknowledge that I am bound by the terms of the Protective Order and hereby agree to adhere to the terms of that Order. I specifically agree that I will not disclose or make use of any "Confidential" or "Highly Confidential"

**EXHIBIT A**

information or documents that is not permitted by the terms of the Protective Order.

3. I further specifically agree that any "Confidential" or "Highly Confidential" documents or information received by me in connection with this case shall be used by me only as permitted by the terms of the Protective Order and solely for purposes directly involving this action. I will not use any "Confidential" or "Highly Confidential" documents or information produced in this action for any other purpose whatsoever, including but not limited to (a) the prosecution, defense, or settlement of any other action; or (b) any business purpose whatsoever.

4. I agree to submit to the jurisdiction of this Court for the purpose of enforcing the terms and conditions of the Protective Order.

**AGREED AND CONSENTED TO BY:**

Signature: _____

Printed Name: _____

Title: _____

Dated: _____

65460263.v1