IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH individually and on behalf of all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>Defendants. | Civ. A. No. 3:22-CV-00573-SDD-RLB |

**MEMORANDUM OF LAW ON CONFIDENTIALITY OF
YOUTH IDENTITIES AND CASE RECORDS**

COME NOW, through undersigned counsel, Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (collectively "Defendants") who respectfully submit this Memorandum of Law regarding the confidentiality of the identity and records of youth in the custody of the Office of Juvenile Justice ("OJJ") at secure facilities (the "Youth"). For the reasons stated herein and below, Defendants cannot disclose the identities of Youth in its custody or produce their case files without an executed release from each Youth's legal guardian or attorney of record or an order from the juvenile court.

## FACTUAL BACKGROUND

In response to ongoing security, staffing, and facility concerns, OJJ announced a plan to create a Transitional Treatment Unit ("TTU") to address the needs of certain Youth assigned to an OJJ Secure Care facility who require more individualized attention. Repeated escapes, riots, and assaults on staff and Youth, which have resulted in considerable property damage and security concerns at existing OJJ secure care facilities, precipitated the need to create the TTU and to provide secure housing for Youth in OJJ secure care facilities expeditiously. The TTU will be temporarily located at a new Youth secure care facility known as the Bridge City Center for Youth at West Feliciana ("BCCY-WF"). The temporary BCCY-WF Secure Care facility is located on the campus of the Louisiana State Penitentiary ("LSP"). R. Doc. 4-12. Specifically, BCCY-WF is housed in a building that was going unused on the LSP campus and that is physically and geographically isolated from the adult detention facilities on the LSP campus. OJJ is in the process of completing the permanent location of the TTU, which will be located on the grounds of one of OJJ's existing secure care facilities.

Plaintiff Alex A., by and through his mother Molly Smith, filed the underlying Complaint on August 19, 2022, seeking to enjoin Defendants from transferring Alex A. to the BCCY-WF. R. Doc. 1, p. 14. Plaintiff also seeks to represent a class of "all current and future persons held at BCCY who might be transferred to" BCCY-WF (which Plaintiff inaccurately describes as a transfer to LSP or an "adult prison") and a subclass of "all current and future persons with disabilities who are held at BCCY who might be transferred to" BCCY-WF (which, again, Plaintiff inaccurately describes as LSP or an "adult prison"). R. Doc. 1, ¶¶ 27–28.

During a status conference with the Court on Tuesday, August 23, 2022, Plaintiff's counsel indicated a desire to obtain a list of all Youth potentially subject to the transfer plan in addition to

2

each Youth's case records.  OJJ maintains a case record for each Youth in its custody, which includes information about the Youth's juvenile court proceedings as well as information on the Youth's condition, housing, supervision, treatment, rehabilitation program, education, health, discipline, transition planning, risk assessments, and status reports (the "Case Record"). Defendants are restricted from releasing Case Records unless specific statutory guidelines are followed.

## LAW AND ANALYSIS

Youth in the custody of OJJ are entitled to privacy with respect to their Case Records. Defendants are bound by multiple state and federal laws mandating confidentiality.  Accordingly, Plaintiff's counsel must follow the procedures set forth by those statutes in order to obtain any Case Records of Youth in OJJ custody.

1. **The records of Youth are protected and confidential pursuant to state and federal law.**

OJJ's Case Records for Youth in secure custody facilities are vast and broad.  As mentioned above, the records include information about the juvenile's court proceedings; records of evaluations by social workers, psychiatrists, and psychologists; educational records, including information about disabilities, accommodations, and individualized education plans; and medical records, including mental health records.  These records are protected by the Louisiana Children's Code, The Family Educational Rights and Privacy Act ("FERPA"), and the Health Insurance Portability and Accountability Act ("HIPAA").

The Louisiana Children's Code governs the confidentiality of records relating to juvenile court proceedings and Youth in OJJ custody.  Specifically, article 412 of the Children's Code provides that "Records and reports concerning all matters or proceedings before the juvenile court,

except traffic violations, **are confidential and shall not be disclosed except as expressly authorized by this Code**" (emphasis added).

While Youth are in a secure care facility operated by OJJ, the Youth are entitled to educational programming, including attending a school within the facility. With respect to the educational records of the Youth, the records are protected by FERPA, and the records may not be disclosed without consent of the Youth's legal guardian. 12 U.S.C. 1232g(b).

Finally, Youth in OJJ secure custody receive programming and services including medical and mental health evaluations and treatment. The records from these services are protected by HIPAA, and cannot be disclosed to unrelated third parties absent a valid authorization or in specific circumstances. 42 U.S.C. § 1321d-6, 45 C.F.R. 164.506.

These state and federal confidentiality provisions prohibit Defendants from disclosing or producing Case Records of Youth in OJJ custody unless the specific criteria mandated by these statutes are met.

2. **Plaintiff must follow statutory guidelines to obtain confidential records of Youth.**

The Louisiana Children's Code provides specific instances in which a Youth's records may be disclosed to specified persons. Article 412(C) allows for the release of records and reports, including all information in a Youth's Case Record, to the child, the child's legal guardian, or an attorney enrolled or engaged by the child, upon receipt of a written request to OJJ. La. Ch.C. 412(C). OJJ provides form releases for guardians[1] or attorneys to request Case Records on its website.[2] There is no certified class in this matter, and the only Youth known to OJJ to be

---

[1] Some Youth housed in the OJJ Secure Care facilities have already reached the age of majority. Those Youth can sign a release in their individual capacity.

[2] https://ojjla.govqa.us/WEBAPP/_rs/(S(exq300pvqaoxrvjokv030cga))/AnswerDetail.aspx?sSessionID=&inc=145&caller=%7e%2fFindAnswers.aspx%3ffilter%3d%26pi%3d1%26sSessionid%3d

4

represented by counsel in this matter is the named Plaintiff, Alex A. Accordingly, OJJ may not release the Case Records of unrepresented Youth to Plaintiff's counsel absent a valid authorization by a parent or notice of representation.

During the conference on August 23, 2022, the Court indicated that Plaintiff's counsel must obtain consent from guardians in order to speak with unrepresented putative class members at BCCY. Defendants submit that the most efficient, judicious, and legally-sound manner by which Plaintiff's counsel may obtain the records sought is to obtain written authorization for the release of individual Youths' Case Records at the same time they obtain consent to interview the Youth.

Alternatively, the Children's Code provides that third parties may petition the juvenile court for an order releasing information from a Youth's Case Records "for good cause when the information is material and necessary to a specific investigation or proceeding." La. Ch.C. 412(E). This request must be directed to the juvenile court and must contain certain information regarding the need and intended use of the records. *Id*. Respectfully, this Court does not have authority to order the release of individual Youths' Case Records, as the Children's Code specifically requires a petition to the juvenile court. Accordingly, if Plaintiff's counsel is unable to obtain written authorizations from each Youth's legal guardians, they must petition the juvenile courts for an order permitting disclosure of specific Youths' Case Records.

3. **The records of Youth must be protected even after production.**

Even in circumstances where the Children's Code authorizes disclosure of a Youth's Case Record, the records must remain confidential and protected. All records disclosed pursuant to article 412 of the Children's Code are required to be marked confidential with the language "UNLAWFUL DISSEMINATION OF THIS INFORMATION IS PUNISHABLE AS A CONSTRUCTIVE CONTEMPT OF COURT PURSUANT TO LOUISIANA CHILDREN'S

CODE ARTICLE 1509(E)." La. Ch.C. 412(L). Additionally, if a third party (i.e., someone other than the Youth, the Youth's legal guardian, or the Youth's attorney of record) obtains records or information from a Youth, the receiving party must execute a non-disclosure agreement. La. Ch.C. 412(K).

4. **<u>Disclosure of the Youth subject to transfer presents a security risk to Defendants.</u>**

Despite the confidentiality of the Youth's identities and records as discussed above, Defendants have a strong interest in maintaining the confidentiality of the Youth likely subject to be transferred to the new BCCY-WF facility. OJJ will determine which Youth are subject to transfer based upon classification decisions; the Youth being transferred will be those with substantial behavioral problems or a history or high risk of escape. OJJ has not yet determined with certainty which Youth will be transferred and at what times. Nevertheless, because many of the Youth at BCCY are gang-affiliated and have demonstrated serious behavioral problems, the release of information about the identity of Youth being transferred presents a security risk to both the Youth and OJJ staff. Security concerns mitigate against disclosing which Youth are subject to transfer and in favor of releasing Case Records only for specified Youth for which written authorizations are received.

## CONCLUSION

Defendants may not disclose the identities and records of Youth to Plaintiff without a valid authorization or proof of engagement by Plaintiff's counsel. La. Ch.C. art. 412. Additionally, this Court is not the proper venue for seeking release of third-party records to Plaintiff, as that authority rests with the juvenile court. La. Ch.C. art. 412(E). For these reasons, Defendants respectfully request that this Court require Plaintiff and his counsel to obtain valid authorizations for the release

of nonparty Youth's records or file the necessary petitions with the juvenile court for the release of records related to the present litigation.

|  |  |
|---|---|
| BY: | Respectfully Submitted:<br>*/s/ Allena McCain*<br>Connell Archery (#20086)<br>Randal J. Robert (#21840)<br>Madaline King (#38301)<br>Allena McCain (#38830)<br>BUTLER SNOW LLP<br>445 North Boulevard, Suite 300 (70802)<br>P.O. Box 2997<br>Baton Rouge LA  70821-2997<br>Telephone:    (225) 325-8700<br>Facsimile:     (225) 325-8800<br>Connell.Archey@butlersnow.com<br>Randy.Robert@butlersnow.com<br>Madaline.King@butlersnow.com<br>Allena.McCain@butlersnow.com<br><br>Counsel for Defendants GOVERNOR JON BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections |

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 24th day of August, 2022.

*/s/ Allena McCain*
Allena McCain