**UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>        Defendants. | Civil Action No. 3:22-573 (SDD) (RLB) |

# EXHIBIT 1

## David Utter

| | |
|---|---|
| **From:** | Lem Montgomery <Lem.Montgomery@butlersnow.com> |
| **Sent:** | Wednesday, September 28, 2022 6:19 PM |
| **To:** | 'Nancy Rosenbloom'; David Utter; Kyle Miller |
| **Cc:** | Tammie Gregg; Aditi Shah; David Shanies; Christopher Murell; rhaley@ronaldhaleylawfirm.com; Allena McCain; Anna Morris; Connell Archey; Madaline King |
| **Subject:** | RE: Alex A. |

Nancy,

I think the disconnect we are having is that Plaintiff's request for preliminary relief has been denied. What Plaintiff now has on file is a "conditions of confinement" case where no one has been confined yet (or even classified to be confined), and the proposed "conditions" (which the Court concluded to be constitutional) are yet to be completed. At this point, Defendants contend there is nothing further to be discovered and nothing to be litigated. Frankly, given the Court's ruling, Plaintiff should dismiss the current Complaint and file a new lawsuit if at any point Plaintiff feels (and has evidence) that he has been exposed to unconstitutional conditions of confinement. Right now, there is no such case or controversy. Thus, as I communicated in my email yesterday:

(1) Our clients will adhere to what they told the Court during the hearing, and we see no need for a stipulation that tracks or mimics what they already testified to under oath;
(2) Our clients see no need for (or right to) an inspection of BCCY-WF prior to moving the Youth; and
(3) We see no need for an expedited 26(f) meeting or for discovery prior to the 26(f) conference.

Please let us know Plaintiff's legal position on what case or controversy remains given the Court's findings re lack of evidence to support the Complaint.

Sincerely,
LM

**Lem Montgomery III**
**Butler Snow LLP**

D: (601) 985-4410 | F: (601) 985-4500
1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Lem.Montgomery@butlersnow.com | vCard | Bio

Twitter | LinkedIn | Facebook | YouTube

**From:** Nancy Rosenbloom <nrosenbloom@aclu.org>
**Sent:** Wednesday, September 28, 2022 4:41 PM
**To:** Lem Montgomery <Lem.Montgomery@butlersnow.com>; David Utter <david@claibornefirm.com>; Kyle Miller <Kyle.Miller@butlersnow.com>
**Cc:** Tammie Gregg <tgregg@aclu.org>; Aditi Shah <ashah@aclu.org>; David Shanies <david@shanieslaw.com>; Christopher Murell <chris@murell.law>; rhaley@ronaldhaleylawfirm.com; Allena McCain <Allena.McCain@butlersnow.com>; Anna Morris <Anna.Morris@butlersnow.com>; Connell Archey

Plaintiff Alex A- 001715

<Connell.Archey@butlersnow.com>; Madaline King <Madaline.King@butlersnow.com>
**Subject:** RE: Alex A.

Lem,

Thanks for your response and I hope you are well. We appreciate your clients' commitment to adhere to their testimony. Will your clients stipulate that they will not move any youth to the facility at Angola until the facility is ready in accordance with paragraphs 44 and 89 of the Court's ruling? I'm attaching a draft stipulation to this email that would cover this and the proposal below.

Judge Bourgeois ordered that the parties hold our R. 26(f) conference by Oct. 6, almost a week after the date your clients told the Court they plan to transfer youth to Angola. We propose a 26(f) meeting tomorrow or Friday among counsel, and ask you to agree that the parties will jointly ask the Court for an earlier date for the status report and scheduling conference with MJ Bourgeois, one that more closely aligns with your clients' timeline for moving youth to Angola.

Finally, Plaintiff requests that you stipulate, pursuant to R. 26(d)(1), to starting discovery before the 26(f) conference. Specifically, Plaintiff intends to make a request under R. 34 to inspect the proposed OJJ facility at Angola prior to OJJ's placement of youth in the facility. We will, of course, agree to a protective order regarding any date, eliminating any security reasons your client claims to have regarding sharing the date with the Court and Plaintiff's counsel. We request that you stipulate to the expedited response timeline permitted under R. 34(b)(2)(A) and that we meet and confer if your client will not agree to these stipulations. Should you refuse to stipulate to starting discovery before the 26(f) conference for purposes of Plaintiff's expedited R. 34 request, then we request that we confer by no later than **noon central time tomorrow, September 29, 2022**.

Thank you,
Nancy

**From:** Lem Montgomery <Lem.Montgomery@butlersnow.com>
**Sent:** Tuesday, September 27, 2022 1:34 PM
**To:** 'David Utter' <david@claibornefirm.com>; Kyle Miller <Kyle.Miller@butlersnow.com>
**Cc:** Nancy Rosenbloom <nrosenbloom@aclu.org>; Tammie Gregg <tgregg@aclu.org>; Aditi Shah <ashah@aclu.org>; David Shanies <david@shanieslaw.com>; Christopher Murell <chris@murell.law>; rhaley@ronaldhaleylawfirm.com; Allena McCain <Allena.McCain@butlersnow.com>; Anna Morris <Anna.Morris@butlersnow.com>; Connell Archey <Connell.Archey@butlersnow.com>; Madaline King <Madaline.King@butlersnow.com>
**Subject:** RE: Alex A.

Dave,

In response to your email below:

1. Our clients intend to adhere to the testimony they gave at the hearing.
2. OJJ will not provide notice to Plaintiff's counsel of the date OJJ decides to move youth. As we have discussed before, it presents a security risk.
3. Likewise, OJJ will not make the facility available for inspection by Plaintiff's counsel prior to moving youth to the facility.
4. Judge Bourgeois entered an order today setting deadlines for a status report and status conference. We will adhere to those deadlines.

Redacted

Thanks and hope all is well.
Sincerely,
LM

**Lem Montgomery III**
**Butler Snow LLP**

D: (601) 985-4410 | F: (601) 985-4500
1020 Highland Colony Parkway, Suite 1400, Ridgeland, MS 39157
P.O. Box 6010, Ridgeland, MS 39158-6010
Lem.Montgomery@butlersnow.com | vCard | Bio

Twitter | LinkedIn | Facebook | YouTube

**From:** David Utter <david@claibornefirm.com>
**Sent:** Monday, September 26, 2022 4:01 AM
**To:** Lem Montgomery <Lem.Montgomery@butlersnow.com>; Kyle Miller <Kyle.Miller@butlersnow.com>
**Cc:** Nancy Rosenbloom <nrosenbloom@aclu.org>; Tammie Gregg <tgregg@aclu.org>; Aditi Shah <ashah@aclu.org>; David Shanies <david@shanieslaw.com>; Christopher Murell <chris@murell.law>; rhaley@ronaldhaleylawfirm.com
**Subject:** Alex A.

Lem and Kyle,

I write to follow up on the judge's decision in Alex A. First, please confirm that your clients will abide by the court's findings of fact #44 ("The Court finds that the evidence established that no youth will be transferred to BCCY-WF until the facility is ready, properly staffed, and can fully provide educational, medical, mental health, recreational, and food services.") and #89 ("No Youth will be transferred to BCCY-WF until all medical and mental health care services are fully available, including the physical spaces to provide such care.").

Second, we request that your clients provide notice to Plaintiff's counsel of the date OJJ decides to move youth. In addition, we request access to the facility for inspection by Plaintiff's counsel prior to moving any youth to the facility.

Third, per Judge Dick's direction at the end of the evidentiary hearing on Sept. 8, the parties are to confer with Judge Bourgeois to set a discovery schedule. We can arrange to call Judge Bourgeois' chambers together on Monday, or I can call his courtroom deputy and get a date for a phone conference with the judge. Let us know your preference.

Plaintiff Alex A- 001717

# Redacted

Please respond to my email soon as possible. Given your clients' statements to the Court about an opening date of the end of September, time is of the essence.

Sincerely,

David

David J. Utter, Esq.

The Claiborne Firm, P.C.

410 E. Bay Street

Savannah, GA 31401

(912) 236-9559

david@claibornefirm.com

**Disclaimers:**

**Notice: No duties are assumed, intended or created by this communication.** If you have not executed a fee contract or an engagement letter, this firm does *not* represent you as your attorney. You are encouraged to retain counsel of your choice if you desire to do so.

Disclosure under IRS Circular 230: Unless expressly stated otherwise, nothing contained in this communication (including any attachments) may be relied upon or used (1) by any taxpayer for the purpose of avoiding penalties that may be imposed under the Internal Revenue Code and/or (2) by any person to support the promotion or marketing of or to recommend any Federal tax transaction(s) or matter(s) addressed in this communication. Any taxpayer should seek independent tax advice with respect to any Federal tax transaction or matter addressed herein.

**Confidentiality Notice:** This email has been sent from a law firm. It may contain privileged and confidential information intended for the use of the person(s) named above. If you are not an intended recipient, you are hereby notified that any dissemination or duplication of the email is prohibited, and that there shall be no waiver of any privilege or confidence by your receipt of this transmission. If you have received this email in error, please notify us by collect telephone call and immediately delete this email.

4

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

CONFIDENTIALITY NOTE: This e-mail and any attachments may be confidential and protected by legal privilege. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the e-mail or any attachment is prohibited. If you have received this e-mail in error, please notify us immediately by replying to the sender and deleting this copy and the reply from your system. Thank you for your cooperation.

Plaintiff Alex A- 001719

*DRAFT*
# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>Defendants. | Civil Action No. 3:22-cv-573-SDD-RLB |

## STIPULATION AND AGREEMENT PENDING RULE 26 CONFERENCE WITH MAGISTRATE JUDGE

Plaintiff, ALEX A., and Defendants, John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (the Parties), stipulate and mutually agree as follows:

1. In light of the Court's findings that "no youth will be transferred to BCCY-WF until the facility is ready, properly staffed, and can fully provide educational, medical, mental health, recreational, and food services" and that "[n]o Youth will be transferred to BCCY-WF until all medical and mental health care

services are fully available, including the physical spaces to provide such care," Doc. No. 79 at 19 ¶ 44, 26 ¶ 89, Defendants will not transfer any youth in the custody of OJJ to the proposed temporary "Transitional Treatment Unit" (TTU) to be located on the grounds of the Louisiana State Penitentiary (LSP) before the facility is ready in accordance with paragraphs 44 and 89 of the Court's order;

2. Because Defendants plan to place youth at the proposed TTU at LSP as early as when they determine the proposed TTU at LSP satisfies the requirements stated in Paragraph 1 of this Stipulation, the Parties stipulate pursuant to Federal Rules of Civil Procedure 29(b) and 34(b)(2) that Defendants will permit Plaintiff's counsel to inspect the site pursuant to Federal Rule of Civil Procedure 34(a)(2) once Defendants have made that determination, and before any youth are transferred to the proposed TTU at LSP; and

3. Any information conveyed to Plaintiff or Plaintiff's counsel in accordance with Paragraph 2 of this Stipulation, including the date on which Defendants expect to begin transferring youth to the proposed TTU at LSP, is subject to the terms of the Protective Order entered into by the Parties and approved by the Court. Doc. No. 36.

Dated: ___, 2022

[insert correct signature block for Butler Snow below]

*/s/ Nancy Rosenbloom*

AMERICAN CIVIL LIBERTIES UNION FOUNDATION

2

125 Broad Street, 18th Fl.
New York, NY 10004
Telephone: (212) 549-2500
Nancy Rosenbloom (*pro hac vice*)
nrosenbloom@aclu.org
Co-Counsel for Plaintiff


[insert]
Counsel for Defendants

Plaintiff Alex A- 001722