## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. A. No. 3:22-CV-00573-SDD-RLB |
| GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, | ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS' ANSWER TO PLAINTIFF'S CLASS ACTION COMPLAINT** |
| Defendants. | ) ) | |

COME NOW, through undersigned counsel, Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (collectively "Defendants") and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby answer the Class Action Complaint for Injunctive and Declaratory Relief (Doc. 1, the "Complaint") filed by Plaintiff, Alex A., by and through his guardian, Molly Smith, individually and on behalf of all others similarly situated (hereinafter "Plaintiff").

## ANSWER

1.      Defendants assert that the Juvenile Justice and Delinquency Prevention Act speaks for itself, and Defendants object to the allegations contained in Paragraph 1 of the

Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      In response to the first sentence of Paragraph 2 of the Complaint, Defendants admit that a press conference was held by Governor John Bel Edwards on July 19, 2022, during which he announced the state's plan to open Bridge City Center for Youth at West Feliciana ("BCCY-WF") on the campus of Louisiana State Penitentiary ("LSP") as a temporary location for certain problematic Youth currently housed in Louisiana Office of Juvenile Justice ("OJJ") secure care facilities. In response to the second sentence of Paragraph 2 of the Complaint, Defendants admit that the Youth who are transferred to BCCY-WF will be housed in a secure care facility, which is an entirely separate building on the campus of LSP, that Youth will not come in contact with adult inmates, and that Youth will receive the same, and in some cases, increased access to, mental health, counseling, medical, education, special education, food, and recreation services as Youth in any other OJJ facility. Defendants deny the allegations contained in the third sentence of Paragraph 2 of the Complaint. Defendants deny any remaining allegations contained in Paragraph 2 of the Complaint.

3.      Defendants deny the allegations contained in the third sentence of Paragraph 3 of the Complaint. The remaining allegations contained in Paragraph 3 of the Complaint do not require a response. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

65890689.v1

4.      Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.      In response to the first sentence of Paragraph 5 of the Complaint, Defendants admit that OJJ is the state agency responsible for providing rehabilitation services to Youth who have been adjudicated delinquent. In response to the second sentence of Paragraph 5 of the Complaint, Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny the allegations contained in the third and fourth sentences of Paragraph 5 of the Complaint. Defendants deny any remaining allegations contained in Paragraph 5 of the Complaint.

6.      In response to the first sentence of Paragraph 6 of the Complaint, Defendants admit that Alex A. has been diagnosed with a learning disability and previously had an Individual Accommodations Plan. In response to the second sentence of Paragraph 6 of the Complaint, Defendants admit that Alex A. currently receives educational accommodations. Defendants deny the allegations contained in the third sentence of Paragraph 6 of the Complaint. Defendants deny any remaining allegations contained in Paragraph 6 of the Complaint.

7.      Defendants deny the allegations contained in Paragraph 7 of the Complaint.

## JURISDICTION AND VENUE

8.      Defendants object to the allegations contained in Paragraph 8 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. Defendants further assert that the class action requirements of Federal Rule of Civil Procedure 23

are lacking and that Plaintiff is not entitled to class certification. To the extent a response is deemed required, Defendants admit only that Plaintiff's Complaint attempts to assert claims under federal statutes and the United States Constitution, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Defendants object to the allegations contained in Paragraph 9 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny that there are any "events and omissions giving rise to these claims," and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

## PARTIES

10.      Defendants admit the allegations contained in the first and second sentences of Paragraph 10 of the Complaint. Defendants deny the allegations contained in the third sentence of Paragraph 10 of the Complaint.

11.      Defendants admit the allegations contained in Paragraph 11 of the Complaint.

12.      In response to the first sentence of Paragraph 12 of the Complaint, Defendants admit that Alex A. has been diagnosed with a learning disability. Defendants admit the allegations contained in the second sentence of Paragraph 12 of the Complaint.

13.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Defendants admit the allegations contained in the first sentence of Paragraph 15 of the Complaint. In response to the second sentence of Paragraph 15 of the Complaint, Defendants admit that OJJ denied the request for emergency consideration of the Administrative Remedy Procedure and informed Alex A. of its decision on August 18, 2022. Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Defendants admit the allegations contained in the first, second, and third sentences of Paragraph 17 of the Complaint. In response to the fourth, fifth, and sixth sentences of Paragraph 17 of the Complaint, Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny any remaining allegations contained in Paragraph 17 of the Complaint.

18.     Defendants admit the allegations contained in the first sentence of Paragraph 18 of the Complaint. In response to the second sentence of Paragraph 18 of the Complaint, Defendants admit that William Sommers is the Deputy Secretary of the OJJ and has certain responsibilities with regard to OJJ policies. In response to the third and fourth sentences of Paragraph 18 of the Complaint, Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny any remaining allegations contained in Paragraph 18 of the Complaint.

19.    Defendants admit the allegations contained in the first sentence of Paragraph 19 of the Complaint. In response to the second sentence of Paragraph 19 of the Complaint, Defendants admit that James M. LeBlanc is the Secretary of the Louisiana Department of Public Safety & Corrections and has certain responsibilities within that capacity. In response to the third and fourth sentences of Paragraph 19 of the Complaint, Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny any remaining allegations contained in Paragraph 19 of the Complaint.

I.    Defendants deny the allegations, if any, contained in the heading on page 8 of the Complaint.

20.    Defendants deny the allegations contained in Paragraph 20 of the Complaint. Specifically, Defendants deny that Youth who are transferred to BCCY-WF will be incarcerated in an adult jail or prison. Additionally, Defendants assert that the allegations contained in Paragraph 20 of the Complaint are general in nature and not based on any studies, research, or investigations of OJJ secure care facilities or Youth housed within OJJ secure care facilities. Further answering, Defendants deny the characterization of a former OJJ official as the "top" official.

21.    Defendants deny the allegations contained in Paragraph 21 of the Complaint. Specifically, Defendants deny that Youth who are transferred to BCCY-WF will be housed in an adult facility. Additionally, Defendants assert that the allegations contained in Paragraph 21 of the Complaint are general in nature and not based on any studies, research, or investigations of OJJ secure care facilities or Youth housed within OJJ secure care facilities.

65890689.v1

22.    Defendants deny the allegations contained in the first sentence of Paragraph 22 of the Complaint. In response to the second sentence of Paragraph 22 of the Complaint, Defendants assert that the allegations are general in nature and not based on any studies, research, or investigations of OJJ secure care facilities or Youth housed within OJJ secure care facilities. Defendants deny the allegations contained in the third sentence of Paragraph 22 of the Complaint. Specifically, Defendants deny that LSP will be responsible for providing services to Youth who are transferred to BCCY-WF. Further answering, the Youth will receive the same, and in some cases, increased access to, mental health, counseling, medical, education, special education, food, and recreation services as Youth in any other OJJ facility. Defendants deny any remaining allegations contained in Paragraph 22 of the Complaint.

II.    Defendants deny the allegations, if any, contained in the heading on page 9 of the Complaint.

23.    Defendants deny the allegations contained in Paragraph 23 of the Complaint.

24.    Defendants deny the allegations contained in Paragraph 24 of the Complaint.

25.    Defendants deny the allegations contained in Paragraph 25 of the Complaint and specifically deny that they cannot or are not lawfully providing rehabilitative care to the Youth in the OJJ's secure care facilities.

26.    Defendants object to the allegations contained in Paragraph 26 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. Defendants deny any remaining allegations contained in Paragraph 26 of the Complaint.

**CLASS ACTION ALLEGATIONS**

27.    Defendants admit that the Named Plaintiff is bringing this action in his individual capacity and is attempting to seek class certification to represent other Youth in OJJ secure care

65890689.v1

facilities. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiff is not entitled to class certification. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28.    Defendants admit that the Named Plaintiff is attempting to seek class certification to represent other Youth in OJJ secure care facilities. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiff is not entitled to class certification. Defendants deny the remaining allegations contained in Paragraph 28 of the Complaint.

29.    Defendants admit that the Named Plaintiff is attempting to seek class certification to represent a sub-class of Youth in OJJ secure care facilities. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiff is not entitled to class certification. Defendants deny the remaining allegations contained in Paragraph 29 of the Complaint.

30.    Defendants deny the allegations contained in Paragraph 30 of the Complaint. Specifically, Defendants deny that the class action requirements of Federal Rule of Civil Procedure 23 are met.

31.    Defendants object to the allegations contained in Paragraph 31 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 31 of the Complaint.

32.    Defendants object to the allegations contained in Paragraph 32 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court.

To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 32 of the Complaint.

33.    Defendants object to the allegations contained in Paragraph 33 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 33 of the Complaint.

34.    Defendants object to the allegations contained in Paragraph 34 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. Defendants deny the allegations contained in Paragraph 34 of the Complaint. Specifically, Defendants deny that the Named Plaintiff or any other Youth have suffered any injuries related to the plan to transfer certain problematic Youth to BCCY-WF and deny that their actions are "unconstitutional."

35.    Defendants object to the allegations contained in Paragraph 35 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 35 of the Complaint.

36.    Defendants admit that the referenced attorneys represent the Named Plaintiff in this action. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint.

37.    Defendants object to the allegations contained in Paragraph 37 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 37 of the Complaint. Further answering, Defendants assert that the class action

9

requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiff is not entitled to class certification.

38.     Defendants deny the allegations contained in Paragraph 38 of the Complaint. Specifically, Defendants deny that their actions are "unconstitutional." Additionally, Defendants object to the allegations contained in Paragraph 38 of the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court.

**CLAIMS FOR RELIEF**

I.     Defendants deny the allegations, if any, contained in the Count I heading on page 13 of the Complaint.

39.     Defendants deny the allegations contained in Count I of the Claims for Relief in the Complaint. Specifically, Defendants deny that the Youth at issue will be transferred to LSP; and that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's constitutional rights. Additionally, Defendants object to the allegations contained in Count I of the Claims for Relief in the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court.

II.     Defendants deny the allegations, if any, contained in the Count II heading on page 13 of the Complaint.

40.     Defendants deny the allegations contained in Count II of the Claims for Relief in the Complaint. Specifically, Defendants deny that the Youth at issue will be transferred to LSP; that educational and rehabilitative services for Youth with disabilities will not be provided; and that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's statutory rights. Additionally, Defendants object to the allegations contained in Count II of the Claims for

10

Relief in the Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning "WHEREFORE, Plaintiff and the Putative Class Members," and to the subparts, A., B., C., D., E., and F., Defendants deny the allegations contained in the unnumbered paragraph and subparts and specifically deny that Plaintiff is entitled to any relief or recovery whatsoever from the Defendants. Defendants demand strict proof of the allegations made and the damages, fees, and costs requested by Plaintiff. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiff is not entitled to class certification.

## GENERAL DENIAL

All allegations not previously admitted, including any and all allegations contained in the exhibits attached to Plaintiff's Complaint, are hereby denied.

## AFFIRMATIVE DEFENSES

Defendants, pleading in the affirmative and without prejudice to their other pleadings, state the following additional defenses. By asserting these defenses, Defendants do not assume any burden of proof not otherwise legally assigned to them. Defendants further reserve the right to rely upon any of the following defenses or any additional defenses to the claims asserted by Plaintiff, to the extent that such defenses are supported by information developed through discovery or by evidence at trial.

### First Defense

Defendants assert that Plaintiff has failed to exhaust all administrative remedies prior to filing this action, as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

11

**Second Defense**

Defendants hereby invoke and assert all defenses afforded under the Prison Litigation Reform Act of 1995, Pub. L. No. 104 34, 110 Stat. 1321 (1996), including, but not limited to, those defenses set forth in 42 U.S.C. § 1997.

**Third Defense**

Plaintiff lacks standing to assert some or all of the claims set forth in the Complaint.

**Fourth Defense**

Plaintiff cannot meet the class action requirements of Federal Rule of Civil Procedure 23, Plaintiff is not entitled to represent any unnamed members of the putative class, and Plaintiff is not entitled to class certification.

**Fifth Defense**

The individual Defendants assert that they are entitled to the defense of qualified immunity.

**Sixth Defense**

The request for declaratory and injunctive relief is moot with respect to any putative class member who is not currently housed in OJJ's secure care facilities.

**Seventh Defense**

Plaintiff's claims for declaratory and injunctive relief are not ripe.

**Eighth Defense**

Alternatively, Plaintiff's claims for declaratory and injunctive relief are moot.

**Ninth Defense**

Plaintiff's claim for a temporary restraining order is moot.

65890689.v1

### Tenth Defense

Plaintiff's claim for a preliminary injunction is moot.

### Eleventh Defense

Defendants affirmatively assert that Plaintiff's Complaint fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

### Twelfth Defense

Plaintiff has failed to join as real parties in interest, certain indispensable parties, and, therefore, the Complaint is barred.

### Thirteenth Defense

Defendants are entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988, and other applicable law.

### Fourteenth Defense

Defendants are entitled to attorney fees and costs pursuant to Federal Rule of Civil Procedure 11, and other applicable law.

### Fifteenth Defense

The allegations of Plaintiff's Complaint fail to give reasonable notice of facts sufficient to evaluate all of Defendants' defenses. For that reason, to the extent applicable, Defendants affirmatively plead duress, illegality, res judicata, statute of limitations, collateral estoppel, and any other matter constituting an avoidance or an affirmative defense that is available to Defendants.

13

65890689.v1

**Sixteenth Defense**

Defendants hereby reserve the right upon completion of their investigation and discovery to file such additional defenses, affirmative defenses, cross-claims, counterclaims, and/or third party complaints as may be appropriate.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiff's Complaint and tax all costs of this action against Plaintiff.

Dated: October 4, 2022.

Respectfully Submitted:

BY:    */s/ Madaline King*
       Connell Archey (#20086)
       Randal J. Robert (#21840)
       Allena McCain (#38830)
       Madaline King (#38301)
       BUTLER SNOW LLP
       445 North Boulevard, Suite 300 (70802)
       P.O. Box 2997
       Baton Rouge, LA  70821-2997
       Telephone:    (225) 325-8700
       Facsimile:    (225) 325-8800
       Connell.Archey@butlersnow.com
       Randy.Robert@butlersnow.com
       Allena.McCain@butlersnow.com
       Madaline.King@butlersnow.com

       Kyle V. Miller (pro hac vice)
       Lemuel E. Montgomery III (pro hac vice)
       Anna Morris (pro hac vice)
       BUTLER SNOW LLP
       1020 Highland Colony Parkway, Suite 1400
       Ridgeland, MS 39157
       Telephone:    (601) 948-5711
       Facsimile:    (601) 985-4500
       Kyle.Miller@butlersnow.com
       Lem.Montgomery@butlersnow.com
       Anna.Morris@butlersnow.com

       Counsel for Defendants

GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 4th day of October, 2022.

*/s/ Madaline King*

15

65890689.v1