STATE OF LOUISIANA

PARISH OF EAST BATON ROUGE

## AFFIDAVIT OF REVETTEA WOODS

BEFORE ME, the undersigned Notary Public qualified in the aforesaid state and parish, came and appeared:

### REVETTEA WOODS

who, after being duly sworn by me, did depose and state:

1.      My name is Revettea Woods. I am over twenty-one (21) years of age and of sound and disposing mind. I have knowledge of, and am competent to testify about, the matters stated in this Affidavit. I am under no legal or other disability. The facts stated herein are true and correct to the best of my knowledge and belief.

2.      I am currently employed as Deputy General Counsel with the Louisiana Office of Juvenile Justice ("OJJ"). In that capacity, I am responsible for responding to requests for juvenile records kept by the OJJ in the regular course of business.

3.      OJJ retains records related to Youth in its custody, including medical, mental health, educational, counseling, disciplinary, probation and parole, and other records. It is regular practice of the OJJ to make and retain such records. In responding to requests, I collect the juvenile records from the relevant custodians of such records.

4.      I understand that Alex A. and his parent have filed a Motion for Non-Retaliation Order, alleging certain acts of retaliation by OJJ.

5.      In response to the Motion for Non-Retaliation Order, I collected records, including e-mails, unusual occurrence reports, disciplinary records, medical and mental health records, and

photographs, related to the alleged acts of retaliation and other events involving Alex A. from the relevant custodians of such records.

6.    Additionally, one of the incidents involving Alex A. on September 12, 2022 was captured by security cameras. I obtained the video of this incident from the custodian. The video is on file with OJJ.

7.    To the best of my knowledge, the attached Exhibits, A-3 through A-8, are true and authentic copies of relevant records related to the alleged acts of retaliation and other events involving Alex A. The original copies of these records are on file with the OJJ.

8.    I certify that these records are maintained in the ordinary course of business, were made at or near the time of the relevant events by a person with knowledge of the events, and are kept in the course of regularly conducted business.

9.    In my capacity as Deputy General Counsel with OJJ, I am also familiar with OJJ's Administrative Remedy Procedure ("ARP"), which is OJJ's internal administrative process for addressing grievances filed by Youths who are detained in OJJ facilities.

10.    Attached to this Affidavit as Exhibit A-1 is a true and authentic copy of OJJ's ARP policies and procedures. As set forth in further detail in Exhibit A-1, a Youth initiates an administrative grievance by submitting an ARP form to the ARP Coordinator for his or her facility. The ARP form is deemed "filed" upon receipt by the ARP Coordinator.

11.    Attached to this Affidavit as Exhibit A-2 is a true and authentic copy of a set of ARP instructions that OJJ provides to Youths who are detained in OJJ secure care facilities.

12.    In my capacity as Deputy General Counsel with OJJ, I contacted the appropriate OJJ staff to determine whether Alex A. filed ARP forms related to the alleged acts of retaliation and to gather information about any such forms that had been filed.

2

13.     Upon information and belief, based upon a reasonable inquiry and search, there have been no ARPs filed by or on behalf of Alex A. in connection with the alleged acts of retaliation contained in his Motion for Non-Retaliation Order.

14.     The above and foregoing is true to the best of my knowledge, information, and belief.

_____
Revettea Woods

SWORN TO AND SUBSCRIBED before me, Notary, on the 6th day of October, 2022.

_____
Notary Public

Tina Dennis Darensbourg
Bar Roll No. 26017
Notary Public of East Baton Rouge
State of Louisiana
My Commission is Issued for Life

EXHIBIT
**A-1**

## YOUTH SERVICES POLICY

| **Title:** Administrative Remedy Procedure | **Type:** B. Classification, Sentencing and Service Functions |
| | **Sub Type:** 5. Administrative Remedy Procedure/Disciplinary Process |
| | **Number:** B.5.3 |

| | **Page** 1 **of** 14 |

**References:**
Rules published in the Louisiana Register and cited as LAC 22:713; La. R.S. 15:574.12; Ch.C.Art. 412 and 912; U.S. DOJ PREA Standards 115.351 (a) and 115-352; ACA Standards 2-CO-3C-01, 2-CO-4B-03 (Administration of Correctional Agencies), 4-JCF-3A-03, 4-JCF-3A-06 and 4-JCF-4C-40 (Performance-Based Standards for Juvenile Correctional Facilities); YS Policy Nos. A.1.4 "Investigative Services", A.1.9 "Records Management and Retention", B.2.3 "Secure Care Intake", C.1.4 "Attorney Visits", C.2.11 "Prison Rape Elimination Act (PREA)", and C.5.1 "Required Database Entry and Reporting Requirements"; and the Administrative Remedy Procedure Booklet for Youth

| **STATUS: Approved** |
| **Approved by:** *William A. Sommers, Deputy Secretary* | **Date of Approval:** 10/29/2021 |

## I.  AUTHORITY:

Deputy Secretary of Youth Services (YS) as contained in La. R.S. 36:405.  Deviation from this policy must be approved by the Deputy Secretary.

## II.  PURPOSE:

To establish a formal review process known as the "Administrative Remedy Procedure" (ARP) through which a youth may seek resolution of complaints relating to his stay in a YS secure care facility.

## III.  APPLICABILITY:

Deputy Secretary, Assistant Secretary, Undersecretary, Chief of Operations, Secure Facilities Director, Executive Management Advisor, Facility Directors, Continuous Quality Improvement Services (CQIS) staff, Investigative Services, Case Managers, ARP Coordinators, other appropriate staff members who assist with the ARP process, youth committed to a YS secure care facility, parents/guardians, youth attorney's/advocates.

## IV.  DEFINITIONS:

*ARP Coordinator* - A staff member designated to coordinate and facilitate the ARP process.  With the approval of the Secure Facilities Director and/or Facility Director, the ARP Coordinator may designate other staff members to complete selected components of the ARP process.

*Business Days* - Business days are Monday through Friday.

*Calendar Days* - Calendar days are consecutive days including weekends and holidays.

*Case Manager* - A generic term used within a secure care facility to identify members of the counseling profession, e.g., social services counselor, clinical social worker, program manager or a treatment team member assigned to manage a youth's case.

*Continuous Quality Improvement Services (CQIS)* – The Central Office performance based and results-driven competency and efficiency management system.

*Emergency Grievance* - A matter which needs to be reviewed immediately because delay would subject the youth or others to substantial risk of personal injury or cause other serious or irreparable harm.

*Extension* – Granted by the Deputy Secretary, it allows the Facility Director additional time to respond at Step One, as well allowing additional time for response from the Deputy Secretary at Step Two.

*Grievance* - A written complaint regarding a policy, condition, action, or incident occurring within a secure care facility that affects the youth personally.

*Initiation of the ARP Process* - The ARP process shall commence the day the ARP is accepted by the ARP Coordinator.

*Sensitive Issue ARPs* - ARPs which may be filed initially with the Deputy Secretary if the youth believes the content of the ARP would adversely affect him if it became known at the secure care facility where the youth is currently housed.

*Sexual Assault* - Includes all acts of a sexual nature that constitute Nonconsensual Sexual Acts and Abusive Sexual Contacts (refer to YS Policy No. C.2.11 for definitions). Sexual assault also includes sexual coercion and sexual solicitation as defined in this policy.

*Waiver* – Granted by the Facility Director, it allows a youth additional time to file his ARP or complete Step Two where special circumstances justify a late filing.

## V.  POLICY:

It is the Deputy Secretary's policy that the ARP process shall be accessible to all youth, and shall be utilized when youth seek formal review and resolution of complaints relating to their stay in secure care while in the custody of YS.

**YS Policy No. B.5.3**
**Page 3**

All youth are entitled to use the ARP process. It shall be the responsibility of the secure care Facility Director to provide appropriate assistance/accommodations for youth with literacy deficiencies or language barriers. Reprisals of any nature are prohibited.  Youth are entitled to pursue, through the ARP process, a complaint that a reprisal occurred.

A youth may request information and obtain assistance in using the ARP process from his Case Manager, Counselor or other staff members. Nothing in the ARP process is intended to prevent or discourage a youth from communicating with the Facility Director or any other employees of YS.

## VI.    GENERAL:

The ARP process has been established for youth to seek formal review of a complaint relating to many aspects of their stay in a secure care facility. Such complaints and grievances include, but are not limited to, actions pertaining to living conditions, access to the courts, personal injuries, physical or sexual abuse, medical malpractice, loss of personal property, denial of publications, time computation or challenges to rules or policies.  Youth shall receive reasoned responses and where appropriate, meaningful remedies.

Code of Conduct Violations must be handled through the disciplinary appeal system in the youth's assigned secure care facility.  Court decisions and pending criminal and juvenile court matters, over which YS has no control or jurisdiction cannot be reviewed through the ARP process.

.    Reprisals against youth for use of the ARP system are not permitted. Youth who file ARPs which are frivolous or deliberately malicious shall have their actions addressed in the LAMOD group process.

## VII.  SECURE CARE PROCEDURES:

A.    Orientation and Distribution

1.    Employees shall be made aware of the ARP through orientation and annual in-service training.

2.     Youth shall be made aware of the ARP process during intake, which shall include a question and answer session.  A simplified version/booklet of the ARP process shall be provided to the youth during orientation and further reviewed through the LAMOD group process. The youth booklet shall be posted in areas readily accessible to all employees and youth.

3.    The ARP shall be designated as the main topic of a group session at least once a quarter.

B.    Facility Directors shall designate appropriate management or administrative staff to collect "ARP Forms" [see Attachment B.5.3 (a)] from the ARP boxes on a daily basis from the designated locations.

C.    Informal Resolution

Youth are encouraged but not required to resolve their problems informally through the LAMOD process before initiating the formal ARP process. Informal resolution may be sought by talking to a Case Manager, Counselor or other staff member. An attempt at informal resolution does not delay the time frame for filing an ARP. The youth and staff member assisting with informal resolution must be alert to the 90 calendar day filing time frame so that the opportunity to file an ARP is not missed if the matter is not informally resolved.

D.    Initiation of ARP

1.    ARP forms shall be available at all designated locations at each secure care facility, as well as, from Case Managers. An ARP is initiated by completing the first part of the "ARP Form". Requests for ARP shall not be rejected because they are not on the "ARP Form", however; all requests must contain a statement or phrase to this effect: *"This is a request for administrative remedy", "This is a request for ARP",* or *"ARP".* Upon receipt by the ARP Coordinator, such request shall be attached to an "ARP Form".

2.    The youth shall complete the first part of the form outlining the problem and remedy requested. The youth's Case Manager, Counselor, or other staff member shall be available for assistance in completing the form.

3.    If additional space is needed, another piece of paper may be used and attached to the "ARP Form". The youth must place the completed form in an ARP box located in one of the designated locations.

4.    Time Limit/ Waivers

a.    Time Limit - the youth has <u>90 calendar days</u> after the incident/occurrence in which to file an ARP, except as to any portion of an ARP which alleges sexual assault.

b.    The ARP is considered "filed" upon receipt by the ARP Coordinator. ARPs placed in an ARP box on a Saturday, Sunday or other legal holiday shall be deemed to have been    received on the first regular business day following the weekend or legal holiday.

**YS Policy No. B.5.3**
**Page 5**

     c.    Waivers - The youth may make a written request for a five (5) calendar day extension from the ARP Coordinator, if additional time is needed to prepare the ARP.

           If five (5) days is not sufficient time for the youth to file his ARP, the 90-day requirement may be waived by the Facility Director when circumstances warrant, i.e., if the youth is ill for an extended period of time or if a significant, unusual event affects the youth's ability to file the ARP. The Facility Director must provide written reasons for the waiver to the ARP Coordinator to be retained in the youth's ARP file.

5.    Youth released from a secure care facility prior to filing their ARP should send the ARP directly to the ARP Coordinator at the facility he was released from.  Except for an ARP complaint alleging sexual assault, the ARP must be postmarked or received at the facility within the 90 calendar day time frame.

E.    Screening - ARP Coordinator's Review

1.    The ARP Coordinator shall screen all ARPs prior to the Step One review/response to determine if it can be accepted into the process or if it is to be rejected or corrected, and enter all screening determinations into the Lotus Notes ARP database.

       If the same complaint is received from different youth, each must be reviewed as a separate ARP.

2.    If the ARP is rejected, the reason(s) for rejection shall be noted on the "ARP Form". The ARP Coordinator shall send notice to the youth via a copy of the "ARP Form" regarding the status (acceptance/rejection) of the request.

3.    The Facility Director shall be kept apprised of the status of the ARP throughout the process.

4.    An ARP may be rejected for one or more of the following reasons, which must be recorded on the "ARP Form":

     a.    The ARP pertains to a disciplinary matter or court order in the youth's case.

**YS Policy No. B.5.3**
**Page 6**

b.    The ARP concerns an action not yet taken or decision which has not yet been made. However, a youth who believes he is at substantial risk of imminent sexual assault may file an emergency ARP as outlined in Paragraph J. (8) below.

c.    Except for ARPs alleging sexual abuse, there has been a time lapse of more than 90 calendar days between the incident/occurrence and receipt of the initial request.

d.    The date of the incident/occurrence is not on the "ARP Form". The "ARP Form" shall be returned to the youth to have the date inserted, however, the original date of submission is used to calculate whether the ARP was filed within the 90 day time limit.

e.    The youth has filed an ARP for another youth.

f.    A request is unclear. In this case, the request may be rejected and returned to the youth with a request for clarification. The youth must return the ARP to the ARP Coordinator within five (5) calendar days after receiving the request for clarification. If the clarification is not timely received, the ARP shall be rejected. A released youth has 10 calendar days to return the clarification.

g.    A youth refuses to cooperate with the inquiry about their claim raised in the ARP.

h.    The request is a duplicate of a previous request submitted by the same youth.

i.    The request contains several unrelated complaints. A youth should not include more than one complaint in a single ARP. The ARP Coordinator has the discretion to accept or reject the ARP if it contains several unrelated complaints. A sexual assault complaint shall not be rejected because it is in found in an ARP with unrelated complaints.

F.    **Step One - ARP Coordinator's Recommendation and Facility Director's Response (Maximum Time Limit - 30 Calendar Days)**

The ARP Coordinator shall enter every step of the ARP into the Lotus Notes ARP database.

1.    The youth shall begin the process by completing the first part of a youth "ARP Form", which briefly sets out the basis for the claim and the remedy requested.

**YS Policy No. B.5.3**
**Page 7**

2.    The <u>original</u> "ARP Form" submitted by the youth shall become part of the process and a copy will not be returned to the youth until the Facility Director's response (Step One) has been finalized.

3.    The ARP Coordinator shall screen the ARP. An ARP that has an allegation of sexual assault shall be handled per Section J below.  If accepted, the ARP Coordinator shall investigate the claim by engaging in fact-finding, including interviewing the youth and pertinent staff.  If the ARP contains allegations of abuse, the ARP Coordinator shall submit the ARP to the IS office located on the grounds of the facility to conduct the investigation.

4.    Except for an ARP filed by a parent/guardian, an ARP filed by an attorney or other 3rd party must include a completed "Third Party Acknowledgement Form" [Attachment B.5.3 (d)] containing the youth's signed statement agreeing to the individual/organization filing the ARP on the youth's behalf. If the ARP has an allegation of sexual assault, follow the procedures of Section J below instead.

The ARP Coordinator shall contact the attorney before the youth is interviewed to schedule the youth's interview.  The attorney may waive his presence at the interview.  The interview shall not be delayed more than two (2) days for an attorney's presence without approval from the Facility Director. When ARPs are referred to IS, it shall be the responsibility of the IS Investigator to contact the attorney.

5.    If the youth advises the ARP Coordinator or IS Investigator during the investigation that he has spoken with an attorney about the ARP, the interview must cease.  The youth shall be instructed to contact and advise the attorney to call the ARP Coordinator/IS Investigator within two (2) business days.  The youth shall be allowed to initiate a phone call to contact the attorney. If the attorney has not contacted or attempted to contact the ARP Coordinator/IS Investigator within two (2) business days, the interview may resume.

6.    Investigative Services shall finalize the interview/investigation for all abuse related ARPs and submit documentation to the ARP Coordinator.  The IS investigation shall be completed within the 30 day maximum time limit designated for the Step One Process.  (Refer to 10. Below if additional time is needed.)

7.    The ARP Coordinator shall submit the ARP and supporting documentation, including the IS report, to the Facility Director for the Step One response.  The ARP Coordinator shall submit the ARP and supporting documentation within the 30 day maximum time limit designated for the Step One Process if possible.  If it is not possible to stay within the 30 day

maximum time limit due to the IS investigation or other extenuating circumstances, the ARP Coordinator shall submit the ARP and supporting documentation to the Facility Director within 10 calendar days from the receipt of the IS investigation report.

8.  The Facility Director may return the "ARP Form" to the ARP Coordinator for additional information or further review prior to rendering a Step One response.

9.  The Facility Director shall enter a response on the original youth "ARP Form" and return the form and supporting documents to the ARP Coordinator. The ARP Coordinator shall log in receipt of the decision and forward a copy of the "ARP Form" to the youth, and any other facility office affected by the decision. If a parent/guardian/3rd person filed the ARP on the youth's behalf, a copy of the "ARP Form" shall be sent to that person also. The original "ARP Form" and supporting documents shall be retained in the ARP file.

10. The Facility Director may make a written request to the Deputy Secretary for an extension of up to 14 calendar days for the Step One review/response to be completed.

    A request for extension may be granted if the Deputy Secretary finds that IS needs additional time to complete an investigation and/or the Facility Director needs more time to respond. The cumulative total of extensions at Step One shall not exceed 14 days. The Facility Director must notify the youth in writing of the extension.

G.  **Step Two - Deputy Secretary's Response**
    **(Maximum Time Limit - 21 Calendar Days)**

1.  A youth who is dissatisfied with the Step One response has 15 days from receipt of the Step One decision to complete Step Two of the original "ARP Form". The youth's Case Manager or another staff member shall be available to assist as needed with filing the Step Two request.

    The youth must place the completed form in an ARP box in one of the designated locations. The youth may make a written request for a waiver from the Facility Director for up to five (5) calendar days in which to file for a Step Two review. The Facility Director may grant the waiver where circumstances justify the additional time to file.

2.  The ARP Coordinator shall log in the request for Step Two review, retain a copy for the ARP file, and mail the original "ARP Form" along with copies of any supporting documentation to the Deputy Secretary.

**YS Policy No. B.5.3**
**Page 9**

3.  The Deputy Secretary shall render a final decision.  A copy of the decision shall be mailed to the youth, postmarked <u>within 21 calendar days</u> of the Deputy Secretary's receipt of the request for Step Two Review unless the Deputy Secretary requires additional time to render a decision.

    An extension of up to seven (7) calendar days may be utilized by the Deputy Secretary where additional time is needed to prepare the Step Two review/response, provided the youth is notified in writing of such an extension.

    The Deputy Secretary shall retain a copy of the "ARP Form" and return the original to the ARP Coordinator. The ARP Coordinator shall copy the decision to the Facility Director and to the youth's ARP file.  The ARP Coordinator shall return a copy with the Deputy Secretary's response to the youth and obtain the youth's signed acknowledgment of receipt.  If an attorney or 3rd person filed the ARP on behalf of the youth, a copy of the "ARP Form" and any supporting documentation is sent to the attorney and a copy of the ARP response is given to the youth.

4.  Unless extensions have been granted, no more than 51 calendar days shall elapse from the ARP Coordinator's receipt of original initiation of the "ARP Form" to completion of the Step Two response. Absent an extension with notification to the youth, expiration of time limits without a response shall be considered by the youth to be a denial at that level and entitles the youth to move on to the next step in the process.

H.  Judicial Review

1.  If a youth's ARP is rejected or if the youth is not satisfied with the Step Two response, the youth may seek judicial review of the decision within 30 calendar days following receipt of the decision.

2.  If the youth communicates to the ARP Coordinator that the youth is not satisfied with the Step Two response, the ARP Coordinator, utilizing the attached "ARP Parental Notice Form" [see Attachment B.5.3 (c)], shall notify the youth's parents/guardian, and attorney where applicable, that the YS' ARP procedure has been exhausted, and of the youth's right to seek judicial review within 30 calendar days after receipt of the decision.

I.  Emergency Grievance

If a youth's ARP contains statements which indicate that the youth believes they are in immediate risk of harm and any delay in responding to the grievance would subject the youth to substantial risk of immediate personal injury or cause other serious or irreparable harm, the ARP Coordinator shall immediately forward the ARP, or that portion of the ARP which alleges

**YS Policy No. B.5.3**
**Page 10**

substantial risk of imminent personal injury or cause serious or irreparable harm, to the Facility Director, Secure Facilities Director, and IS. The Secure Facilities Director shall provide an initial response within 48 hours and issue a final decision within five (5) calendar days.

J.   ARP Alleging Sexual Assault

    1.   Initiation and Submission of ARP:

       The youth shall initiate the ARP in accordance with Paragraph D above by completing the "ARP Form" and placing it in an ARP box in a designated location.

    2.   Time limits:

       An ARP regarding sexual assault is not subject to the 90 day filing requirement outlined in Paragraph D.4. above, and may be filed at any time.  If the ARP contains multiple complaints, the 90 day time limit shall apply to any nonsexual assault complaints accepted by the ARP Coordinator.

    3.   Grievances with Sensitive Issues:

       If a youth believes that the staff member who is the subject of the youth's complaint may have access to the youths ARP if it is placed in the ARP box for handling, or may be referred to the staff member who is the subject of the complaint, the youth may file the complaint directly with the Deputy Secretary by following the procedures provided in Paragraph K below.

    4.   Filing Assistance:

       Third parties, including facility youth, staff members, family members, attorneys and outside advocates may assist a youth in preparing an ARP and/or file an ARP on behalf of a youth.  If the third party filing the ARP on behalf of the youth is not the parent/legal guardian, the youth must complete the "Third Party Acknowledgment/Approval Form" [see Attachment (d)]. If the youth declines the assistance of a 3rd person who is not the parent/guardian, it shall be documented on the "ARP Form" or the complaint filed by the 3rd party.

**YS Policy No. B.5.3**
**Page 11**

5.    Screening and Investigation:

ARPs shall be screened by the ARP Coordinator and shall be copied to the Director of Investigative Services (IS) and the IS office located on the facility grounds.

IS shall provide the results of the ARP investigation to the Facility Director who shall prepare the Step One response.

6.    Responses:

Time limits for responses at Step One and Two shall be in accordance with Section VII. (F-H) above. If a timely decision is not rendered at either stage, it shall be deemed to be a denial of the request for a remedy at that particular Step.

7.    Extensions:

The agency is allowed an extension of no more than 21 days, inclusive of any extensions at Step One and/or Step Two. The ARP Coordinator at Step One, and the Deputy Secretary at Step Two, shall notify the youth in writing of any extension, including the date by which the decision shall be rendered.

8.    Emergency Grievances:

If a youth's ARP contains statements which indicate the youth believes themself to be at substantial risk of imminent (impending, about to happen) sexual abuse, the ARP shall be processed in accordance with Paragraph K below. The initial response and final decision shall document the agency's findings as to whether the youth is at substantial risk of imminent sexual abuse, and action taken in response to the grievance.

K.    Sensitive Issues

1.    If the youth believes their complaint is sensitive and the youth would be adversely affected if the youth's complaint became known at the facility, the youth may file the complaint directly with the Deputy Secretary.  The youth must explain in writing the reason for not filing the complaint at the facility.  If the Deputy Secretary agrees that the complaint is sensitive, the ARP shall be accepted and a response prepared in accordance with Step One procedures.

**YS Policy No. B.5.3**
**Page 12**

The Deputy Secretary shall enter a response on the original "ARP Form" which shall be mailed along with supporting documents to the ARP Coordinator, postmarked <u>within 30 calendar days</u> of the Deputy Secretary's receipt of the request.

The ARP Coordinator shall log in receipt of the decision, and forward the original "ARP Form" to the youth, send a copy to any facility office affected by the decision, update the ARP Lotus Notes database, and keep a copy of the ARP form and supporting documents in the ARP file.

2. If the Deputy Secretary finds that the complaint is not sensitive, the Deputy Secretary shall so advise the youth in writing. The Deputy Secretary's original letter to the youth and original "ARP Form" shall be sent to the ARP Coordinator. The ARP Coordinator shall ensure that the Deputy Secretary's letter and the original "ARP Form" are delivered to the youth, and obtain the youth's signature acknowledging receipt. The ARP Coordinator shall advise the youth that he may submit the ARP as a regular "Non-Sensitive" ARP.

3. Except for Sensitive ARPs alleging sexual assault, the youth shall then have the normal 90 calendar day deadline from the date the incident occurred or seven (7) calendar days from the date the youth receives the rejection (whichever is longer), to submit his request in accordance with Paragraph E. above.

L. ARPs Related to Lost Property Claims

1. If a loss of personal property is unsubstantiated or results from the youth's own acts or from bartering, trading, selling to or gambling with other youth, the youth shall not be compensated.

2. If the loss of personal property occurs through the negligence of the facility and/or its employees, the youth's claim shall be processed as described below.

   a. If a state-issue item is available, the youth's lost/damaged property shall be replaced.  If a state-issue replacement is not available, the Facility Director/designee shall purchase a similar item to replace the lost/damaged personal property up to a limit of $50.00.

   b. Replacements shall be documented on the "Lost Property Replacement Receipt" form [see Attachment B.5.3 (b)], which shall be completed by the ARP Coordinator and submitted to the youth for signature when the property is replaced.

## VIII.    MISCELLANEAOUS

A.    ARP Records

Administrative Remedy Procedure records are confidential and may only be released in accordance with La. R.S. 15:574.12 and Ch.C. Art. 412.

1.    The ARP database in Lotus Notes shall be maintained by the ARP Coordinator to document the nature of requests, relevant dates, recommendations, and Step One and Two responses/dispositions.

2.    Each secure care facility shall review ARP activity in accordance with YS Policy No. C.5.1.

3.    A copy of each ARP filed, the responses, dispositions and pertinent documents shall be kept on file in the ARP Coordinator's office and maintained for 4 years after final disposition of the ARP.  A copy shall also be kept in the youth's hard copy Master Record under Clip VI.

B.    Transferred Youth

When a youth has filed an ARP and is transferred prior to the completion of the Step One review, or if he files an ARP after transfer based on an incident occurring at the sending facility, the sending facility shall complete the processing through Step One.  The Facility Director of the receiving facility shall be responsible for keeping the youth informed of the progress of his ARP.

C.    Discharged Youth

If a youth is discharged prior to final disposition of his ARP, or if he files an ARP/grievance after discharge, the facility shall process the ARP, notifying the youth at his last known address using the procedures described in Section VII. (A-J), as each step is completed.  [The 90 calendar day time frame (VII.D.4.a.) in which to file an ARP applies.]

D.    Monetary Damages

If there is sufficient information at Step One for the Facility Director to conclude that monetary damages may be an appropriate remedy for an ARP, the matter shall be referred to the Deputy Secretary/designee.   If the Deputy Secretary/designee finds that monetary damages are a fair and just remedy, the matter shall then be reviewed by the YS Legal Section to confirm that monetary damages are appropriate.

This matter shall then be referred to the Office of Risk Management (ORM) of the Division of Administration to determine the amount of damages.  Copies of any settlement agreements shall be sent to the appropriate Facility Director. The Facility Director shall ensure copies are provided to the ARP Coordinator for the ARP file and the youth's hard copy Master Record.

**YS Policy No. B.5.3**
**Page 14**


IX.    **QUALITY ASSURANCE**

    A.    Through the PBS process, in April and October of each year, a random selection of youth shall be surveyed as it pertains to the grievance procedure.

    B.    The ARP procedures and documentation shall be part of the annual CQIS audit of Secure Care Facilities.


X.    **STAFF DEVELOPMENT**

    A.    YS Employees shall be provided initial ARP training during orientation and annually thereafter through In-Service.

    B.    ARP Coordinators shall undergo specific training related to their duties prior to performing these functions.

    C.    All training shall be documented in TREC and/or LEO at the unit level.


**Previous Regulation/Policy Number:**  B.5.3
**Previous Effective Date:**    10/21/2020
**Attachments/References:**    B.5.3 (a) Youth ARP Form October 2021.doc
                                         B.5.3 (b) Lost Property Agreement Form July 2015.doc
                                         B.5.3 (c) ARP Parental Notice Form October 2020.doc
                                         B.5.3 (d) Third Party Acknowledgment-Approval Form October 2020.doc
                                         B.5.3 ARP Booklet October 2021.doc

**B.5.3 (a)**

**YOUTH SERVICES**
**ADMINISTRATIVE REMEDY PROCEDURE FORM**

**Number:** _____-_____-_____
**Date Received:_____**

Name: _____    Client ID Number: _____

Facility: _____    Living Area:_____

## "THIS IS A REQUEST FOR ARP"

**(You may ask your case manager or other staff members for help completing this form.) State your problem (WHO, WHAT, WHEN, WHERE AND HOW) and the remedy requested (what you want to solve the problem):**

Problem:_____

_____

_____

Remedy requested:_____

Date of Incident/Occurrence:_____    Today's Date:_____

**This form must be completed within 90 calendar days of the date of the incident/occurrence and given to the ARP Coordinator or placed in the ARP/grievance box.**

| **Screening - ARP Coordinator's Review** |
|---|

Rejected _____Returned _____ Accepted    Screening Date: _____ Sexual Assault ☐ Yes ☐ No
Reason:_____

| **Emergency Request** |
|---|

**(Maximum Time for Processing – Initial Response: 48 hours / Final Response: 5 days)**

Rejected: _____ Accepted _____ Reason: _____

Sent to Facility Director / Secure Facilities Director / IS on: _____

SFD Initial Response Received on:_____    SFD Final Decision Received on:_____

| **Step One - ARP Coordinator/IS Recommendation and Facility Director's Response** |
|---|

**(Maximum Time For Processing: 30 calendar days)**

ARP Coordinator/IS Recommendation: _____

Sent to Facility Director on: _____    AC/IS Signature: _____

Facility Director's response to your ARP Step One request: _____

_____

Date: _____    Facility Director's Signature: _____

Received Step One on: _____    Youth's Signature: _____

**If you are not satisfied with this response, you may go to Step Two. The ARP Coordinator must submit your request to the Deputy Secretary within 15 calendar days after you receive the Step One response.**

Request Step Two: _____Yes _____No    Reason for Step Two request: _____

_____

Date Step Two request received by AC: _____    Date Sent to Deputy Secretary: _____

AC's Signature: _____

| **Step Two - Deputy Secretary's Response** |
|---|

**(Maximum Time For Processing: 21 calendar days)**

Date Received: _____

Deputy Secretary's response to ARP Step Two request: _____

_____

_____

_____

Date: _____    _____
                                    Deputy Secretary's Signature

Date received Deputy Secretary's response: _____    _____
                                                            Youth's Signature

**If you are not satisfied with this response, you may seek judicial review. A request for judicial review must be filed with the juvenile court which entered your order of commitment within 30 calendar days after receiving the Step Two decision.**

**October 2021**

**B.5.3. (b)**

# ADMINISTRATIVE REMEDY PROCEDURE
## LOST PROPERTY REPLACEMENT RECEIPT

I, _____(Youth name), Client ID # _____,

filed an ARP for_____

       (description of lost/damaged property.)

My ARP was filed on _____.

I accept _____ as a replacement for my lost/damaged
property and agree that my ARP has been settled/resolved.

WITNESS:

_____      _____

                         (Signature of Youth)

                        _____

                        (Date)

B.5.3 (c)

## ON FACILITY LETTERHEAD

Date


Parent/Guardian/Attorney Name
Address
City, State and Zip Code

     RE: ARP Number _____-_____-_____

Dear _____:

Your child recently filed a request for administrative remedy with Youth Services concerning _____ and is not satisfied with the decision rendered regarding the request.

This is to advise that administrative remedies at this level have been exhausted.

You may seek review of the decision by a court.  This matter must be filed with the juvenile court that entered your child's order of commitment.  The review must be applied for within 30 calendar days of your child receiving the Deputy Secretary's response.

Sincerely,


Name
Title

c:    Youth's Master Record
      Youth's ARP File
      Youth's Attorney of Record (if applicable)


October 2020

B.5.3 (d)

## Administrative Remedy Procedure
## Third Party Acknowledgment/Approval Form


I, _____ (Youth name), Client ID # _____,

due hereby agree/approve _____ to file an ARP

                                            (Name of Third Party)

on my behalf.  I understand that the above named third party is not my parent or

legal guardian, and is acting in my best interest.


_____          _____

Youth Signature                                          Witness


_____          _____

Date                                                          Date


October 2020

**EXHIBIT A-2**

# ADMINISTRATIVE REMEDY PROCEDURE (ARP)
## (How to Complain About Your Problem)

### What is this all about?

 It is about problems.  You have to tell your case manager, counselor, a JJS staff member or other staff member what your problems are so that they can help you.  These problems could be any number of things like:  "When do I get out?" "I don't get enough to eat." "I don't have all my clothes." "I lost something that belonged to me personally."  "They won't let me have a cool magazine I want." "The teacher is always picking on me."

Try to solve your problem informally by talking to a staff member about it.  If you don't think your problem has been solved, or if you don't think they can help you, you can file an ARP.

The real name for this procedure is the <u>Administrative Remedy Procedure</u> - but it is called "ARP"—it's shorter.  It means that you write to the Facility Director and the Facility Director will have someone try to fix your problem.  You must try to take care of a problem using the ARP before you can sue the department in federal or state court.



**There are time limits with the ARP process!**

Don't wait too long.  You have **90 days** from the day your problem started to write about your problem and get it to the right person, unless your ARP is about sexual abuse or sexual assault, then the time limits do not apply to you.  There is more about that on page 5 of this booklet.

Also, if you write an ARP and drop in an ARP box or hand it to a staff member, your 90 days time limit does not start until the ARP Coordinator receives the ARP at your facility.

A parent/guardian, or your attorney if you have one, can also file an ARP on your behalf.  The same ARP form is used no matter who files the ARP.  You will have to sign a form letting the ARP Coordinator know that you are okay with someone else filing an ARP on your behalf.

## How does ARP work?

You have to tell the Facility Director what the problem is by writing about it on a form or a piece of paper to start the process.

 The form is kept in several places at your facility and the person selected by the Facility Director known as the ARP Coordinator will also have copies for you.  If you can't find a form, write about your problem on a plain sheet of paper and label it "This is a request for ARP" or just "ARP".

 Your case manager, counselor, a teacher, group leader or another staff member will help you write the ARP if you need help with it.

 Once the ARP is written, you have started using the formal ARP grievance process.  It was created to let staff know of your problem and hopefully fix it for you.

There are three parts to this process:

 Screening- ARP Coordinator's Review

 ARP Coordinator's Recommendation and Facility Director's Response

 Deputy Secretary's Response

October 2021



## How do I begin?

First, think about your problem....your "grievance."  Have you talked with your case manager, counselor or other staff member about it?  If you haven't, it may be a good idea to see if they can help before you begin.  You don't <u>have</u> to talk to them, but they may be able to quickly take care of the problem for you.

Think....what is your grievance about?  Ask yourself, is my grievance about:

☐     A Code of Conduct Violation?
☐     A judge's order or a court decision?

If you answered "**YES**" to either of these two things, you cannot file an ARP. Your "LAMOD Youth Manual" explains why you can't grieve a Code of Conduct Violation, or see your case manager, counselor or other staff member for help. This is especially important if you have a problem with a judge's order or a court decision because you may need to contact your attorney for legal help with this.

You also need to think about some other things.  Ask yourself:

☐     Did I already submit an ARP Form about this problem?
☐     Did my parent/guardian or my attorney already submit an ARP Form about this problem for me?
☐     Am I complaining about something that hasn't even happened?
☐     Did it happen over 90 days ago?
☐     Am I talking about somebody else's problem?

**October 2021**

If you answered "**YES**" to any of these questions, you don't need to fill out an ARP Form because it would be rejected.    <u>But if your problem is about your safety or someone else's, you must tell your case manager, counselor or other staff member immediately.</u>

Also think about these questions:

☐    Is it a medical emergency?  You can get help immediately by telling someone.

☐    Are you afraid for your safety?  You may ask to be placed in a protection area.

☐    Is it another emergency?  You should tell the shift supervisor.

If you answered "**NO**" to all of these questions, you are ready to go ahead.

## Is it a Sensitive Issue?

If you believe something bad might happen to you if you complain about something at your facility, you may send your ARP Form directly to the Deputy Secretary of Youth Services.  If the Deputy Secretary looks at your problem and agrees that it is a "sensitive issue," the Deputy Secretary will answer it.

If the Deputy Secretary does not agree that it is a "sensitive issue," your complaint will be returned to you and to the ARP Coordinator.  You will have what is left of the 90 days, or if there are fewer than 7 days, you will have 7 days to file your complaint as a regular ARP.



## Is it an Emergency ARP?

If you file an ARP with statements that make the ARP Coordinator think you are at immediate risk of personal injury or harm or make statements that might put other youth at immediate risk or harm, the ARP Coordinator will immediately send a copy of the ARP to the Facility Director, the Secure Facilities Director, and the Investigative Services (also known as IS) at the facility.

The Secure Facilities Director will be the person who will respond to you within 48 hours [two (2) calendar days], and will also be the person to make a final decision about the ARP within five (5) calendar days.



## Is it an ARP about Sexual Assault or Sexual Abuse?

If you believe you have been sexually assaulted or sexually abused by another youth, you should file an ARP using the same form you would for any other grievance.

There is NO_**"time limit"** for filing an ARP about sexual assault or sexual abuse.

ARPs filed for sexual assault or sexual abuse have to be reviewed by an IS Investigator.  The IS Investigator will talk to you and investigate the incident.  The IS Investigator will complete the investigation and give it to the ARP Coordinator within 30 days, and the ARP Coordinator will send those results to the Facility Director.  The Facility Director will make a decision on Step One and send you a response.

 **Getting Started:**

Get an ARP Form from your case manager, counselor or teacher, or from one of the places the forms are kept at the facility.  Read the form.  Do you need help?  If you do, ask one of these persons to help you fill it out.  If you can't find the form, you can write "This is a request for ARP" or "ARP" on a sheet of paper and put everything listed below on the paper.

It's okay if you do not want help from anyone at the facility, but the ARP Coordinator will have to write that you did not want any assistance on your ARP form when she receives it.

**Tell Us Your:**

- Name
- Facility
- CLIENT ID number
- Living area (where your bed is located)
- Problem [you must say what the problem is, who (if anyone) is a part of the problem or caused the problem, the day and the time it happened (if you don't know the exact time - put the time as close as you can), where it happened and how it happened].  If you have more than one problem, use a separate form for each problem.
- What you want done about the problem (this is called "Remedy Requested or Remedy Sought")
- Today's date (the date you fill out the form or write your problem on a sheet of paper)

If you need more space to write about the problem, it's okay to use another sheet of paper as long as you make sure it stays with the first page of the ARP.  You can also write on the back of the ARP form.

**October 2021**

You can look at pages 12 and 13 of this booklet for the list of phrases or words to also help you when you are filing out the ARP form.

If you need more time to gather information or complete the form, you may ask the ARP Coordinator for up to 5 more days to finish your ARP.

If 5 days is not long enough, the Facility Director may agree to let you have more time if you are ill for a long time or if the weather is real bad.

When you have finished, give the ARP Form and all extra pages to the ARP Coordinator or put it all in the designated box for pickup by the person designated by the Facility Director.



## Screening – ARP Coordinator's Review and Recommendation

When the ARP Coordinator receives your ARP, that person will screen your request. If it is not complete or there is some other problem, the ARP will be returned to you with a written explanation. If the ARP is accepted, the ARP Coordinator will look over what you have written on the form and make recommendations to the Facility Director.

Remember these two important things:

 If your ARP is about any of those things which you answered "YES" to under "How Do I Begin" on page 3, the ARP Coordinator will reject your ARP; and

 If you file an ARP about sexual assault or sexual abuse by another youth, you will be interviewed by an Investigator at the facility, an investigation will be conducted, and you won't receive a response for at least 30 days.

If everything is okay, the ARP Coordinator will:

♦ Officially accept the complaint into the administrative remedy process;
♦ Begin gathering information about the problem;
♦ Possibly talk with you to get more information, talk with other staff, look at your file and do other things to investigate your problem; and
♦ Write a recommendation to the Facility Director on the ARP form and give the form to the Facility Director.



At this point the **Step ONE** and **Step TWO** timed processes begin.

**Step ONE:   ARP Coordinator's Recommendation and Facility Director's Response (Up to 30 days to respond)**

The Facility Director will look over the ARP and the ARP Coordinator's recommendation, and if the Facility Director has questions, the Facility Director may do more investigating.  The Facility Director may need some additional time before giving you an answer.  If so, the Facility Director will ask the Deputy Secretary (the boss at Central Office) for more time and you will receive something in writing letting you know this.  The Facility Director can get an extra 14 days to finish the response.

You will receive an answer to the ARP in writing from the Facility Director. Read the Facility Director's answer.  If you are <u>satisfied</u>, you need to check on the ARP Form that you <u>do not</u> wish to go to the next step.

If you are <u>not satisfied</u> with the Facility Director's answer:

♦ Write why you are not satisfied with the Facility Director's answer on the form;
♦ Check "YES" where the form asks if you want to go to the next step;

**October 2020**

- ♦ Write in the date you wrote all of this;
- ♦ Attach all the papers to the ARP Form that you would like for the Deputy Secretary to look at;
  Give the form and any papers to your case manager, counselor, or the ARP Coordinator, or put it in the grievance box where for pick up. You must do this within 15 days after you receive the Step One response.

If you need help filling out the part for Step Two or getting the papers you want to send with your ARP, ask your case manager, counselor or other staff members for help. (If you need more time, you may ask for up to 5 more days to get your ARP ready. You have to write to the Facility Director to ask for more time, you can't just ask the ARP Coordinator for it.)

The ARP Coordinator will send the form to the Deputy Secretary of Youth Services, P.O. Box 66458, Audubon Station, Baton Rouge, LA 70896 for the Deputy Secretary's review and will keep a copy in your ARP file.

**Step TWO:   Deputy Secretary's Response (Up to 21 days to respond)**

The Deputy Secretary of Youth Services will respond to your ARP and may gather more information, if needed. Within 21 days from when the Deputy Secretary receives your ARP, you will receive the Deputy Secretary's written answer, unless more time is needed. You will receive something in writing if more time is needed.

If you are not satisfied with the Step Two answer, let the ARP Coordinator know and she will send your parents or legal guardian a letter telling them that you have exhausted your administrative remedies. If you and your parents/legal guardian want the court to look at your grievance, you need to let the court that entered your order of commitment know within 30 days of getting the Step Two answer.

**October 2020**

**What if You are Transferred to Another Facility Before Your ARP is Answered?**

If you filed an ARP and then you are transferred to another facility, don't worry, your ARP will still be answered within the designated timeframe, and you will still be told what is going on with your ARP by the Facility Director at the facility you were transferred too.

**What is You are Released Prior to Your ARP Being Answered or You Want to File an ARP After You are Released?**

If you filed an ARP and then you are released and get to go home or to a group home, don't worry, your ARP will still be answered within the designated timeframe.

You can also file an ARP about something that happened while you were at the facility even after you are released, but you have to do it within the 90 days from when the problem started just like if you were still at the facility.

10



## Things to Remember:

Don't file an ARP about something that hasn't even happened. No one can do anything about something that has not happened yet.

You can only file an ARP about something that affects YOU and is your problem. You cannot file an ARP for anyone else, unless it is about sexual assault.

Each problem should be written on a separate ARP form or on a sheet of paper. If you have more than one problem, use a different form or sheet of paper for each problem.

Cooperate with the persons trying to help you. You may be asked lots of questions, but this is to help everyone understand your problem and to help solve it.

If your ARP is about something belonging to you that was lost or damaged, the state will replace the item. If you did something to cause it to be lost or damaged, or if you lost it by gambling, selling or trading with other youth, the state will not replace it. You will be given a "state-issue" item if the state has the item on hand. If not, the state will buy you a similar item with a cost of up to $50.00.

Make sure the facility has your correct home address or the group home address if you file an ARP after you are released so you can receive your answer.



## DEFINITIONS

Here are the meanings of some important words you need to know:

**Accepted** - This means that your ARP can go through all of the ARP steps.

**Administrative Remedy Procedure** (ARP) - This is the formal way to make people at the facility aware of a problem you are having.  Staff may be able to fix a problem quickly.  Staff will let you know if you need to use this process or if they can help you very quickly without using it.

**ARP Coordinator** - A staff person at your facility who is there to help you with filling out the ARP Form.  They can talk with you about Code of Conduct Violations and can help with other things, too.

**Deputy Secretary of Youth Services (YS)** - This is the boss of the Facility Directors of all of the facilities.  The Deputy Secretary works at the YS Central Office in Baton Rouge.  The Deputy Secretary will answer your ARP at Step Two.

**Emergency Grievance** - A problem that could cause you or someone else to be hurt very badly or cause everyone to be in danger if not taken care of right away.

**File an ARP** - Someone may ask you, "Did you file an ARP?" or "Did you file a grievance?"  This is another way of asking you if you filled out an ARP form that tells everyone about your problem.  When you fill out the ARP form and it is given to the ARP Coordinator, it is said to have been "filed" - meaning the ARP process has begun.

**October 2020**

**Formal Process** – Filing an ARP when the "Informal Process" does not solve your problem.

**Grievance** - This is another word for ARP, problem or complaint.

**Informal Process** - This means getting a problem solved by talking to your case manager, counselor, the ARP Coordinator or other staff member instead of filing out an ARP.

**Rejected** - This means tossed out. A grievance can be rejected if it is not done correctly or if it does not meet all of the requirements.

**Remedy Requested or Remedy Sought** - This means how you want your problem solved.

Secure Facilities Director – The person who helps the Facility Director make decisions instead of having to always call the Deputy Secretary (the boss!).

**Sensitive Issue** - This means that you feel that something bad might happen to you if the people at the facility know about your grievance, so you mail your ARP directly to the Deputy Secretary.

Sexual Assault – This means all acts of a sexual nature on a person's body, with or without their permission, either over or under their clothing, with a body part of another person or with an object.

**October 2020**

# ADMINISTRATIVE REMEDY PROCEDURE (ARP)
## (How to Complain About Your Problem)

### What is this all about?

 It is about problems.  You have to tell your case manager, counselor, a JJS staff member or other staff member what your problems are so that they can help you.  These problems could be any number of things like:  "When do I get out?" "I don't get enough to eat." "I don't have all my clothes." "I lost something that belonged to me personally."  "They won't let me have a cool magazine I want." "The teacher is always picking on me."

Try to solve your problem informally by talking to a staff member about it.  If you don't think your problem has been solved, or if you don't think they can help you, you can file an ARP.

The real name for this procedure is the <u>Administrative Remedy Procedure</u> - but it is called "ARP"—it's shorter.  It means that you write to the Facility Director and the Facility Director will have someone try to fix your problem.  You must try to take care of a problem using the ARP before you can sue the department in federal or state court.



### There are time limits with the ARP process!

Don't wait too long.  You have **90 days** from the day your problem started to write about your problem and get it to the right person, unless your ARP is about sexual abuse or sexual assault, then the time limits do not apply to you.  There is more about that on page 5 of this booklet.

Also, if you write an ARP and drop in an ARP box or hand it to a staff member, your 90 days time limit does not start until the ARP Coordinator receives the ARP at your facility.

A parent/guardian, or your attorney if you have one, can also file an ARP on your behalf.  The same ARP form is used no matter who files the ARP.  You will have to sign a form letting the ARP Coordinator know that you are okay with someone else filing an ARP on your behalf.

## How does ARP work?

You have to tell the Facility Director what the problem is by writing about it on a form or a piece of paper to start the process.

 The form is kept in several places at your facility and the person selected by the Facility Director known as the ARP Coordinator will also have copies for you.  If you can't find a form, write about your problem on a plain sheet of paper and label it "This is a request for ARP" or just "ARP".

 Your case manager, counselor, a teacher, group leader or another staff member will help you write the ARP if you need help with it.

 Once the ARP is written, you have started using the formal ARP grievance process.  It was created to let staff know of your problem and hopefully fix it for you.

There are three parts to this process:

**1** Screening- ARP Coordinator's Review

**2** ARP Coordinator's Recommendation and Facility Director's Response

**3** Deputy Secretary's Response

 **How do I begin?**

First, think about your problem....your "grievance." Have you talked with your case manager, counselor or other staff member about it? If you haven't, it may be a good idea to see if they can help before you begin. You don't <u>have</u> to talk to them, but they may be able to quickly take care of the problem for you.

Think....what is your grievance about? Ask yourself, is my grievance about:

☐   A Code of Conduct Violation?
☐   A judge's order or a court decision?

If you answered "**YES**" to either of these two things, you cannot file an ARP. Your "LAMOD Youth Manual" explains why you can't grieve a Code of Conduct Violation, or see your case manager, counselor or other staff member for help. This is especially important if you have a problem with a judge's order or a court decision because you may need to contact your attorney for legal help with this.

You also need to think about some other things. Ask yourself:

☐   Did I already submit an ARP Form about this problem?
☐   Did my parent/guardian or my attorney already submit an ARP Form about this problem for me?
☐   Am I complaining about something that hasn't even happened?
☐   Did it happen over 90 days ago?
☐   Am I talking about somebody else's problem?

If you answered "**YES**" to any of these questions, you don't need to fill out an ARP Form because it would be rejected.   <u>But if your problem is about your safety or someone else's, you must tell your case manager, counselor or other staff member immediately.</u>

Also think about these questions:

☐   Is it a medical emergency?  You can get help immediately by telling someone.

☐   Are you afraid for your safety?  You may ask to be placed in a protection area.

☐   Is it another emergency?  You should tell the shift supervisor.

If you answered "**NO**" to all of these questions, you are ready to go ahead.

## Is it a Sensitive Issue?

If you believe something bad might happen to you if you complain about something at your facility, you may send your ARP Form directly to the Deputy Secretary of Youth Services.  If the Deputy Secretary looks at your problem and agrees that it is a "sensitive issue," the Deputy Secretary will answer it.

If the Deputy Secretary does not agree that it is a "sensitive issue," your complaint will be returned to you and to the ARP Coordinator.  You will have what is left of the 90 days, or if there are fewer than 7 days, you will have 7 days to file your complaint as a regular ARP.

October 2021



## Is it an Emergency ARP?

If you file an ARP with statements that make the ARP Coordinator think you are at immediate risk of personal injury or harm or make statements that might put other youth at immediate risk or harm, the ARP Coordinator will immediately send a copy of the ARP to the Facility Director, the Secure Facilities Director, and the Investigative Services (also known as IS) at the facility.

The Secure Facilities Director will be the person who will respond to you within 48 hours [two (2) calendar days], and will also be the person to make a final decision about the ARP within five (5) calendar days.



## Is it an ARP about Sexual Assault or Sexual Abuse?

If you believe you have been sexually assaulted or sexually abused by another youth, you should file an ARP using the same form you would for any other grievance.

There is **NO "time limit"** for filing an ARP about sexual assault or sexual abuse.

ARPs filed for sexual assault or sexual abuse have to be reviewed by an IS Investigator. The IS Investigator will talk to you and investigate the incident. The IS Investigator will complete the investigation and give it to the ARP Coordinator within 30 days, and the ARP Coordinator will send those results to the Facility Director. The Facility Director will make a decision on Step One and send you a response.

 **Getting Started:**

Get an ARP Form from your case manager, counselor or teacher, or from one of the places the forms are kept at the facility.  Read the form.  Do you need help?   If you do, ask one of these persons to help you fill it out. If you can't find the form, you can write "This is a request for ARP" or "ARP" on a sheet of paper and put everything listed below on the paper.

It's okay if you do not want help from anyone at the facility, but the ARP Coordinator will have to write that you did not want any assistance on your ARP form when she receives it.

**Tell Us Your:**

- Name
- Facility
- CLIENT ID number
- Living area (where your bed is located)
- Problem [you must say what the problem is, who (if anyone) is a part of the problem or caused the problem, the day and the time it happened (if you don't know the exact time - put the time as close as you can), where it happened and how it happened].  If you have more than one problem, use a separate form for each problem.
- What you want done about the problem (this is called "Remedy Requested or Remedy Sought")
- Today's date (the date you fill out the form or write your problem on a sheet of paper)

If you need more space to write about the problem, it's okay to use another sheet of paper as long as you make sure it stays with the first page of the ARP.  You can also write on the back of the ARP form.

You can look at pages 12 and 13 of this booklet for the list of phrases or words to also help you when you are filing out the ARP form.

If you need more time to gather information or complete the form, you may ask the ARP Coordinator for up to 5 more days to finish your ARP.

<u>If 5 days is not long enough, the Facility Director may agree to let you have more time if you are ill for a long time or if the weather is real bad.</u>

<u>When you have finished, give the ARP Form and all extra pages to the ARP Coordinator or put it all in the designated box for pickup by the person designated by the Facility Director.</u>



## <u>Screening – ARP Coordinator's Review and Recommendation</u>

When the ARP Coordinator receives your ARP, that person will screen your request.  If it is not complete or there is some other problem, the ARP will be returned to you with a written explanation.  If the ARP is accepted, the ARP Coordinator will look over what you have written on the form and make recommendations to the Facility Director.

Remember these two important things:

 If your ARP is about any of those things which you answered "YES" to under "<u>How Do I Begin</u>" on page 3, the ARP Coordinator will reject your ARP; and

 If you file an ARP about sexual assault or sexual abuse by another youth, you will be interviewed by an Investigator at the facility, an investigation will be conducted, and you won't receive a response for at least 30 days.

If everything is okay, the ARP Coordinator will:

♦   Officially accept the complaint into the administrative remedy process;
♦   Begin gathering information about the problem;
♦   Possibly talk with you to get more information, talk with other staff, look at your file and do other things to investigate your problem; and
♦   Write a recommendation to the Facility Director on the ARP form and give the form to the Facility Director.



At this point the **Step ONE** and **Step TWO** timed processes begin.

**Step ONE:    ARP Coordinator's Recommendation and Facility Director's Response (Up to 30 days to respond)**

The Facility Director will look over the ARP and the ARP Coordinator's recommendation, and if the Facility Director has questions, the Facility Director may do more investigating.  The Facility Director may need some additional time before giving you an answer.  If so, the Facility Director will ask the Deputy Secretary (the boss at Central Office) for more time and you will receive something in writing letting you know this.  The Facility Director can get an extra 14 days to finish the response.

You will receive an answer to the ARP in writing from the Facility Director.  Read the Facility Director's answer.  If you are <u>satisfied</u>, you need to check on the ARP Form that you <u>do not </u>wish to go to the next step.

If you are <u>not satisfied</u> with the Facility Director's answer:

♦   Write why you are not satisfied with the Facility Director's answer on the form;
♦   Check "YES" where the form asks if you want to go to the next step;

- ♦    Write in the date you wrote all of this;
- ♦    Attach all the papers to the ARP Form that you would like for the Deputy Secretary to look at;
  Give the form and any papers to your case manager, counselor, or the ARP Coordinator, or put it in the grievance box where for pick up. You must do this within 15 days after you receive the Step One response.

If you need help filling out the part for Step Two or getting the papers you want to send with your ARP, ask your case manager, counselor or other staff members for help. (If you need more time, you may ask for up to 5 more days to get your ARP ready. You have to write to the Facility Director to ask for more time, you can't just ask the ARP Coordinator for it.)

The ARP Coordinator will send the form to the Deputy Secretary of Youth Services, P.O. Box 66458, Audubon Station, Baton Rouge, LA 70896 for the Deputy Secretary's review and will keep a copy in your ARP file.

**Step TWO:   Deputy Secretary's Response (Up to 21 days to respond)**

The Deputy Secretary of Youth Services will respond to your ARP and may gather more information, if needed. Within 21 days from when the Deputy Secretary receives your ARP, you will receive the Deputy Secretary's written answer, unless more time is needed. You will receive something in writing if more time is needed.

If you are not satisfied with the Step Two answer, let the ARP Coordinator know and she will send your parents or legal guardian a letter telling them that you have exhausted your administrative remedies. If you and your parents/legal guardian want the court to look at your grievance, you need to let the court that entered your order of commitment know within 30 days of getting the Step Two answer.

**What if You are Transferred to Another Facility Before Your ARP is Answered?**

If you filed an ARP and then you are transferred to another facility, don't worry, your ARP will still be answered within the designated timeframe, and you will still be told what is going on with your ARP by the Facility Director at the facility you were transferred too.



**What is You are Released Prior to Your ARP Being Answered or You Want to File an ARP After You are Released?**

If you filed an ARP and then you are released and get to go home or to a group home, don't worry, your ARP will still be answered within the designated timeframe.

You can also file an ARP about something that happened while you were at the facility even after you are released, but you have to do it within the 90 days from when the problem started just like if you were still at the facility.



**Things to Remember:**

Don't file an ARP about something that hasn't even happened. No one can do anything about something that has not happened yet.

You can only file an ARP about something that affects YOU and is your problem. You cannot file an ARP for anyone else, unless it is about sexual assault.

Each problem should be written on a separate ARP form or on a sheet of paper. If you have more than one problem, use a different form or sheet of paper for each problem.

Cooperate with the persons trying to help you. You may be asked lots of questions, but this is to help everyone understand your problem and to help solve it.

If your ARP is about something belonging to you that was lost or damaged, the state will replace the item. If you did something to cause it to be lost or damaged, or if you lost it by gambling, selling or trading with other youth, the state will not replace it. You will be given a "state-issue" item if the state has the item on hand. If not, the state will buy you a similar item with a cost of up to $50.00.

Make sure the facility has your correct home address or the group home address if you file an ARP after you are released so you can receive your answer.



## DEFINITIONS

Here are the meanings of some important words you need to know:

**Accepted** - This means that your ARP can go through all of the ARP steps.

**Administrative Remedy Procedure** (ARP) - This is the formal way to make people at the facility aware of a problem you are having.  Staff may be able to fix a problem quickly.  Staff will let you know if you need to use this process or if they can help you very quickly without using it.

**ARP Coordinator** - A staff person at your facility who is there to help you with filling out the ARP Form.  They can talk with you about Code of Conduct Violations and can help with other things, too.

**Deputy Secretary of Youth Services (YS)** - This is the boss of the Facility Directors of all of the facilities.  The Deputy Secretary works at the YS Central Office in Baton Rouge.  The Deputy Secretary will answer your ARP at Step Two.

**Emergency Grievance** - A problem that could cause you or someone else to be hurt very badly or cause everyone to be in danger if not taken care of right away.

**File an ARP** - Someone may ask you, "Did you file an ARP?" or "Did you file a grievance?"  This is another way of asking you if you filled out an ARP form that tells everyone about your problem.  When you fill out the ARP form and it is given to the ARP Coordinator, it is said to have been "filed" - meaning the ARP process has begun.

October 2020

**Formal Process** – Filing an ARP when the "Informal Process" does not solve your problem.

**Grievance** - This is another word for ARP, problem or complaint.

**Informal Process** - This means getting a problem solved by talking to your case manager, counselor, the ARP Coordinator or other staff member instead of filing out an ARP.

**Rejected** - This means tossed out.  A grievance can be rejected if it is not done correctly or if it does not meet all of the requirements.

**Remedy Requested or Remedy Sought** - This means how you want your problem solved.

Secure Facilities Director – The person who helps the Facility Director make decisions instead of having to always call the Deputy Secretary (the boss!).

**Sensitive Issue** - This means that you feel that something bad might happen to you if the people at the facility know about your grievance, so you mail your ARP directly to the Deputy Secretary.

Sexual Assault – This means all acts of a sexual nature on a person's body, with or without their permission, either over or under their clothing, with a body part of another person or with an object.

**EXHIBIT**

**A-3**

**Shimele Williams**

| | |
|---|---|
| **From:** | Sandra Bryant (OYD) |
| **Sent:** | Friday, September 16, 2022 12:00 PM |
| **To:** | Shimele Williams |
| **Subject:** | RE: |

*See email chain of ███ s court hearing that we were informed of back on August 23, 2022.*

**From:** Nicholas Landry (OYD) <Nick.Landry@LA.GOV>
**Sent:** Wednesday, August 24, 2022 7:42 AM
**To:** dfremin@cityofnewiberia.com
**Cc:** Chase Lavespere <Chase.Cappel@LA.GOV>; Cristian Zavala <Cristian.Zavala@LA.GOV>; Sandra Bryant (OYD) <Sandra.Bryant2@LA.GOV>
**Subject:** ███████

Good morning, all. I've been advised that ███████ has a court review before Judge Haik in New Iberia City Court on 9/13/22. The court and attorneys have approved for this hearing to be held via zoom, as ███ is now being held at Bridge City Center for Youth. Attached is an updated progress report, and the link for the zoom video conference is below Ms. Sandra Bryant is the assigned secure care caseworker, and her email is:

Sandra.Bryant2@LA.GOV

I have copied Ms. Bryant on this email as well.

Please let me know if there are any questions or if any additional information is needed prior to the 9/13/22 hearing.

Ms. Bryant, if you are unable to participate and the link needs to be sent to someone else at BCCY, please let me know.

Thank you all!!!

Nick Landry
Probation and Parole Supervisor/Juvenile
Office of Juvenile Justice, Lafayette Region
130 Chappuis Drive
Lafayette, LA 70501
Phone: 337 262-5662 ext. 244
Fax: 337 262-1072
Regional Manager: Ms. Lynnette Broussard, ext. 232

**From:** Chase Lavespere <Chase.Cappel@LA.GOV>
**Sent:** Tuesday, August 23, 2022 3:42 PM
**To:** Cristian Zavala <Cristian.Zavala@LA.GOV>; Nicholas Landry (OYD) <Nick.Landry@LA.GOV>
**Subject:** RE: ███████

This can be done via Zoom. I will be on vacation so can you make sure to send this information to the counselor and email a progress report to Dawn – her contact information is below, thanks.

Dawn Fremin is inviting you to a scheduled Zoom meeting.

Topic: NICC Juvenile Court
Time: Sep 13, 2022 10:00 AM Central Time (US and Canada)

Join Zoom Meeting
https://us02web.zoom.us/j/82656499826?pwd=aXIRSUtVZVhzSGIxZGs1M0Q5ZTY3dz09

Meeting ID: 826 5649 9826
Passcode: 144372
One tap mobile
+19292056099,,82656499826#,,,,*144372# US (New York)
+13017158592,,82656499826#,,,,*144372# US (Washington DC)

Dial by your location
    +1 929 205 6099 US (New York)
    +1 301 715 8592 US (Washington DC)
    +1 309 205 3325 US
    +1 312 626 6799 US (Chicago)
    +1 646 931 3860 US
    +1 386 347 5053 US
    +1 564 217 2000 US
    +1 669 444 9171 US
    +1 669 900 6833 US (San Jose)
    +1 719 359 4580 US
    +1 253 215 8782 US (Tacoma)
    +1 346 248 7799 US (Houston)
Meeting ID: 826 5649 9826
Passcode: 144372
Find your local number: https://us02web.zoom.us/u/kbpsiml2pF



*Dawn A. Fremin*
*Criminal Clerk of Court*
*Judicial Administrator*
*457 E. Main St # 206*
*New Iberia, La 70560*
*Ph: 337-369-2334  Fax  337-369-2363*
*email: dfremin@cityofnewiberia.com*
*www.cityofnewiberia.com*

*Chase Cappel*
Probation & Parole Supervisor
Office of Juvenile Justice
Office 337-262-5662 ext. 209

Fax 337-262-1072

**From:** Chase Lavespere
**Sent:** Tuesday, August 23, 2022 3:24 PM
**To:** Cristian Zavala <Cristian.Zavala@LA.GOV>; Nicholas Landry (OYD) <Nick.Landry@LA.GOV>
**Subject:** ▮▮▮▮▮▮▮

▮▮▮▮▮▮has a court review hearing 9/13 before in New Iberia City Court. I'm waiting to see if this can be done via Zoom.

## Chase Cappel

Probation & Parole Supervisor
Office of Juvenile Justice
Office 337-262-5662 ext. 209
Fax 337-262-1072

**EXHIBIT A-4**

**FILED UNDER SEAL**

**EXHIBIT A-5**

**FILED UNDER SEAL**

# EXHIBIT A-6

# FILED UNDER SEAL

# EXHIBIT A-7

# FILED UNDER SEAL

**EXHIBIT A-8**

**FILED UNDER SEAL**