IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, <br><br> Defendants. | Civ. A. No. 3:22-CV-00573-SDD-RLB <br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LIMITED EXPEDITED DISCOVERY UNDER FEDERAL RULES OF CIVIL PROCEDURE 26(d)(1) AND 34(b)(2)(A)** |

COME NOW, through undersigned counsel, Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (collectively "Defendants") and respectfully submit this response in opposition to Plaintiff's *Motion for Limited Expedited Discovery Under Federal Rules of Civil Procedure 26(d)(1) and 34(b)(2)(A)* (Doc. 82, the "Motion"). For the reasons stated herein, the Court should deny Plaintiff's Motion.

## I.     INTRODUCTION

Plaintiff seeks expedited discovery—specifically, a *second, immediate,* and *open-ended* inspection of Bridge City Center for Youth at West Feliciana ("BCCY-WF"). *See generally* Motion (Doc. 82). But Plaintiff fails to establish good cause for expedited discovery. Plaintiff

66145027.v2

fails to establish any irreparable harm to Plaintiff (or other youth) that can be avoided by allowing expedited discovery. Plaintiff also glosses over the applicable law on the "good cause" standard for expedited discovery, oversimplifying the analysis and relying on inapplicable cases to urge the Court to grant his Motion.

Instead, the Court should consider the *full* legal analysis used to determine entitlement to expedited discovery, including the factors set forth by courts within the Fifth Circuit; those factors all counsel the Court to deny Plaintiff's Motion.

Further, the Court must consider the record and the surrounding circumstances. Here, Plaintiff has already had substantial early discovery, including a site inspection with experts. Plaintiff—who is the only plaintiff in this case[1]—is not even housed at BCCY-WF. The Court has now twice denied Plaintiff's requests for emergency relief, and expedited discovery is similarly unwarranted. Indeed, the parties should be required to comply with the standard discovery track to ensure the orderly progression of the case.

For all of these reasons, the Court should deny Plaintiff's Motion.

## II.     ARGUMENT AND AUTHORITIES

Plaintiff's Motion explains only that "good cause" is required to demonstrate the need for expedited discovery, subject to a balancing test between the "administration of justice" and prejudice to the responding party. *See* Motion (Doc. 82-1) at 4-5. Plaintiff encourages the Court to grant his Motion by reminding the Court of its broad discretion in discovery matters. *Id.* But Plaintiff excludes much of the applicable analysis.

Courts within the Fifth Circuit have utilized the "good cause" standard to address a request for expedited discovery. *See ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D.

---

[1] While Plaintiff filed his Complaint as a potential class action, no motion for class certification has been filed and no class has been certified; therefore, there are no class members and no additional plaintiffs in this case.

58, 61 (M.D. La. 2016) (citation omitted). It is Plaintiff's burden to establish this good cause. *Id.* (citation omitted). Courts "must examine the [expedited] discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances." *Id.* (citations, quotations omitted). The scope of the requested discovery "must be narrowly tailored to the necessary information [the movant] seek[s]." *Id.* Importantly, expedited discovery is allowed **only in "limited circumstances . . . when there is some showing of irreparable harm** that can be addressed by limited, expedited discovery." *Id.* (emphasis added). "[E]xpedited discovery is **not the norm**." *Id.* (emphasis added).

In making the determination, various factors are relevant, such as the breadth (or specificity) of the request, the purpose for requesting expedited discovery, the burden on defendants to comply, how far in advance of the typical discovery process the request was made, whether the movant makes a prima facie showing of harm, the absence of alternative means to obtain the requested information, and the necessity of the requested information to advance the claim. *Id.*; *see also Turner Indus. Group, LLC v. Int'l Union of Operating Eng'rs, Local 450*, Civ. A. No. H-13-0456, 2013 WL 2147515, at *3 (S.D. Tex. May 10, 2013) (citations omitted).

Applying those factors here, Plaintiff's demand for a two-hour facility inspection, with no specified plan or parameters, is simply an open-ended fishing expedition, not a narrowly tailored request. Plaintiff's stated purpose is to avoid any worsening of the "certain harm" youth will experience at BCCY-WF; yet, as explained below, the Court has already found that there will be no irreparable harm caused by the potential transfer of Plaintiff to BCCY-WF, and Plaintiff has offered no new evidence to make a prima facie showing of harm in this Motion. Plaintiff cannot demonstrate that he needs an immediate, second tour to advance his claim at this juncture.

Applying the full legal analysis, expedited discovery is <u>not</u> appropriate here.

66145027.v2

1.      **There is no showing of harm to Plaintiff (or any youth) at BCCY-WF.**

Plaintiff's Motion seeks expedited discovery in the form of a non-specific second tour of BCCY-WF by Plaintiff's counsel. *See* Doc. 82-1 at 6 (requesting a tour of "approximately two hours"). Plaintiff gives a single reason this repeat tour is purportedly warranted: "because the certain harm to youth incarcerated [at BCCY-WF] . . . will only be made worse if the facility is not ready." *Id.* at 6.

Notably, the term "certain harm" is Plaintiff's own conclusory phrase. In contrast, this Court concluded that "Plaintiff failed to demonstrate an objective risk of serious harm" in this case. Ruling (Doc. 79) at 45. *See also id.* at 48 (finding that though Plaintiff presented evidence of risk of psychological harm to juveniles placed in a facility designed for adults, "[t]o be clear, the Court is not finding that [BCCY-WF] in general poses this risk"); 59 (finding Plaintiff's nightmares, fears, or anxiety based on a "mistaken belief" that he would be "confined with adult inmates" at BCCY-WF failed to constitute "irreparable psychological harm"). Plaintiff's unsupported allegation of "certain harm" has already been disproven and cannot now justify a request for expedited discovery.

To the extent Plaintiff's Motion is based on alleged "certain harm" to Plaintiff in being transferred to BCCY-WF, no such harm exists because Plaintiff is not housed at BCCY-WF. And to the extent Plaintiff's Motion is based on alleged "harm" to others being placed at BCCY-WF, there are no other plaintiffs in this case. As such, there is no reason whatsoever to allow this single Plaintiff (who does not reside at BCCY-WF) to have an immediate, repeated tour of BCCY-WF.

66145027.v2

### 2. Plaintiff's request for an open-ended inspection is not narrowly tailored.

Plaintiff offers little to no information about the requested inspection. Plaintiff provides no protocol for inspection, designates no attendees for the inspection, and does not identify the areas of the facility he would like to have inspected. Instead, Plaintiff simply requests permission to once again allow his expert to roam through the BCCY-WF facility. What is being requested here is open-ended, unfettered access to the facility with no articulated purpose, protocol, or end goal.

### 3. Plaintiff already had ample early discovery, including a site inspection.

In the weeks after Plaintiff filed this lawsuit, the Court allowed substantial expedited discovery, including a site inspection of BCCY-WF attended by Plaintiff's expert. *See e.g.* Doc. 25 (Notice of Agreement on Expert Tour). Plaintiff also took depositions and propounded fact and expert written discovery, in which Defendants produced nearly 1,200 documents and served expert reports, in preparation for a three-day evidentiary hearing on Plaintiff's motion for preliminary injunction. Plaintiff needs no additional early discovery beyond that which Plaintiff has already obtained.

### 4. Plaintiff states no legitimate purpose for requesting the expedited discovery.

The Court has already denied the Emergency Motion for Temporary Restraining Order. *See* Order (Doc. 15). After the full evidentiary hearing, the Court also denied the Motion for Preliminary Injunction. *See* Ruling (Doc. 79). This case is now proceeding on a standard litigation track. Counsel held the Rule 26(f) conference over two weeks ago on October 4, 2022. *See* Joint Status Report (Doc. 89) at ¶ G(1). And in three days, the Court will institute a scheduling order governing deadlines, including discovery. *See* Scheduling Conference Order (Doc. 80) (setting telephonic scheduling conference on October 27, 2022). The Court has already

ruled that this case does not warrant emergency or expedited relief. Therefore, there is no need for expedited discovery.

In his Motion, Plaintiff claims that expedited discovery is necessary to confirm that the OJJ acted in compliance with their sworn employees' testimony. This is not a legitimate reason to request expedited discovery. Such information can be appropriately requested through the standard discovery process.

5. **Plaintiff has not stated why alternative means are unavailable.**

Plaintiff articulates no reason why the information sought could not be obtained via other less intrusive means. For example, Plaintiff complains that at trial, OJJ personnel testified to the fact that a basketball court would be installed to provide for outdoor recreation and that the inspection is necessary to confirm that the slab was, in fact, poured. *See* Doc. 82-1 at 8. This fact could easily be verified through written discovery (requests for admission or interrogatories) or document production (photographs of completed court). The same is true for each and every fact that Plaintiff seeks to confirm. A second inspection is wholly unnecessary to obtain the information purportedly sought.

6. **Because the Court denied Plaintiff's motion for preliminary injunction, the Court should likewise deny Plaintiff's motion for expedited discovery.**

In similar situations, courts within this Circuit have properly denied requests for expedited discovery. *See e.g. LMV-AL Ventures, LLC v. Lakeway Overlook, LLC*, No. 17-CA-272, 2017 WL 2371248, at *9 (W.D. Tex. May 30, 2017) (denying motion for expedited discovery and related motion to compel because plaintiff failed to establish entitlement to preliminary injunction and because parties "would soon comply with the full scope of their discovery obligations"); *Kolluri v. U.S. Citizenship and Immigration Serv.*, No. 20-cv-2897, 2021 WL 183316, at *7 (N.D. Tex. Jan. 17, 2021) ("because the Court has already denied

Plaintiffs' motion for preliminary injunction, there is no good reason to expedite discovery"; "the Court declines to permit Plaintiffs the extraordinary remedy of expedited discovery based on mere speculation" of defendants' misconduct); *Herrley v. Frozen Food Exp. Indus., Inc.*, No. 13-cv-3004, 2013 WL 4417699, at *3 (N.D. Tex. Aug. 19, 2013) ("especially where, as here, the District Court has determined that Plaintiff is not entitled to a preliminary injunction . . . because he failed to demonstrate a substantial likelihood of success on the merits regarding any of his claims and failed to demonstrate a substantial threat of irreparable harm if the injunction were not granted, Plaintiff will not be unduly prejudiced by [a] temporary stay of discovery"; denying motion for expedited discovery) (emphasis added to all).

In sum, Plaintiff has failed to carry his burden to establish good cause for expedited discovery here, and the Court should deny Plaintiff's Motion.

### 7. Plaintiff relies on cases that do not apply here.

Plaintiff states that courts in the Fifth Circuit have "repeatedly exercised their discovery authority to permit expedited Rule 34 requests" for site inspections before a Rule 26(f) discovery conference. Motion (Doc. 82-1) at 5. He cites three cases, each of which are totally inapposite to the circumstances at bar:

- *Windecker v. Hang Wei* was a breach of contract case where the defendant refused to provide any pre-discovery assurances to the plaintiff as to whether the assets in question (an airplane and related property) had been permanently damaged. *See* No. 18-cv-898, 2020 WL 270725 (W.D. Tex. Jan. 16, 2020). When defense counsel refused to answer even the most basic informal questions from plaintiff's counsel about the plane—which the Court considered the very "center of the lawsuit"—the Court allowed plaintiff expedited discovery. *Id.* The Court found particularly relevant that the suit had been on file for over a year with discovery stayed while the Court considered (but denied) defendants' motion to dismiss. *Id.*

- In *McCoy v. Williamson County*, a wrongful death action, plaintiff's counsel sought limited discovery narrowly-tailored to determine the identity of certain defendants before the statute of limitations expired. *See* No. 19-cv-1163, (W.D. Tex. Feb. 19, 2020) (Doc. 21). The Court pointed out that this specific circumstance (the need to identify defendants

7

prior to an impending statute of limitations deadline) is commonly found to constitute good cause for expedited discovery. *Id.*

- *Ache v. Witte* involved plaintiff inmates who provided "detail[ed] affidavits" outlining "specific instances of [a prison] facility's failure to comply" with CDC COVID-19 guidelines, where those plaintiffs each suffered from specific health conditions that rendered them at "high risk" for "severe illness or death" if they contracted COVID-19. *See* 20-cv-1320, 2020 WL 7393895 (W.D. La. Dec. 16, 2020). The Court allowed early discovery consisting of a single inspection by plaintiffs' corrections healthcare expert under specific, defined parameters. *Id.*

Unlike *Windecker*, Defendants in this case have provided substantial discovery, including a site inspection of BCCY-WF, to Plaintiff during the brief time since Plaintiff filed suit. Unlike *McCoy*, there is no looming statute of limitations deadline and no question as to who should be named as defendants. Unlike *Ache*, this single Plaintiff is not at any specific risk due to being housed at BCCY-WF; he is not housed at BCCY-WF. Further, Plaintiff has already been granted the precise relief requested and granted in *Ache*: a site inspection with experts.

Noticeably absent from Plaintiff's Motion is any case like this one, where a court granted expedited discovery following either the denial of a temporary restraining order or following the denial of a preliminary injunction or following the previous allowance of early discovery before the parties' Rule 26(f) conference, much less where a court granted expedited discovery under *all three* of the scenarios in play here.

### III.   CONCLUSION

For all these reasons, Plaintiff's Motion (Doc. 82) and request for expedited discovery should be denied.

Dated: October 24, 2022.

                        Respectfully Submitted:

               BY:   */s/ Madaline King*
                      Connell Archey (#20086)
                      Randal J. Robert (#21840)

Allena McCain (#38830)
Madaline King (#38301)
BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge, LA 70821-2997
Telephone:    (225) 325-8700
Facsimile:     (225) 325-8800
Connell.Archey@butlersnow.com
Randy.Robert@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.King@butlersnow.com

Kyle V. Miller (pro hac vice)
Lemuel E. Montgomery III (pro hac vice)
Anna Morris (pro hac vice)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone:    (601) 948-5711
Facsimile:     (601) 985-4500
Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com

Counsel for Defendants
GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 24th day of October, 2022.

　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/ Madaline King

66145027.v2