## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALEX A., by and through his guardian,**  **CIVIL ACTION**
**MOLLY SMITH, individually and on behalf**
**of all others similarly situated**  **NO. 22-573-SDD-RLB**

**VERSUS**

**GOVERNOR JON BEL EDWARDS,**
in his official capacity as Governor of Louisiana;
**WILLIAM SOMMERS,** in his official
capacity as Deputy Secretary of the
Office of Juvenile Justice,
**JAMES M. LEBLANC,** in his official capacity
as Secretary of the Louisiana Department
of Public Safety & Corrections

## ORDER

Before the Court is Plaintiff's Motion for Limited Expedited Discovery Under Federal Rules of Civil Procedure 26(d)(1) and 34(b)(2)(A). (R. Doc. 82). The motion is opposed. (R. Doc. 94).

On August 19, 2022, Molly Smith, on behalf of her minor child Alex A. ("Plaintiff"), commenced this putative class action on behalf of certain individuals under the secure care of the Office of Juvenile Justice to obtain injunctive relief preventing their transfer from the Bridge City Center for Youth ("BCCY") to a location at the Louisiana State Penitentiary at Angola known as the Bridge City Center for Youth at West Feliciana ("BCCY-WF"). (R. Doc. 1).

Pursuant to a protective order, the parties conducted preliminary discovery, including limited depositions, written discovery, and expert discovery in preparation for a preliminary injunction hearing. (*See* R. Docs. 36, 39; *see also* R. Doc. 95 at 5). The parties also agreed to allow Plaintiff's expert to conduct a site inspection of the BCCY-WF prior to the hearing. (R. Doc. 25).

On September 23, 2022, the district judge denied Plaintiff's Motion for Preliminary Injunction, and referred the matter to the undersigned for the issuance of a Scheduling Order. (R. Doc. 79). The undersigned then set a Scheduling Conference on October 27, 2022, and required the parties to hold a Rule 26(f) by October 6, 2022. (R. Doc. 80).

On October 3, 2022. Plaintiff filed the instant motion, which seeks an order (1) under Rule 26(d)(1),[1] authorizing Plaintiff to serve a Rule 34(a)(2) request to permit a second inspection of BCCY-WF prior to a Rule 26(f) conference, and (2) under Rule 34(b)(2)(A),[2] requiring Defendants to provide an expedited response or objection. (R. Doc. 82). The very next day, October 4, 2022, the parties held their Rule 26(f) conference. (R. Doc. 89 at 5). Defendants timely filed an opposition to this motion. (R. Doc. 94).

On October 27, 2022, the undersigned held the Scheduling Conference and issued a Scheduling Order setting, among other things, the deadlines to complete discovery. (R. Doc. 97). Plaintiff's counsel informed the undersigned at the conference that no Rule 34(a)(2) request to permit the inspection had been served as of the date of the conference.

As an initial matter, a party may serve an "early" Rule 34 request more than 21 days after the summons and complaint are served on a party and that request will be considered served at the first Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(2); *see* Fed. R. Civ. P. 34(b)(2)(A). Accordingly, Plaintiff could have served an actual Rule 34(a)(2) request for inspection on October 3, 2022, and that request would have been considered served the next day when the parties held their Rule 26(f) conference. Indeed, waiting one more day may have allowed the

---

[1] Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.")

[2] Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the [Rule 34] request is directed must respond in writing within 30 days after being served or -- if the request was delivered under Rule 26(d)(2) -- within 30 days after the parties' first Rule 26(f) conference. A shorter or longer time may be stipulated to under Rule 29 or be ordered by the court.").

parties to work through the issues raised by the potential second site inspection at the Rule 26(f) conference without any involvement of the Court.

At any rate, expedited discovery is not the norm. *ELargo Holdings, LLC v. Doe-68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016). "Although the Fifth Circuit has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit . . . have expressly utilized the 'good cause' standard when addressing the issue." *Id*. (citing cases). "The good cause analysis takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made." *Id*. (citing *BKGTH Prods., LLC, v. Does 1-20*, No. 13-5310, 2013 WL 5507297, at *4 (E.D. La. Sept. 30, 2014)).

The "good cause" analysis requires a court to examine the discovery requests "on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (quoting *St. Louis Group, Inc. v. Metals and Additives Corp., Inc., et al.*, 275 F.R.D. 236, 239 (S.D. Tex. 2011)). "[G]ood cause typically exists where 'the need for expedited discovery outweighs the prejudice to the responding party.'" *BKGTH Prods., LLC*, 2013 WL 5507297 at *5 (quoting *St. Louis Group*, 275 F.R.D. at 239-40). "The party seeking expedited discovery has the burden of establishing good cause and the scope of the requests must be narrowly tailored to the necessary information they seek." *ELargo*, 318 F.R.D. at 61.

Having considered the record, the Court does not find good cause to allow expedited discovery under Rule 26(d)(1) or to otherwise require expedited responses or objections to any future request for inspection under Rule 34(b)(2)(A). To the extent that Plaintiff seeks an order allowing it to serve an inspection request prior to the Rule 26(f) conference, that relief became

3

moot the day after the motion was filed because the parties held the Rule 26(f) conference. To the extent Plaintiff is seeking an order requiring Defendants to respond or object to a request for inspection on an expedited basis, that relief is inappropriate given the record, including the fact Plaintiff has already conducted an expedited inspection of the site, the district judge issued a 64-page ruling denying Plaintiff's Motion for Preliminary Injunction (R. Doc. 79), and Plaintiff was not diligent in serving a Rule 34(a)(2) request for inspection detailing the scope of the proposed inspection.[3] The Court will not order an expedited response to discovery that has not even been served.

Finally, to the extent Plaintiff is implicitly requesting the Court to simply compel an open-ended second inspection of BCCY-WF without an actual written request under Rule 34(a)(2), that relief is also denied. *See* Fed. R. Civ. P. 37(a)(3)(B) ("A party seeking discovery may move for an order compelling an . . . inspection."). Rule 34 requires a request for an inspection to describe with "reasonable particularity" the property to be inspected and "specify a reasonable time, place and manner the for the inspection." Fed. R. Civ. P. 34(b)(1)(A)-(B). In the absence of such written details defining a request for inspection, the responding party is unable to provide a meaningful response or objection. *See* Fed. R. Civ. P. 34(b)(2)(B)-(C). Indeed, a motion to compel a Rule 34 request for inspection must only be filed after the moving party has "in good faith conferred or attempted to confer" with the opposing party failing to allow the discovery "in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Accordingly, the Court will not compel discovery in the absence of an actual written request for the discovery.

---

[3] It is unclear why Plaintiff has failed to do so, given that service of the request would trigger Defendants' deadline to response and object. *See* Fed. R. Civ. P. 34(b)(2). Given that the Rule 26(f) conference was held on October 4, 2022, responses or objections to an "early" request for inspection or a request for inspection otherwise served at the conference would have been due on November 3, 2022. *See* Fed. R. Civ. P. 34(b)(2)(A).

The Court notes that in opposition to the instant motion for expedited discovery, Defendants suggest that a second inspection should not be allowed given that Alex A. is not currently housed at BCCY-WF and, therefore, is not personally subject to any harm in light of the site conditions. (*See* R. Doc. 94 at 4). This argument focuses on the fact that this remains a purported class action without a certified class. (R. Doc. 94 at 2 n.1). The Court does not rule, at this time, on whether a limited second site inspection of BCCY-WF would be appropriate given these circumstances. This order merely resolves Plaintiff's request to serve discovery, and have responses or objections provided, on an expedited basis.

Having considered the record, the Court does not find good cause to grant the expedited relief sought under Rule 26(d)(1) and Rule 34(b)(2)(A). Plaintiff may serve an actual Rule 34(a)(2) request for inspection now that discovery has commenced. Any motion to compel or motion for protective order must be accompanied by the proper good father certification under Rule 37(a)(1) or Rule 26(c)(1) respectively.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion for Limited Expedited Discovery Under Federal Rules of Civil Procedure 26(d)(1) and 34(b)(2)(A) (R. Doc. 82) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 31, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**