## IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. A. No. 3:22-CV-00573-SDD-RLB |
| GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, | ) ) ) ) ) ) ) ) ) ) ) | **DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT** |
| Defendants. | ) | |

COME NOW, through undersigned counsel, Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (collectively "Defendants") and pursuant to Federal Rules of Civil Procedure 8 and 12, hereby answer the First Amended Complaint for Injunctive and Declaratory Relief – Class Action (Doc. 96, the "Amended Complaint") filed by plaintiffs, Alex A., by and through his guardian, Molly Smith; Brian B.; and Charles C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated (hereinafter "Plaintiffs").

**ANSWER**

**INTRODUCTION**

1.      Defendants admit that the Louisiana Office of Juvenile Justice ("OJJ") is the state agency responsible for providing rehabilitation services to Youth who have been adjudicated delinquent and that Plaintiffs are currently in OJJ custody. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification. Defendants deny the remaining allegations contained in Paragraph 1 of the Amended Complaint.

2.      In response to the first sentence of Paragraph 2 of the Amended Complaint, Defendants admit that in July 2022, Governor John Bel Edwards announced the state's plan to open Bridge City Center for Youth at West Feliciana ("BCCY-WF") on the campus of Louisiana State Penitentiary ("LSP") as a temporary location for certain problematic Youth currently housed in OJJ secure care facilities. Defendants deny that the Youth at issue will be transferred to LSP. Defendants deny the allegations contained in the second sentence of Paragraph 2 of the Amended Complaint. Specifically, Defendants deny that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's constitutional or statutory rights. Defendants deny the remaining allegations contained in Paragraph 2 of the Amended Complaint.

3.      Defendants admit the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Defendants assert that the website and caselaw Plaintiffs cite in Paragraph 4 of the Amended Complaint speak for themselves, and Defendants object to the allegations contained in Paragraph 4 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required,

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

5.     Defendants assert that the Annie E. Casey Foundation and Institute of Judicial Administration-American Bar Association literature speaks for itself, and Defendants object to the allegations contained in Paragraph 5 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

6.     Defendants deny the allegations contained in the first sentence of Paragraph 6 of the Amended Complaint. Defendants assert that the Juvenile Justice and Delinquency Prevention Act speaks for itself, and Defendants object to the remaining allegations contained in Paragraph 6 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

7.     Defendants admit the allegations contained in the first sentence of Paragraph 7 of the Amended Complaint. In response to the second sentence of Paragraph 7 of the Amended Complaint, Defendants admit that incarcerated adults at LSP maintained the grounds around BCCY-WF prior to any Youth being moved there. Defendants deny the remaining allegations contained in Paragraph 7 of the Amended Complaint.

8.     Defendants deny the allegations contained in Paragraph 8 of the Amended Complaint.

9.     Defendants deny the allegations contained in Paragraph 9 of the Amended Complaint.

10.    Defendants admit that LSP is a maximum security adult prison and has physical features consistent with such, including fencing, guard towers, and signage. Defendants deny the remaining allegations contained in Paragraph 10 of the Amended Complaint.

11.    In response to the first sentence of Paragraph 11 of the Amended Complaint, Defendants admit that the BCCY-WF facility is located in a building that once housed death row inmates, among other uses. In response to the second sentence of Paragraph 11 of the Amended Complaint, Defendants admit that said building is located on the grounds of LSP. Defendants deny the remaining allegations contained in Paragraph 11 of the Amended Complaint.

12.    Defendants deny the allegations contained in the second sentence of Paragraph 12 of the Amended Complaint. The remaining allegations contained in Paragraph 12 of the Amended Complaint do not require a response. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

13.    Defendants deny the allegations contained in Paragraph 13 of the Amended Complaint.

14.    Defendants deny the allegations contained in Paragraph 14 of the Amended Complaint.

15.    In response to the first sentence of Paragraph 15 of the Amended Complaint, Defendants admit that a press conference was held by Governor John Bel Edwards on July 19, 2022, during which he announced the state's plan to open BCCY-WF on the campus of LSP as a temporary location for certain problematic Youth currently housed in OJJ secure care facilities. In response to the second sentence of Paragraph 15 of the Amended Complaint, Defendants admit that the Youth who are transferred to BCCY-WF will be housed in a secure care facility,

which is an entirely separate building on the campus of LSP, that Youth will not come in contact with adult inmates, and that Youth will receive the same, and in some cases, increased access to, mental health, counseling, medical, education, special education, food, and recreation services as Youth in any other OJJ facility. In response to the third sentence of Paragraph 15 of the Amended Complaint, Defendants admit that Youth housed in any OJJ secure care facility are eligible for placement in the Transitional Treatment Unit ("TTU") located at BCCY-WF based on certain criteria laid out in OJJ policy. Defendants admit the allegations contained in the fourth sentence of Paragraph 15 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 15 of the Amended Complaint.

16.    Defendants deny the allegations contained in the third sentence of Paragraph 16 of the Amended Complaint. The remaining allegations contained in Paragraph 16 of the Amended Complaint do not require a response. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

17.    Defendants deny the allegations contained in the first, third, fourth, and sixth sentences of Paragraph 17 of the Amended Complaint. Defendants object to the remaining allegations contained in Paragraph 17 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

18.    Defendants deny the allegations contained in Paragraph 18 of the Amended Complaint.

19.    Defendants deny the allegations contained in Paragraph 19 of the Amended Complaint.

20.     Defendants deny the allegations contained in the first sentence of Paragraph 20 of the Amended Complaint. In response to the second sentence of Paragraph 20 of the Amended Complaint, Defendants admit that Louisiana Department of Corrections ("DOC") staff may play a limited role and provide staffing support at BCCY-WF only upon express request and authorization by OJJ. Defendants assert that the testimony of Otha "Curtis" Nelson speaks for itself and deny the allegations contained in the third sentence of Paragraph 20 of the Amended Complaint. Defendants assert that the Memorandum of Understanding ("MOU") between OJJ and DOC speaks for itself and deny the allegations contained in the fourth sentence of Paragraph 20 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 20 of the Amended Complaint.

21.     In response to the first sentence of Paragraph 21 of the Amended Complaint, Defendants admit that the OJJ is the state agency responsible for providing rehabilitation services to Youth who have been adjudicated delinquent. In response to the second and third sentences of Paragraph 21 of the Amended Complaint, Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny the allegations contained in the fourth and fifth sentences of Paragraph 21 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 21 of the Amended Complaint.

22.     Defendants deny the allegations contained in the first sentence of Paragraph 22 of the Amended Complaint. In response to the second sentence of Paragraph 22 of the Amended Complaint, Defendants admit that Alex A., Brian B., and Charles C. have been diagnosed with

certain disabilities. In response to the third sentence of Paragraph 22 of the Amended Complaint, Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification. Defendants object to the remaining allegations contained in Paragraph 22 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

23.     Defendants assert that the allegations contained in Paragraph 23 of the Amended Complaint are general in nature and not based on any studies, research, or investigations of OJJ secure care facilities or Youth housed within OJJ secure care facilities. Further answering, Defendants deny the allegations contained in Paragraph 23 of the Amended Complaint.

24.     Defendants assert that the allegations contained in Paragraph 24 of the Amended Complaint are general in nature and not based on any studies, research, or investigations of OJJ secure care facilities or Youth housed within OJJ secure care facilities. Further answering, the allegations contained in the first sentence of Paragraph 24 of the Amended Complaint do not require a response. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny the remaining allegations contained in Paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Defendants deny the allegations contained in Paragraph 26 of the Amended Complaint.

## JURISDICTION AND VENUE

27.     Defendants object to the allegations contained in Paragraph 27 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. Defendants further assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification. To the extent a response is deemed required, Defendants admit only that Plaintiffs' Amended Complaint attempts to assert claims under federal statutes and the United States Constitution, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Amended Complaint.

28.     Defendants object to the allegations contained in Paragraph 28 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny that there are any "events and omissions giving rise to these claims," and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

## PARTIES

29.     Defendants admit the allegations contained in the first sentence of Paragraph 29 of the Amended Complaint. In response to the second sentence of Paragraph 29 of the Amended Complaint, Defendants admit that Alex A. is currently in OJJ custody and is not involved in the Juvenile Understanding and Managing Problematic Behavior Program ("JUMP"). Defendants deny the remaining allegations contained in Paragraph 29 of the Amended Complaint.

30.     Defendants admit the allegations contained in Paragraph 30 of the Amended Complaint.

31.     In response to the first sentence of Paragraph 31 of the Amended Complaint, Defendants admit that Alex A. has been diagnosed with a learning disability. Defendants admit the allegations contained in the second sentence of Paragraph 31 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 31 of the Amended Complaint.

32.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Amended Complaint.

33.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Amended Complaint.

34.     Defendants admit the allegations contained in the first sentence of Paragraph 34 of the Amended Complaint. In response to the second sentence of Paragraph 34 of the Amended Complaint, Defendants admit that OJJ denied the request for emergency consideration of the Administrative Remedy Procedure and informed Alex A. of its decision on August 18, 2022. Defendants deny the remaining allegations contained in Paragraph 34 of the Amended Complaint.

35.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Amended Complaint.

36.     Defendants admit the allegations contained in the first sentence of Paragraph 36 of the Amended Complaint. In response to the second sentence of Paragraph 36 of the Amended Complaint, Defendants admit that Brian B. is currently in OJJ custody. Defendants admit the allegations contained in the third sentence of Paragraph 36 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 36 of the Amended Complaint.

37.     Defendants deny the allegations contained in Paragraph 37 of the Amended Complaint.

38.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Amended Complaint.

39.     In response to the first sentence of Paragraph 39 of the Amended Complaint, Defendants admit that Brian B. arrived at BCCY on or around April 20, 2022. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Amended Complaint. Further answering, Brian B. has not been hospitalized in a mental health facility while in OJJ custody.

40.     In response to the first sentence of Paragraph 40 of the Amended Complaint, Defendants admit that Brian B. has been diagnosed with a disability. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 40 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 40 of the Amended Complaint.

41.     In response to the first sentence of Paragraph 41 of the Amended Complaint, Defendants admit that Brian B. attended school five days per week at Riverside Alternative School until September 7, 2022. Defendants deny the allegations contained in the second sentence of Paragraph 41 of the Amended Complaint. Defendants admit the allegations contained in the third sentence of Paragraph 41 of the Amended Complaint. In response to the fourth sentence of Paragraph 41 of the Amended Complaint, Defendants admit that Brian B. was earning high school credits while attending Riverside Alternative School. Defendants deny the remaining allegations contained in Paragraph 41 of the Amended Complaint.

42.     Defendants admit that Brian B. was afforded the opportunity to participate in group counseling on a daily basis and individual counseling once per week while housed at BCCY. Defendants deny the remaining allegations contained in Paragraph 42 of the Amended Complaint.

43.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Amended Complaint.

44.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Amended Complaint.

45.     Defendants admit the allegations contained in the first sentence of Paragraph 45 of the Amended Complaint. In response to the second sentence of Paragraph 45 of the Amended Complaint, Defendants admit that OJJ denied the request for emergency consideration of the Administrative Remedy Procedure and informed Brian B. of its decision on September 2, 2022. Defendants deny the remaining allegations contained in Paragraph 45 of the Amended Complaint.

46.     Defendants admit the allegations contained in the first sentence of Paragraph 46 of the Amended Complaint. In response to the second sentence of Paragraph 46 of the Amended Complaint, Defendants admit that Charles C. is currently in OJJ custody at the Acadiana Center for Youth at St. Martinville ("St. Martinville"). Defendants deny the remaining allegations contained in Paragraph 46 of the Amended Complaint.

47.     Defendants deny the allegations contained in the first sentence of Paragraph 47 of the Amended Complaint. Defendants admit the allegations contained in the second sentence of Paragraph 47 of the Amended Complaint.

48.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Amended Complaint.

49.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Amended Complaint. Further answering, Charles C. has not been hospitalized in a mental health facility while in OJJ custody.

50.    In response to the first sentence of Paragraph 50 of the Amended Complaint, Defendants admit that Charles C. has been diagnosed with a disability. In response to the second sentence of Paragraph 50 of the Amended Complaint, Defendants admit that Charles C. has been diagnosed with ADHD. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third and fourth sentences of Paragraph 50 of the Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 50 of the Amended Complaint.

51.    Defendants admit the allegations contained in the first and third sentences of Paragraph 51 of the Amended Complaint. Defendants deny the allegations contained in the second sentence of Paragraph 51 of the Amended Complaint.

52.    Defendants admit the allegations contained in Paragraph 52 of the Amended Complaint.

53.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Amended Complaint.

54.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Amended Complaint.

55.    Defendants admit the allegations contained in Paragraph 55 of the Amended Complaint.

56.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint.

57.    Defendants admit the allegations contained in the first, second, and third sentences of Paragraph 57 of the Amended Complaint. In response to the fourth, fifth, and sixth sentences of Paragraph 57 of the Amended Complaint, Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny the remaining allegations contained in Paragraph 57 of the Amended Complaint.

58.    Defendants admit the allegations contained in the first sentence of Paragraph 58 of the Amended Complaint. In response to the second sentence of Paragraph 58 of the Amended Complaint, Defendants admit that William Sommers is the Deputy Secretary of the OJJ and has certain responsibilities with regard to OJJ policies. In response to the third and fourth sentences of Paragraph 58 of the Amended Complaint, Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny the remaining allegations contained in Paragraph 58 of the Amended Complaint.

59.    Defendants admit the allegations contained in the first sentence of Paragraph 59 of the Amended Complaint. In response to the second sentence of Paragraph 59 of the Amended Complaint, Defendants admit that James M. LeBlanc is the Secretary of the Louisiana Department of Public Safety & Corrections and has certain responsibilities within that capacity. In response to the third and fourth sentences of Paragraph 59 of the Amended Complaint,

Defendants object to the allegations to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants deny the remaining allegations contained in Paragraph 59 of the Amended Complaint.

**STATEMENT OF FACTS**

I.    Defendants deny the allegations, if any, contained in the heading I. on page 19 of the Amended Complaint.

60.    Defendants deny the allegations contained in the first sentence of Paragraph 60 of the Amended Complaint. Defendants assert that the Annie E. Casey Foundation literature speaks for itself, and Defendants object to the remaining allegations contained in Paragraph 60 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

61.    Defendants assert that the Institute of Judicial Administration-American Bar Association literature speaks for itself, and Defendants object to the allegations contained in Paragraph 61 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

62.    Defendants assert that the United Nations literature speaks for itself, and Defendants object to the allegations contained in Paragraph 62 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the

extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

63.    Defendants assert that the Annie E. Casey Foundation literature speaks for itself. Further answering, Defendants deny the allegations contained in Paragraph 63 of the Amended Complaint.

64.    The allegations contained in Paragraph 64 of the Amended Complaint do not require a response. To the extent a response is deemed required, Defendants deny the allegations.

65.    The allegations contained in Paragraph 65 of the Amended Complaint do not require a response. To the extent a response is deemed required, Defendants deny the allegations.

II.    Defendants deny the allegations, if any, contained in the heading II. on page 22 of the Amended Complaint.

66.    Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint. Specifically, Defendants deny that Youth who are transferred to BCCY-WF will be incarcerated in an adult jail or prison. Additionally, Defendants assert that the allegations contained in Paragraph 66 of the Amended Complaint are general in nature and not based on any studies, research, or investigations of OJJ secure care facilities or Youth housed within OJJ secure care facilities. Further answering, Defendants deny the characterization of a former OJJ official as the "top" official.

67.    Defendants deny the allegations contained in Paragraph 67 of the Amended Complaint.

68.    Defendants deny the allegations contained in Paragraph 68 of the Amended Complaint.

69.    Defendants deny the allegations contained in Paragraph 69 of the Amended Complaint. Additionally, Defendants assert that the allegations contained in Paragraph 69 of the Amended Complaint are general in nature and not based on any studies, research, or investigations of OJJ secure care facilities or Youth housed within OJJ secure care facilities.

70.    Defendants assert that the MOU between OJJ and DOC speaks for itself and deny the allegations contained in Paragraph 70 of the Amended Complaint.

71.    Defendants assert that the Council of Juvenile Correctional Administrators literature speaks for itself, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, third, and fourth sentences of Paragraph 71 of the Amended Complaint. Defendants object to the allegations contained in the fifth sentence of Paragraph 71 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. Defendants assert that the MOU between OJJ and DOC speaks for itself and deny the allegations contained in the sixth sentence of Paragraph 70 of the Amended Complaint.

III.    Defendants deny the allegations, if any, contained in the heading III. on page 25 of the Amended Complaint.

72.    Defendants deny the allegations contained in Paragraph 72 of the Amended Complaint. Further answering, the Youth at BCCY-WF will receive the same, and in some cases, increased access to, mental health, counseling, medical, education, special education, food, and recreation services as Youth in any other OJJ facility.

73.     Defendants deny the allegations contained in Paragraph 73 of the Amended Complaint.

74.     Defendants deny the allegations contained in Paragraph 74 of the Amended Complaint and specifically deny that they cannot or are not lawfully providing rehabilitative care to the Youth in the OJJ's secure care facilities.

75.     Defendants assert that the United Nations and the Annie E. Casey Foundation literature speaks for itself, and Defendants object to the allegations contained in Paragraph 75 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

76.     Defendants deny the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Defendants deny the allegations contained in Paragraph 77 of the Amended Complaint and specifically deny that medical care or transportation at BCCY-WF will be overseen or provided by LSP staff or incarcerated adults at LSP.

78.     Defendants deny the allegations contained in Paragraph 78 of the Amended Complaint.

79.     Defendants deny the allegations contained in Paragraph 79 of the Amended Complaint.

IV.     Defendants deny the allegations, if any, contained in the heading IV. on page 28 of the Amended Complaint.

80.     Defendants deny the allegations contained in the first sentence of Paragraph 80 of the Amended Complaint. Defendants assert that the OJJ policy for the TTU speaks for itself, and

the remaining allegations contained in Paragraph 80 of the Amended Complaint do not require a response. To the extent a response is deemed required, Defendants deny the allegations.

81.     Defendants assert that the OJJ policy for the TTU speaks for itself, and Defendants deny the allegations contained in Paragraph 81 of the Amended Complaint.

82.     Defendants deny the allegations contained in Paragraph 82 of the Amended Complaint and specifically deny that the Youth at BCCY-WF will face serious psychological and physical harm.

83.     Defendants deny the allegations contained in the third and fourth sentences of Paragraph 83 of the Amended Complaint. Defendants object to the remaining allegations contained in Paragraph 83 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

84.     Defendants object to the allegations contained in the first sentence of Paragraph 84 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations. In response to the second sentence of Paragraph 84 of the Amended Complaint, Defendants admit that the OJJ is the state agency responsible for providing rehabilitation services to Youth who have been adjudicated delinquent. Defendants deny the allegations contained in the third sentence of Paragraph 84 of the Amended Complaint and specifically deny that the Youth at issue will be transferred to LSP. Defendants deny the remaining allegations contained in Paragraph 84 of the Amended Complaint.

85.    Defendants deny the allegations contained in Paragraph 85 of the Amended Complaint and specifically deny that the OJJ discriminates against Youth with disabilities.

V.    Defendants deny the allegations, if any, contained in the heading V. on page 30 of the Amended Complaint.

86.    Defendants deny the allegations contained in Paragraph 86 of the Amended Complaint and specifically deny that they cannot or are not lawfully providing rehabilitative care to the Youth in the OJJ's secure care facilities.

87.    Defendants object to the allegations contained in Paragraph 87 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations.

88.    Defendants assert that the U.S. Department of Justice and Institute of Judicial Administration-American Bar Association literature speaks for itself, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Amended Complaint.

89.    Defendants deny the allegations contained in Paragraph 89 of the Amended Complaint.

**CLASS ACTION ALLEGATIONS**

90.    Defendants admit that the Named Plaintiffs bring this action in their individual capacities and are attempting to seek class certification to represent other Youth in OJJ secure care facilities. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification. Defendants deny the remaining allegations contained in Paragraph 90 of the Amended Complaint.

91.     Defendants admit that the Named Plaintiffs are attempting to seek class certification to represent other Youth in OJJ secure care facilities. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification. Defendants deny the remaining allegations contained in Paragraph 91 of the Amended Complaint.

92.     Defendants admit that the Named Plaintiffs are attempting to seek class certification to represent a sub-class of Youth in OJJ secure care facilities. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification. Defendants deny the remaining allegations contained in Paragraph 92 of the Amended Complaint.

93.     Defendants deny the allegations contained in Paragraph 93 of the Amended Complaint. Specifically, Defendants deny that the class action requirements of Federal Rule of Civil Procedure 23 are met.

94.     Defendants deny the allegations contained in Paragraph 94 of the Amended Complaint. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification.

95.     Defendants object to the allegations contained in Paragraph 95 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 95 of the Amended Complaint.

96.     Defendants object to the allegations contained in Paragraph 96 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to

the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 96 of the Amended Complaint.

97.    Defendants object to the allegations contained in Paragraph 97 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 97 of the Amended Complaint. Specifically, Defendants deny that the Named Plaintiffs or any other Youth have suffered any injuries related to the plan to transfer certain problematic Youth to BCCY-WF and deny that their actions are "unconstitutional."

98.    Defendants object to the allegations contained in Paragraph 98 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 98 of the Amended Complaint. Further answering, Defendants specifically deny that the Named Plaintiffs are adequate representatives, as the Named Plaintiffs are not housed at and have never been housed at BCCY-WF.

99.    Defendants admit that the referenced attorneys represent the Named Plaintiffs in this action. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 99 of the Amended Complaint.

100.    Defendants object to the allegations contained in Paragraph 100 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations contained in Paragraph 100 of the Amended Complaint. Further answering, Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification.

101.    Defendants deny the allegations contained in Paragraph 101 of the Amended Complaint. Specifically, Defendants deny that their actions are "unconstitutional." Additionally, Defendants object to the allegations contained in Paragraph 101 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court.

## CLAIMS FOR RELIEF

I.    Defendants deny the allegations, if any, contained in the Count I heading on page 35 of the Amended Complaint.

102.    Defendants deny the allegations contained in contained in Paragraph 102 of the Amended Complaint. Specifically, Defendants deny that the Youth at issue will be transferred to LSP; and that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's constitutional rights. Additionally, Defendants object to the allegations contained in Paragraph 102 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court.

103.    Defendants deny the allegations contained in Paragraph 103 of the Amended Complaint. Specifically, Defendants deny that the Named Plaintiffs or any other Youth have suffered or will suffer irreparable injury related to the plan to transfer certain problematic Youth to BCCY-WF. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification.

II.    Defendants deny the allegations, if any, contained in the Count II heading on page 35 of the Amended Complaint.

104.    Defendants object to the allegations contained in Paragraph 104 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to

the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

105.    In response to the first sentence of Paragraph 105 of the Amended Complaint, Defendants admit that Alex A., Brian B., and Charles C. have been diagnosed with certain disabilities. Defendants object to the remaining allegations contained in Paragraph 105 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations.

106.    Defendants deny the allegations as written that are contained in Paragraph 106 of the Amended Complaint.

107.    Defendants deny the allegations contained in Paragraph 107 of the Amended Complaint. Specifically, Defendants deny that the Youth at issue will be transferred to LSP; and that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's statutory rights. Additionally, Defendants object to the allegations contained in Paragraph 107 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court.

108.    Defendants deny the allegations contained in Paragraph 108 of the Amended Complaint. Specifically, Defendants deny that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's statutory rights.

109.    Defendants deny the allegations contained in Paragraph 109 of the Amended Complaint. Specifically, Defendants deny that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's statutory rights.

110.    Defendants deny the allegations contained in Paragraph 110 of the Amended Complaint. Specifically, Defendants deny that the Named Plaintiffs or any other Youth have suffered or will suffer irreparable injury related to the plan to transfer certain problematic Youth to BCCY-WF.

III.    Defendants deny the allegations, if any, contained in the Count III heading on page 37 of the Amended Complaint.

111.    Defendants object to the allegations contained in Paragraph 111 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

112.    In response to the first sentence of Paragraph 112 of the Amended Complaint, Defendants admit that Alex A., Brian B., and Charles C. have been diagnosed with certain disabilities. Defendants object to the remaining allegations contained in Paragraph 112 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants deny the allegations.

113.    Defendants object to the allegations contained in Paragraph 113 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court. To the extent a response is deemed required, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations.

114.    Defendants deny the allegations contained in contained in Paragraph 114 of the Amended Complaint. Specifically, Defendants deny that the Youth at issue will be transferred to LSP; and that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's

statutory rights. Additionally, Defendants object to the allegations contained in Paragraph 114 of the Amended Complaint to the extent they call for a conclusion of law. Defendants refer all questions of law to the Court.

115.    Defendants deny the allegations contained in Paragraph 115 of the Amended Complaint. Specifically, Defendants deny that the plan to transfer certain problematic Youth to BCCY-WF violates any Youth's statutory rights.

116.    Defendants deny the allegations contained in Paragraph 116 of the Amended Complaint. Specifically, Defendants deny that the Named Plaintiffs or any other Youth have suffered or will suffer irreparable injury related to the plan to transfer certain problematic Youth to BCCY-WF.

## RESPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

In response to the unnumbered paragraph beginning "WHEREFORE, Plaintiff and the Putative Class Members," and to the subparts, A., B., C., D., E., and F., Defendants deny the allegations contained in the unnumbered paragraph and subparts and specifically deny that Plaintiffs are entitled to any relief or recovery whatsoever from the Defendants. Defendants demand strict proof of the allegations made and the damages, fees, and costs requested by Plaintiffs. Defendants assert that the class action requirements of Federal Rule of Civil Procedure 23 are lacking and that Plaintiffs are not entitled to class certification.

## GENERAL DENIAL

All allegations not previously admitted, including any and all allegations contained in any exhibits attached to Plaintiffs' Amended Complaint, are hereby denied.

## AFFIRMATIVE DEFENSES

Defendants, pleading in the affirmative and without prejudice to their other pleadings, state the following additional defenses. By asserting these defenses, Defendants do not assume any burden of proof not otherwise legally assigned to them. Defendants further reserve the right to rely upon any of the following defenses or any additional defenses to the claims asserted by Plaintiffs, to the extent that such defenses are supported by information developed through discovery or by evidence at trial.

### First Defense

Defendants assert that Plaintiffs have failed to exhaust all administrative remedies prior to filing this action, as required under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a).

### Second Defense

Defendants hereby invoke and assert all defenses afforded under the Prison Litigation Reform Act of 1995, Pub. L. No. 104 34, 110 Stat. 1321 (1996), including, but not limited to, those defenses set forth in 42 U.S.C. § 1997.

### Third Defense

Plaintiffs lack standing to assert some or all of the claims set forth in the Amended Complaint.

### Fourth Defense

Plaintiffs cannot meet the class action requirements of Federal Rule of Civil Procedure 23, Plaintiffs are not entitled to represent any unnamed members of the putative class, and Plaintiffs are not entitled to class certification.

**Fifth Defense**

The individual Defendants assert that they are entitled to the defense of qualified immunity.

**Sixth Defense**

The request for declaratory and injunctive relief is moot with respect to any putative class member who is not currently housed in OJJ's secure care facilities.

**Seventh Defense**

Plaintiffs' claims for declaratory and injunctive relief are not ripe.

**Eighth Defense**

Alternatively, Plaintiffs' claims for declaratory and injunctive relief are moot.

**Ninth Defense**

Plaintiffs' claim for a preliminary injunction is moot.

**Tenth Defense**

Defendants affirmatively assert that Plaintiffs' Amended Complaint fails to state a cause of action upon which relief can be granted and should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

**Eleventh Defense**

Plaintiffs have failed to join as real parties in interest, certain indispensable parties, and, therefore, the Amended Complaint is barred.

**Twelfth Defense**

Defendants are entitled to attorney fees and costs pursuant to 42 U.S.C. § 1988, and other applicable law.

### Thirteenth Defense

Defendants are entitled to attorney fees and costs pursuant to Federal Rule of Civil Procedure 11, and other applicable law.

### Fourteenth Defense

The allegations of Plaintiffs' Amended Complaint fail to give reasonable notice of facts sufficient to evaluate all of Defendants' defenses. For that reason, to the extent applicable, Defendants affirmatively plead duress, illegality, res judicata, statute of limitations, collateral estoppel, and any other matter constituting an avoidance or an affirmative defense that is available to Defendants.

### Fifteenth Defense

Defendants hereby reserve the right upon completion of their investigation and discovery to file such additional defenses, affirmative defenses, cross-claims, counterclaims, and/or third party complaints as may be appropriate.

WHEREFORE, Defendants respectfully request that this Court dismiss Plaintiffs' Amended Complaint and tax all costs of this action against Plaintiffs.

Dated: November 8, 2022.

Respectfully Submitted:

BY:    */s/ Madaline King*
Connell Archey (#20086)
Randal J. Robert (#21840)
Allena McCain (#38830)
Madaline King (#38301)
BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge, LA  70821-2997
Telephone:    (225) 325-8700
Facsimile:    (225) 325-8800
Connell.Archey@butlersnow.com

Randy.Robert@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.King@butlersnow.com

Kyle V. Miller (pro hac vice)
Lemuel E. Montgomery III (pro hac vice)
Anna Morris (pro hac vice)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone:      (601) 948-5711
Facsimile:      (601) 985-4500
Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com

Counsel for Defendants
GOVERNOR JOHN BEL EDWARDS, in
his official capacity as Governor of
Louisiana; WILLIAM SOMMERS, in his
official capacity as Deputy Secretary of the
Office of Juvenile Justice; and JAMES M.
LEBLANC, in his official capacity as
Secretary of the Louisiana Department of
Public Safety & Corrections

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 8th day of November, 2022.

*/s/ Madaline King*

66195948.v1