IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated, ) ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Civ. A. No. 3:22-CV-00573-SDD-RLB |
| GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, ) ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR LACK OF STANDING** |
| Defendants. ) | |

**NOW INTO COURT**, through undersigned counsel, come Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (collectively "Defendants"), who hereby move to dismiss Plaintiffs' Complaint for lack of subject matter jurisdiction because Plaintiffs lack standing to assert the claims in their Amended Complaint.

## BACKGROUND

This matter arises from a decision by the State of Louisiana Office of Juvenile Justice ("OJJ") to open a new, temporary facility to house delinquent youth in an unused building on the campus of Louisiana State Penitentiary ("LSP"). OJJ's plan was to open the facility as Bridge City Center for Youth at West Feliciana ("BCCY-WF") and operate the facility as a Transitional

66461888.v2

Treatment Unit ("TTU") for a limited number of youth in OJJ secure care facilities whose behaviors are incompatible with the treatment modalities of OJJ secure care facilities and disruptive to the operations of those facilities. Plaintiff Alex A.,[1] by and through his mother Molly Smith, initially filed suit to enjoin OJJ from opening the proposed facility, claiming that the proposed facility violates the Juvenile Justice and Delinquency Prevention Act, the Fourteenth Amendment of the United States Constitution, and Section 504 of the Rehabilitation Act. (R. Doc. 1).

The Court denied Plaintiff's request for a temporary restraining order at the outset of this matter. (R. Docs. 3 and 15). Following a three-day hearing, the Court also denied Plaintiff's request for a preliminary injunction to restrain OJJ from opening BCCY-WF. (R. Doc. 79). Testimony and evidence from the preliminary injunction hearing satisfied the Court that OJJ would provide a constitutional level of care to youth housed at BCCY-WF. *Id*.

This matter is now proceeding under Plaintiff's request for a permanent injunction seeking to close BCCY-WF and remove all OJJ operations from the grounds of LSP. Critically, the remaining claims in this case no longer challenge OJJ's *plan* to transfer youth to BCCY-WF; rather, Plaintiff challenges the BCCY-WF facility *as applied* and seeks a determination by the Court that the facility's operation and conditions violate the statutory and constitutional rights of the youth housed there.[2]

On October 25, 2022, Plaintiff Alex A. filed an amended complaint, in which two new plaintiffs, Brian B. and Charles C., were added as parties.[3] (R. Doc. 96). The Amended Complaint

---

[1] Alex A. is proceeding under a pseudonym to protect his right to confidentiality as a delinquent youth. La. Ch.C. art. 412.
[2] The first group of youth were transferred to BCCY-WF on or about October 19, 2022, and the facility has been in continuous operation since that time.
[3] Brian B. and Charles C. are also proceeding under pseudonyms to protect their right to confidentiality as delinquent youth. La. Ch.C. art. 412.

largely restates the allegations of the initial Complaint, with mild revisions and clarifications. (R. Docs. 1 and 96).

None of the named plaintiffs have ever been housed at BCCY-WF.[4] The defendants therefore move to dismiss all claims in the amended complaint for lack of standing. Specifically, Plaintiffs lack standing to mount an as-applied challenge to the conditions of the BCCY-WF facility because they are not currently and have never been subject to those conditions and are not currently and have never been subject to any harm or injury from the conditions at the BCCY-WF facility.

## LAW AND ARGUMENT

Plaintiffs allege that the conditions of BCCY-WF violate the constitutional and statutory rights of themselves and other youth in OJJ secure care custody. However, the Plaintiffs do not have standing to challenge the conditions of a facility at which they are not currently housed and have not been housed in the past.

1. **Plaintiffs lack standing to challenge the conditions of BCCY-WF.**

Article III requires that federal courts only adjudicate live cases or controversies. From this requirement, the doctrine of standing has developed. To have standing, a litigant must establish the "irreducible constitutional minimum" of three elements. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed. 351 (1992). First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not "conjectural" or "hypothetical." *Id*. Second, the injury must be fairly traceable to the challenged actions of the defendant, i.e., there must be a causal connection between the injury and the defendant's conduct. *Id*. Third, it must be likely that

---

[4] *See* Affidavit of Revettea Woods, attached hereto as Exhibit A.

the injury will be redressed by a favorable decision of the court. *Id* at 561. The named plaintiffs in this matter fail to meet the requirements of Article III standing. Accordingly, Plaintiffs Alex A., Brian B., and Charles C. lack standing to assert the claims found in the Amended Complaint.

   ***a. Plaintiffs must suffer an actual injury, not a speculative threat of injury.***

The named plaintiffs complain of an injury that is merely conjecture or speculation. Plaintiffs have never been housed at BCCY-WF, the location of the alleged constitutional and statutory violations raised in the Amended Complaint. Plaintiffs allege that the BCCY-WF facility "creates an unreasonable risk of harm for youth <u>who have been or will be moved there</u> because of the adult correctional design and environment; the heightened risks of solitary confinement, suicide, and self-harm; lack of adequate access to medical, educational, and rehabilitative services, including accommodations for youth with disabilities; and the risk that sight and sound separation will not be maintained." (R. Doc. 96, ¶ 14) (emphasis added). Plaintiffs cannot meet their burden to establish this Court's subject matter jurisdiction because they are not housed at BCCY-WF, nor can they prove that they will be transferred to BCCY-WF imminently. Therefore, Plaintiffs are unable to establish that they have the concrete, particularized, actual, and imminent injury required for Article III standing.

It is the mere *prospect* of transfer to BCCY-WF, a speculative and hypothetical scenario, upon which Plaintiffs seek to challenge the conditions of the facility. Plaintiffs rest their standing on the mere conjecture that they may be subject to the conditions at BCCY-WF at some uncertain point in the future. This hypothetical, speculative future injury is an insufficient basis for Article III standing. *City of Los Angeles v. Lyons*, 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675.

### b. *Standing must exist at the time of filing suit and at all times thereafter.*

Plaintiffs must have standing at all stages of litigation, from the filing of the complaint, through the decision on the merits, and even while pending on appeal. *U.S. Parole Commission v. Geraghty*, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980); *Sosna v. Iowa*, 419 U.S. 393, 402, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975).

Because Plaintiffs cannot show an actual case or controversy regarding their conditions of confinement or the conditions of BCCY-WF, Plaintiffs do not have standing to challenge the conditions of BCCY-WF. Moreover, Plaintiffs may never have standing to challenge the conditions at a facility at which they may never be housed. The prospect of Plaintiffs' potential housing assignment at BCCY-WF is incredibly tangential, speculative, and multifactored. To be transferred to the TTU at BCCY-WF, a youth's behavior must meet certain criteria, including a failure to resolve problematic behaviors with standard intervention techniques employed at OJJ secure care facilities.[5] When a youth's behavior is persistently problematic, the youth must be recommended for the TTU program by his case manager or an administrator of the facility where the youth is housed.[6] Then, a multidisciplinary team consisting of social workers, mental health professionals, nursing staff, and educators discuss the youth's entire file to evaluate and determine whether that youth would benefit from the TTU program and whether the TTU facility can adequately meet the needs of that particular youth.[7] Finally, there must be adequate space at the BCCY-WF TTU, which is designed to only house 24 youth, for that youth to be transferred. The speculative nature of the potential future exposure to allegedly unfavorable conditions is far too tangential to bestow standing upon the Plaintiffs.

---

[5] OJJ Youth Services Policy B.2.8 "Transitional Treatment Unit (TTU)", attached hereto as Exhibit B, at 7-8. This policy was previously admitted into evidence as Def. Ex. 3 during Preliminary Injunction Hearing.
[6] *Id.* at 9.
[7] *Id.*

2. **To allow Plaintiffs to pursue their claims against a facility where they have never been housed would negate the entire doctrine of standing.**

To hold that Plaintiffs have standing in this matter would completely disregard the entire purpose behind the standing doctrine. If Plaintiffs have standing to challenge the conditions at BCCY-WF without having been subject to the challenged conditions, by the same logic any youth in the juvenile justice system, or even delinquent youth not yet in the OJJ system, could have standing to challenge conditions at each and every OJJ facility at which they have never, and likely will never, be housed. This must not be the case. The doctrine of Article III exists for the purpose of ensuring that federal courts only adjudicate actual, live cases and controversies, and the remote and speculative injuries upon which Plaintiffs seek redress do not satisfy the constitutional requirements.

## CONCLUSION

Plaintiffs are not currently and have never been subject to the challenged conditions at BCCY-WF. Therefore, Plaintiffs lack standing to pursue the claims in the Amended Petition and this matter must be dismissed.

Dated: November 21, 2022.

                                                                 Respectfully Submitted:

BY:    */s/ Allena McCain*
         Connell Archey (#20086)
         Randal J. Robert (#21840)
         Allena McCain (#38830)
         Madaline King (#38301)
         BUTLER SNOW LLP
         445 North Boulevard, Suite 300 (70802)
         P.O. Box 2997
         Baton Rouge, LA  70821-2997
         Telephone:    (225) 325-8700
         Facsimile:    (225) 325-8800
         Connell.Archey@butlersnow.com
         Randy.Robert@butlersnow.com

66461888.v2

Allena.McCain@butlersnow.com
Madaline.King@butlersnow.com

Kyle V. Miller (pro hac vice)
Lemuel E. Montgomery III (pro hac vice)
Anna Morris (pro hac vice)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone:    (601) 948-5711
Facsimile:    (601) 985-4500
Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com

Counsel for Defendants
GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 21st day of November, 2022.

                                                       /s/ Allena McCain