**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civ. A. No. 3:22-CV-00573-SDD-RLB |
| GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, | ) ) ) ) ) ) ) ) ) ) | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO DISMISS FOR LACK OF STANDING** |
| Defendants. | ) ) | |

COME NOW, through undersigned counsel, Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (collectively "Defendants") and respectfully move for the Court to enter an order staying discovery in this matter pending resolution of Defendants' *Motion to Dismiss for Lack of Standing*. For the reasons stated herein, the Court should stay discovery.

## I.    <u>RELEVANT FACTUAL AND PROCEDURAL BACKGROUND</u>

This matter arises from a decision by the State of Louisiana Office of Juvenile Justice ("OJJ") to open a new, temporary facility to house delinquent youth in an unused building on the campus of Louisiana State Penitentiary ("LSP").  OJJ's plan was to open the facility as Bridge

City Center for Youth at West Feliciana ("BCCY-WF") and operate the facility as a Transitional Treatment Unit ("TTU") for a limited number of youth in OJJ secure care facilities whose behaviors are incompatible with the treatment modalities of OJJ secure care facilities and disruptive to the operations of those facilities.  Plaintiff Alex A.,[1] by and through his mother Molly Smith, initially filed suit to enjoin OJJ from opening the proposed facility, claiming that the proposed facility violates the Juvenile Justice and Delinquency Prevention Act, the Fourteenth Amendment of the United States Constitution, and Section 504 of the Rehabilitation Act.  (R. Doc. 1).

The Court denied Plaintiff's request for a temporary restraining order at the outset of this matter.  (R. Docs. 3 and 15).  Following a three-day hearing, the Court also denied Plaintiff's request for a preliminary injunction to restrain OJJ from opening BCCY-WF. (R. Doc. 79). Testimony and evidence from the preliminary injunction hearing satisfied the Court that OJJ would provide a constitutional level of care to youth housed at BCCY-WF. *Id.*

This matter is now proceeding under Plaintiff's request for a permanent injunction seeking to close BCCY-WF and remove all OJJ operations from the grounds of LSP.  Critically, the remaining claims in this case no longer challenge OJJ's *plan* to transfer youth to BCCY-WF; rather, Plaintiff challenges the BCCY-WF facility *as applied* and seeks a determination by the Court that the facility's operation and conditions violate the statutory and constitutional rights of the youth housed there.[2] Despite these allegations, none of the plaintiffs are or have ever been housed at BCCY-WF.

---

[1] Alex A. is proceeding under a pseudonym to protect his right to confidentiality as a delinquent youth. La. Ch.C. art. 412.
[2] The first group of youth were transferred to BCCY-WF on or about October 19, 2022, and the facility has been in continuous operation since that time.

On November 21, 2022, Defendants moved to dismiss all claims in the amended complaint for lack of standing. Specifically, Plaintiffs lack standing to mount an as-applied challenge to the conditions of the BCCY-WF facility because they are not currently and have never been subject to the conditions at the BCCY-WF facility and are not currently and have never been subject to any harm or injury from the conditions at the BCCY-WF facility.

On October 27, 2022, the Court entered an Order (Doc. No. 97) setting the pretrial and trial deadlines for this matter. Per that Order, discovery is currently open through March 3, 2023.

On November 2, 2022, Plaintiffs served Defendants with *Plaintiffs' Request for Entry Onto Defendants' Premises for Inspection*, seeking pursuant to Fed. R. Civ. P. 34 to inspect the BCCY-WF facility (i.e., a facility at which Plaintiffs do not reside and have never resided). *See generally* Ex. A, Pls.' Request for Entry Onto Defs.' Premises for Inspection. Additionally, Plaintiffs served Defendants with 31 requests for production of documents and 16 interrogatories including sweeping inquiry into all aspects of OJJ's operations and the BCCY-WF facility. *See generally*, Ex. B., Pls.' Requests for Production of Documents and Interrogatories.

## II.    ARGUMENT AND AUTHORITIES

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). A district court properly exercises this discretion to stay discovery upon a showing of good cause. Fed. R. Civ. P. 26(c). Good cause exists when a party from whom discovery is sought shows that it would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Id*.

To determine whether a stay is appropriate, a district court "must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and

entirely eliminate the need for such discovery." *Von Drake v. Nat'l Board. Co. Inc.*, No. 3-04-CV-0652-R, 2004 U.S. Dist. LEXIS 25090, at *1 (N.D. Tex. May 20, 2004) (staying discovery "may be appropriate where the disposition of a motion to dismiss 'might prejudice the need for discovery altogether thus saving time and expense'" (quoting *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)). Staying discovery may be appropriate when a defendant moves to dismiss based on a threshold issue that could dispose of the litigation in its entirety. *See Summers v. Louisiana*, No. CV 20-21-JWD-SDJ, 2021 WL 4714642, at *1 (M.D. La. Oct. 8, 2021) (citing *Badon v. U.S. Dep't of Agriculture*, No. 20-460, 2021 WL 3201367, at *2 (M.D. La. July, 28, 2021) (finding good cause to stay discovery pending resolution of motion to dismiss which "raises the threshold issue of subject-matter jurisdiction"); *Serafine v. Abbott*, No. 20-1249, 2021 WL 3616102, at *2 (W.D. Tex. May 12, 2021) (finding good cause to stay all discovery pending resolution of threshold issues, including whether the court has jurisdiction to hear the case based on defendant's Younger abstention arguments); *Laufer v. Patel*, No. 20-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case."); *Johnson v. Ashmore*, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until preliminary questions of subject matter jurisdiction are decided).

Defendants have satisfied the "good cause" burden under Rule 26(c), as they would incur unnecessary "undue burden and expense" if required to participate in discovery while their *Motion to Dismiss for Lack of Standing* is pending. If this Court were to grant Defendants' pending motion to dismiss, the need for discovery would be completely eliminated because the Court would not have jurisdiction over Plaintiffs' claims against Defendants. *See Sapp v. Mem. Hermann*

*Healthcare Sys.*, 406 F. App'x 866, 871 (5th Cir. 2010) (affirming district court's decision to stay discovery when questions of law suggest that the case may not reach a determination on the merits).

There is no prejudice to Plaintiffs if the discovery is temporarily stayed pending this Court's ruling on the motion to dismiss. Again, they are not now nor have they ever been subject to confinement at BCCY-WF.

In contrast, Defendants would be significantly prejudiced if they are required to participate in discovery at this time, as to do so would be substantial waste of resources. This is especially true in light of Defendants' meritorious motion to dismiss, which clearly establishes that Plaintiffs lack standing to pursue their claims against Defendants.

The temporary stay of discovery sought by Defendants is in the interests of justice and not to unduly delay these proceedings.

### III.    CONCLUSION

WHEREFORE, Defendants respectfully requests that this Court enter an Order (i) granting this Motion and staying all discovery, including Plaintiffs' request for inspection, until this Court rules on Defendants *Motion to Dismiss for Lack of Standing*; and (ii) granting all further relief, at law or in equity, to which Defendants are entitled.

Dated: November 22, 2022.

Respectfully Submitted:

BY:    */s/ Allena McCain*
         Connell Archey (#20086)
         Randal J. Robert (#21840)
         Allena McCain (#38830)
         Madaline King (#38301)
         BUTLER SNOW LLP
         445 North Boulevard, Suite 300 (70802)
         P.O. Box 2997

Baton Rouge, LA  70821-2997
Telephone:      (225) 325-8700
Facsimile:      (225) 325-8800
Connell.Archey@butlersnow.com
Randy.Robert@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.King@butlersnow.com

Kyle V. Miller (pro hac vice)
Lemuel E. Montgomery III (pro hac vice)
Anna Morris (pro hac vice)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone:      (601) 948-5711
Facsimile:      (601) 985-4500
Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com

Counsel for Defendants
GOVERNOR JOHN BEL EDWARDS, in
his official capacity as Governor of
Louisiana; WILLIAM SOMMERS, in his
official capacity as Deputy Secretary of the
Office of Juvenile Justice; and JAMES M.
LEBLANC, in his official capacity as
Secretary of the Louisiana Department of
Public Safety & Corrections

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 22nd day of November, 2022.

_/s/ Allena McCain_

66543802.v1