UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated** | **CIVIL ACTION**<br><br>**NO. 22-573-SDD-RLB** |

**VERSUS**

**GOVERNOR JOHN BEL EDWARDS,**
in his official capacity as Governor of Louisiana;
**WILLIAM SOMMERS,** in his official
capacity as Deputy Secretary of the
Office of Juvenile Justice,
**JAMES M. LEBLANC,** in his official capacity
as Secretary of the Louisiana Department
of Public Safety & Corrections

## ORDER

Before the Court is Defendants' Motion to Stay Discovery Pending Resolution for Motion to Dismiss for Lack of Standing ("Motion to Stay Discovery") (R. Doc. 103). The Court stayed any duties to respond or object to written discovery already served pending resolution of the instant Motion to Stay Discovery. (R. Doc. 105). The motion is opposed. (R. Doc. 115).

**I.    Background**

This is a putative class action on behalf of certain individuals under the secure care of the Office of Juvenile Justice to obtain injunctive relief preventing their transfer from the Bridge City Center for Youth ("BCCY") to a location at the Louisiana State Penitentiary at Angola known as the Bridge City Center for Youth at West Feliciana ("BCCY-WF"). (R. Docs. 1, 96). The district judge denied Plaintiffs' emergency motion for TRO. (R. Doc. 15).

Pursuant to a protective order, the parties conducted preliminary discovery, including limited depositions, written discovery, and expert discovery in preparation for a preliminary

injunction hearing. (*See* R. Docs. 36, 39; *see also* R. Doc. 95 at 5). The parties also agreed to allow Plaintiffs' expert to conduct a site inspection of the BCCY-WF prior to the hearing. (R. Doc. 25).

On September 23, 2022, the district judge denied Plaintiffs' Motion for Preliminary Injunction, and referred the matter to the undersigned for the issuance of a Scheduling Order. (R. Doc. 79). The Court issued a Scheduling Order on October 27, 2022. (R. Doc. 97).[1]

On October 31, 2022, Plaintiffs filed their Motion for Class Certification. (R. Doc. 99). While Plaintiffs seek to represent a class of individuals who are subject to transfer and who have been transferred to BCCY-WF, the named Plaintiffs in this action have not been transferred to BCCY-WF. The Motion for Class Certification remains pending before the district judge.

On November 21, 2022, Defendants filed their Motion to Dismiss for Lack of Standing ("Motion to Dismiss"). (R. Doc. 102). In support of this motion, Defendants argue that "Plaintiffs lack standing to mount an as-applied challenge to the conditions of the BCCY-WF facility because they are not currently and have never been subject to those conditions and are not currently and have never been subject to any harm or injury from the conditions at the BCCY-WF facility." (R. Doc. 102-3). In opposition to the Motion to Dismiss, and in support of a finding of standing, Plaintiffs argue that "Defendants misconstrue the claims contained in the Amended Complaint by reframing the claims as a challenge only to the conditions of confinement for youth currently held at the [BCCY-WF], even though the Amended Complaint continues to include youth who are at risk of imminent harm *and* youth who are currently confined at BCCY-WF." (R. Doc. 114 at 3). This Motion to Dismiss remains pending before the district judge.

---

[1] Plaintiff sought expedited discovery to conduct a site inspection prior to holding a Rule 26(f) conference. (R. Doc. 82). The Court denied that motion. (R. Doc. 98).

In support of their Motion to Stay Discovery, Defendants similarly argue that because "Plaintiffs are not currently, and have never been, housed at the facility on which discovery is sought, Plaintiffs will suffer no prejudice in a temporary stay of discovery." (R. Doc. 103 at 2). Defendants argue that they have established good cause that they would incur unnecessary "undue burden and expense" if required to participate in discovery prior to the ruling on its Motion to Dismiss, noting that Plaintiffs would not be subject to prejudice because "they are not now nor have they ever been subject to confinement at BCCY-WF." (R. Doc. 103-1 at 5).

Plaintiffs counter that this argument is based on "Defendant's flawed contention that the named Plaintiffs in this action lack standing to sue . . . because they are not housed in [BCCY-WF], although they remain "subject to transfer to [BCCY-WF]." (R. Doc. 115 at 6). Plaintiffs argue that the Motion to Stay Discovery should be denied because Defendants have not demonstrated good cause, Defendants are attempting to delay these proceedings, and Plaintiffs have been and would continue to be unduly burdened by a delay in discovery. (R. Doc. 115 at 3-14)

## II.   Law and Analysis

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978) ).

3

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). Courts also consider "(1) hardship and inequity on the moving party without a stay; (2) prejudice the non-moving party will suffer is a stay is granted; and (3) judicial economy." *See Strong ex rel. Tidewater, Inc. v. Taylor*, No. 11-392, 2013 WL 818893, at * 2 (E.D. La. Mar. 5, 2013). "A stay while a dispositive motion is pending is the exception rather than the rule." *Great Lakes Ins., S.E. v. Gray Grp. Invs., LLC*, No. 20-2795, 2021 WL 7708048, at *10 (E.D. La. May 21, 2021).

Having reviewed the record, and having considered the arguments of the parties, the Court finds good cause to continue its stay of discovery pending resolution of Defendants' Motion to Dismiss. Plaintiffs have already obtained preliminary discovery, including limited depositions, written discovery, expert discovery, and a site inspection to prepare for the preliminary injunction hearing. Plaintiffs did not, however, obtain their sought preliminary injunction precluding their transfer to BCCY-WF. Furthermore, there is no representation in opposition of the instant motion identifying any of the named plaintiffs as currently being held at BCCY-WF. It is therefore unclear how a stay of discovery pending resolution of the threshold issue of standing will prejudice the named plaintiffs.

The undersigned understands that the named plaintiffs believe they have standing to proceed with this lawsuit (even on behalf of individuals already housed at BCCY-WF who challenge conditions of the facility) because they are potentially subject transfer to BCCY-WF. Nevertheless, the district judge has not yet determined whether the named plaintiffs have standing to proceed on behalf of individuals who are currently held at BCCY-WF. Allowing

4

discovery to proceed prior to a determination of standing in this action would subject Defendants to undue burden or expense.

Having reviewed the record, and considering that Defendants' Motion to Dismiss raises the threshold issue of subject-matter jurisdiction, the Court finds good cause to stay discovery pending resolution of Defendants' Motion to Dismiss. *See Badon v. U.S. Dep't of Agric.*, No. 20-460, 2021 WL 3201367, at *1 (M.D. La. July 28, 2021); *see also Summers v. Louisiana*, No. 20-21, 2021 WL 4714642, at *1 (M.D. La. Oct. 8, 2021) (staying discovery where, "[a]mong other things, Defendants raise the issue of whether this Court has subject matter jurisdiction over this litigation, which is a threshold issue that could dispose of this action without the need for further discovery.") (citing *Badon*, 2021 WL 3201367, at *2; *Serafine v. Abbott*, No. 20-1249, 2021 WL 3616102, at *2 (W.D. Tex. May 12, 2021) (finding good cause to stay all discovery pending resolution of threshold issues, including whether the court has jurisdiction to hear the case based on defendant's *Younger* abstention arguments); *Laufer v. Patel*, No. 20-631, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021) ("Because standing is a threshold jurisdictional requirement, the Court agrees with Defendants that discovery should be stayed until the District Court has determined whether it has jurisdiction over this case."); *Johnson v. Ashmore*, No. 15-2475, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until preliminary questions of subject matter jurisdiction are decided)).

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion to Stay Discovery Pending Resolution for Motion to Dismiss for Lack of Standing (R. Doc. 103) is **GRANTED**. Discovery in this action is **STAYED** pending resolution of Defendants' Motion to Dismiss for Lack of Standing. (R. Doc.

102). The parties should immediately contact the undersigned upon resolution of the motion so that the Court may issue a new Scheduling Order.

Signed in Baton Rouge, Louisiana, on January 3, 2023.

						_____
						**RICHARD L. BOURGEOIS, JR.**
						**UNITED STATES MAGISTRATE JUDGE**