UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian Kenione Rogers, individually and on behalf of all others similarly situated,<br><br>  Plaintiffs,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS,[1] in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>  Defendants. | Civil Action No. 3:22-cv-573-SDD-RLB<br><br>**Plaintiffs' Reply Brief to Defendants' Opposition to Plaintiffs' Motion for Access to Counsel** |

## INTRODUCTION

Defendants' memorandum in opposition to Plaintiffs' motion for access to counsel, and their continued blocking of access to the courts for young people held in their Angola facility, is a transparent effort to stop their continued mistreatment of youth in their care from being heard by this Court. Defendants filed a motion to dismiss claiming Plaintiffs lack standing because none of them are in the Angola facility[2], and yet move youth with whom Plaintiffs' counsel visit at Angola to another secure care facility within days of the legal visit.[3] Their

---

[1] On November 18, 2022, Gov. Edwards announced the resignation of Dep. Sec. Sommers and the appointment of Otha "Curtis" Nelson as his replacement. https://gov.louisiana.gov/index.cfm/newsroom/detail/3892  Because Sommers was sued in his official capacity, Nelson is automatically substituted as a Defendant. Fed. R. Civ. P. 25(d). Plaintiff leaves Sommers as a Defendant until the clerk is ordered to change the caption.

[2] Doc. 102.

[3] *See, e.g.*, Doc. 122-3 (Dec. 12, 2022 declaration of Edward E., executed when he was locked up in the Angola facility). Within four days after the legal visit, Edward was moved from Angola to another Office of Juvenile Justice prison. *See,* Exhibit 1 (Dec. 16, 2022, ARP denial).

1

novel interpretations of their rules[4] and stall tactics when responding to requests for visits[5] is designed to hide from this Court the facts on Angola's grounds.[6]

Plaintiffs request that this Court exercise its authority under Fed. R. Civ. P. 23 to protect children in the custody of the Office of Juvenile Justice ("OJJ"). Defendants' opposition to Plaintiffs' Motion for Access to Counsel represents a continued effort to obfuscate and delay this important litigation.

## ARGUMENT

### I. Children Locked Up In Louisiana's Youth Prisons are Putative Class Members.

The three named Plaintiffs—Alex A., Brian B., and Charles C.—have pending a motion for class certification. *See, e.g.*, Doc. 99 (Named Plaintiffs seek certification of "youth who are now or will be in the custody of OJJ who have been, might be, or will be transferred to the OJJ site at Angola or another adult prison."). In spite of the pending motion, Defendants claim members of the putative class are "Non-Party Youths." Doc. 117, p. 3. They then revert to their favorite argument: "The three named Plaintiffs—Alex A., Brian B., and Charles C.—lack standing to assert claims for alleged constitutional violations sustained by the four non-party Youths." *Id.*, p. 5. The youth in question are or were locked up in the Angola facility, are or

---

[4] Although the OJJ policy regarding legal visits is unambiguous, *see* Doc. 113-3 (YS Policy No. C.1.4, titled "Attorney Visits"), Defendants argue that undersigned counsel must *also* comply with another unrelated policy proving they are "their attorneys" before visiting with youth. Doc. 117, p. 2. Not only does the policy titled "Attorney Visits" not refer to any other policy, the policy claimed by Defendants to apply has no reference to attorney visitation at all. *See*, Doc. 117-3 (titled "Access to and Release of Active and Inactive Youth Records).

[5] *See*, Doc. 113-1, pp. 5-6 (undersigned counsel requests legal visits on Nov. 30, 2022, follows up with emails on Dec. 1 and 2 with no responses until a one-sentence denial at the end of the day on Dec. 2).

[6] *See*, Exhibit 2 (ARP documents filed on behalf of Daniel D., who was visited at Angola by Plaintiffs' on Dec. 28, 2022, filed an ARP on Dec. 29, which was denied on a technicality on Dec. 31, refiled the ARP on Jan. 4, 2023, and was moved out of Angola within two days of the refiled ARP).

were in the custody of OJJ, and hence are or were subject to OJJ's complete discretion regarding where they are held, including Angola.[7]

This Court has, of course, authority to regulate counsel's behavior regarding access to and communications with putative class members. *See, e.g., Montelongo v. Meese*, 803 F.2d 1341, 1351 (5th Cir. 1986) ("The district court has great discretion in certifying and managing a proposed class action.") (citations omitted). This includes authority to protect putative class members and "fairly conduct the action.'" *Fed. R. Civ. P. 23(d)(1)(B)*. "Courts may also issue orders that 'deal with similar procedural matters.'" *DW Volbleu, LLC v. Honda Aircraft Company, Inc.*, Case No. 4:21-CV-637-SDJ, 2021 WL 5826536, *1 (E.D. Tx. Dec. 8, 2021) (citing Fed. R. Civ. P. 23(d)(1)(E)).

The three named Plaintiffs, on behalf of the putative class, raise important constitutional issues. *See*, Doc. 96 (First Amended Class Action Complaint). In addition, Plaintiff Intervenors raise claims of direct violations of their civil rights while in OJJ custody *on the grounds of* Angola. *See*, Doc. 120, Doc. 122 (Motion for Leave to Intervene and Join in Pending Motions and attached exhibits). "The constitutional guarantee of due process of law has as a corollary the requirement that prisoners be afforded access to the courts in order to challenge unlawful convictions and to seek redress for violations of their constitutional rights. This means that inmates must have a reasonable opportunity to seek and receive the assistance

---

[7] In addition to Daniel D. and Edward E., Plaintiffs' counsel sought and were denied visits with two youth at the Angola facility as co-counsel with the youths' public defenders. *See*, Exhibit 3 (email correspondence requesting visits, with documentation that Plaintiffs' counsel serve as co-counsel for two, and email denying legal visit because the "letter of representation is not executed" by legal guardians). One was released from OJJ custody by his judge at some point after the request to visit. *See*, Exhibit 4 (email correspondence between Plaintiffs' counsel confirming conversation with public defender). The other remains at Angola, at least as of January 13, 2023. Even though Plaintiffs' counsel has provided proof that they represent the young person as co-counsel with the youth's public defender, OJJ continues to deny access. *See*, Exhibit 5 (email correspondence renewing request for legal visit and denying legal visit even though Plaintiffs' counsel represents youth with appointed public defender).

3

of attorneys." *Procunier v. Martinez*, 416 U.S. 396, 419 (1974). This is even more critical where the constitutional rights of children are implicated as here. Defendants continued delay and outright denial of access to counsel for members of the putative class requires this Court to exercise its authority under Fed. R. Civ. P. 23 to protect children in the custody of OJJ.

## **CONCLUSION**

For the reasons stated above and in Plaintiffs' main brief on this motion, Plaintiffs respectfully request that the Court exercise its authority under Fed. R. Civ. P. 23 and permit members of the putative class access to Plaintiffs' counsel.

Respectfully submitted, this 18th day of January, 2023.

/s/: *David J. Utter*
DAVID J. UTTER **
Louisiana Bar Number: 23236
WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
david@claibornefirm.com
will@claibornefirm.com

/s/: *Christopher J. Murell*
CHRISTOPHER J. MURELL
Louisiana Bar Number: 32075
MURELL LAW FIRM
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
(504) 233-6691 Facsimile
chris@murell.law

/s/: *Hector Linares*
HECTOR LINARES
Louisiana Bar Number: 28857
SARA GODCHAUX
Louisiana Bar Number: 34561
STUART H. SMITH LAW CLINIC
LOYOLA UNIVERSITY NEW ORLEANS
COLLEGE OF LAW
7214 St. Charles Avenue, Box 902
New Orleans, Louisiana 70118
(504) 861-5560 Telephone
(504) 861-5440 Facsimile
halinare@loyno.edu
shgodcha@loyno.edu

 s/ *Nancy Rosenbloom*
NANCY ROSENBLOOM
New York Bar Number: 2168425
ACLU NATIONAL PRISON PROJECT
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2652
nrosenbloom@aclu.org

/s/ *Tammie Gregg*
TAMMIE GREGG*
MN Bar Number: 026240
ACLU NATIONAL PRISON PROJECT
915 15th St. N.W., 7th Floor

4

/s/: *David Shanies*
DAVID SHANIES
New York Bar Number: 4471140
SHANIES LAW OFFICE
110 West 40th Street
Tenth Floor
New York, New York 10018
Tel (212) 951-1710
Fax (212) 951-1350
Cell (646) 515-2151
david@shanieslaw.com

Washington D.C. 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
tgregg@aclu.org

/s/: *Susan Meyers*
SUSAN MEYERS
Louisiana Bar Number: 29346
ASHLEY DALTON
Louisiana Bar Number: 40330
LAUREN WINKLER
Louisiana Bar Number: 39062
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Phone: (504) 512-8649
Facsimile: (504) 486-8947
susan.meyers@splcenter.org
ashley.dalton@splcenter.org
lauren.winkler@splcenter.org

\*\* *Lead Counsel*
\*Not admitted in DC; practice limited to federal courts

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on January 18, 2023, a copy of the foregoing was filed electronically with the Clerk of the Court, using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system and/or via U.S. Postal Service to counsel of record.

/s/ *David J. Utter*
David J. Utter