# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian Kenione Rogers, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS,[1] in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>          Defendants. | Civil Action No. 3:22-cv-573-SDD-RLB |

# EXHIBIT 2

---

[1] On November 18, 2022, Gov. Edwards announced the resignation of Dep. Sec. Sommers and the appointment of Otha "Curtis" Nelson as his replacement.   https://gov.louisiana.gov/index.cfm/newsroom/detail/3892   Because Sommers was sued in his official capacity, Nelson is automatically substituted as a Defendant. Fed. R. Civ. P. 25(d). Plaintiff leaves Sommers as a Defendant until the clerk is ordered to change the caption.



**EMERGENCY ARP APPLICATION**

**December 29, 2022**

**Submitted On Behalf of** REDACTED

This is an Emergency ARP submitted on behalf of REDACTED

I am an attorney representing REDACTED, who is a minor. I was retained to represent REDACTED by his guardian, Ms. Angela Williams. A letter of representation and authority to file a 3rd party ARP signed by Ms. Williams on behalf REDACTED has previously been provided. I have also personally spoken with REDACTED who gave me authority to file this 3rd party ARP on his behalf. I am filing this Emergency ARP on REDACTED behalf pursuant to La. Admin. Code tit. 22 ch. 7A. § 713.F.6 and OJJ Youth Services Policy B.5.3.VII.I. Because this is an Emergency ARP, the secure facilities director must provide an initial response within 48 hours and issue a final decision within five calendar days of submission. If no response is provided within five calendar days, this emergency grievance shall be deemed exhausted and ripe for judicial review.

Because this grievance arises directly from the imminent risk of physical and emotional harm that REDACTED faces as a result of his placement in the OJJ facility on the grounds of the Louisiana State Penitentiary at Angola ("Angola"), this grievance must be treated as an Emergency ARP under both the Louisiana Administrative Code and OJJ Youth Services Policy. REDACTED placement at Angola is, according to OJJ policy, supposed to be temporary, lasting no more than several weeks, a period of time shorter than the standard ARP grievance timeline. The harm currently suffered by REDACTED subjects him to an immediate and substantial risk of personal injury and other serious and irreparable harm, and the risk that his peers in OJJ custody may be moved to Angola exposes them to immediate and substantial risk of personal injury and other serious and irreparable harm.

REDACTED is filing this emergency application on behalf of himself and all other similarly-situated youth who are in OJJ custody and housed in secure care facilities who are currently in Angola or who may be moved to Angola at any time. Governor John Bel Edwards announced on July 19, 2022 that youth at Bridge City who are not in the Juveniles Understanding and Managing Problematic Behavior Program ("JUMP") would be moved to Angola in the near future. On October 19, 2022, OJJ announced by press release that it had completed its first phase of moving

2831 St. Claude Ave.
New Orleans, Louisiana 70117
504.358.0457 (P)
504.233.6691(F)
chris@murell.law
www.murell.law

youth in its custody to Angola. OJJ confirmed that they had moved four youth from St. Martinville and four youth from Swanson Center for Youth at Monroe to Angola. [REDACTED] is one of the youth who has been moved to Angola

**The Problems:**

[REDACTED] has been moved to the former death row unit at Angola, an adult maximum-security prison, and is exposed to a serious risk of harm, including heightened risk of suicide; denial of counseling and other rehabilitative treatment and therapies; physical harm from improperly trained and overworked staff, many of whom are employed by DOC not OJJ; and is subject to psychologically harmful solitary confinement in Angola's former death row cells. These unconstitutional conditions of confinement represent an unwarranted and unlawful danger to [REDACTED] and to all others at risk of being so detained.

1. As a child adjudicated delinquent, [REDACTED] has not been convicted of a crime. As a result, [REDACTED] and his peers are entitled under both federal and state law to receive treatment and rehabilitation, not punishment in an adult prison. The physical environment and design of the site at Angola and the absence of appropriate and supportive rehabilitative programming and treatment—including mental health treatment, counseling, and therapies—is a violation of due process for [REDACTED] and his peers.

2. As part of his legal right to rehabilitation and treatment in OJJ custody [REDACTED]—like his similarly-situated peers—requires comprehensive and frequent access to anger management treatment, substance abuse counseling, and other types of therapy and counseling. In order to deliver these programs in an effective, trauma-informed, and youth-focused manner, there must be adequate and well-trained staff available to provide regular therapies.

3. In order to deliver these programs in an effective, trauma-informed, and youth-focused manner, there must be adequate and well-trained staff available to provide regular therapies. The Angola site does not have these programs or available staff to provide these services to which [REDACTED] and his peers are entitled. Specifically, when previously housed at Bridge City and St. Martinsville, [REDACTED] received substance abuse counseling that he found very helpful. No such counseling is given at Angola.

   Without access to these rehabilitative programs and therapies [REDACTED] will experience serious emotional harm that could jeopardize his ability to progress on his rehabilitative journey and return home to his family and community.

4. [REDACTED] move to Angola places him in a building with former death row cells with floor-to-ceiling barred doors rather than dorms or individual rooms. [REDACTED] does not have

2831 St. Claude Ave.
New Orleans, Louisiana 70117
504.358.0457 (P)
504.233.6691 (F)
chris@murell.law
www.murell.law

privacy and is being deprived of living in a normalized environment at the Angola site.

5. Whether by policy, understaffing, or otherwise, REDACTED is forced to spend more than 15 hours a day in solitary confinement without peer interaction or the opportunity to leave. Every afternoon at 5pm, REDACTED is locked in his cell until approximately 6:45 a.m. the next day. On school days, he is able to leave his cell for eating, class, and recreation approximately 8 hours or less. On non-school days, it is 7 hours or less. Throughout all days of the week, REDACTED is returned alone back to his cell rather than being able to interact with other children.

    When a fight occurs between any youth on REDACTED tier and staff, all children on REDACTED pod are locked down for days at a time where they can only leave their cell for showers. In one incident, REDACTED and all others on his pod were locked in their cells for 3-4 days. REDACTED entire pod has been locked down and unable to leave for multiple days approximately 3-4 times since he was moved there. In addition, the power in the building often goes out after it rains or storms. When the power goes out, REDACTED and the other youth on his dorm get locked in their cells the whole day other than to eat, including not being able to go to their classrooms.

    Recent House Bill 746 defines solitary confinement as the "involuntary placement of a juvenile alone in a cell, room, or other area, except during regularly scheduled sleeping hours." OJJ is forbidden under this new law from placing REDACTED and his peers in their cells for long periods of the day unless they pose a serious and immediate threat of physical harm. Despite this law, OJJ resorts to using solitary confinement at Angola for excessive periods of time in violation of the law. Solitary confinement has been shown to have extremely detrimental impacts on the mental health and wellbeing of all people, especially youth, and can lead to a heightened risk of suicide. REDACTED is experiencing harm at Angola when he is placed in solitary confinement.

6. There is inadequate recreation pursuant to OJJ policy available to REDACTED at Angola. If it is raining or cold REDACTED and the other youth are not allowed outside to exercise. They instead are placed in a room where the only entertainment is a single x-box. No staff members lead any type of group exercise inside, nor is there any room for recreation indoors anywhere at Angola.

7. REDACTED has been subjected to unconstitutional abuse in direct violation of OJJ policy by untrained DOC guards. REDACTED sees DOC guards every day. If there is an incident between the youth or youth and staff, DOC guards immediately intervene. When the DOC guards arrive, the OJJ staff all back away and say the situation is in DOC's hands and whatever DOC says goes. In one incident, another youth hit a staff member. DOC barged into the classroom and ordered all children against the wall, including all of those that had nothing to do with the incident like REDACTED. A DOC guard grabbed REDACTED

2831 St. Claude Ave.
New Orleans, Louisiana 70117
504.358.0457 (P)
504.233.6691 (F)
chris@murell.law
www.murell.law

arms, twisting them behind his back and hurting him. Another time, DOC guards brought in a wooden stick to threaten the youths with [REDACTED] was terrified he would be beat by the guard.

[REDACTED] has also been maced by an OJJ guard at Angola, contrary to practice at all other OJJ facilities. [REDACTED] has seen mace used twice in his short time at Angola.

8. The state of the conditions of the cells where the children are locked the majority of every day are filthy. There is mold in [REDACTED] water faucet he has to use to brush his teeth. He can see the water he uses to brush his teeth and sometimes has to drink passing through the mold before it goes into his mouth. He has no other option for clean water when locked inside his cell unless a guard decides to bring him some.

9. These serious and unwarranted conditions of confinement expose [REDACTED] and his peers to physical and emotional harm. These violations must be stopped immediately, before [REDACTED] spends another day in Angola and more youth are imminently moved to Angola and suffer the serious harms presented above.

**The Remedy Sought:**

[REDACTED] as well as other children in OJJ custody and/or otherwise confined in secure care facilities throughout the state, are at immediate risk of substantial harm if continued detention occurs under these dangerous conditions. Accordingly, the following remedies are requested:

1. The decision to move youth from OJJ custody to Angola must be immediately retracted, and any plans that are currently being put in place to move youth to Angola must be halted immediately.

2. [REDACTED] and all other youth in OJJ custody must be evaluated by OJJ to determine whether they can be recommended for a step-down or release to the community, in an effort to help depopulate OJJ secure care facilities.

[REDACTED] must be moved from Angola and moved to a facility to receive mandated rehabilitation programming and treatment, including counseling, and other therapies to ensure their continued rehabilitation and allow them to return home to his family and community as soon as possible.

**The Response**

Per the Office of Juvenile Justice's Administrative Remedy Procedure B.4.3.VII.I, you are required to respond within 48 hours to the submission of this Emergency ARP, and you must

2831 St. Claude Ave.
New Orleans, Louisiana 70117
504.358.0457 (P)
504.233.6691(F)
chris@murell.law
www.murell.law

provide a final decision within 5 days of filing. At that point, this emergency grievance shall be deemed exhausted and ripe for judicial review.

Christopher J. Murell, on behalf of REDACTED

December 29, 2022

2831 St. Claude Ave.
New Orleans, Louisiana 70117
504.358.0457 (P)
504.233.6691 (F)
chris@murell.law
www.murell.law



**JOHN BEL EDWARDS,** Governor

**OTHA "CURTIS" NELSON, JR,** Deputy Secretary

# Office of Juvenile Justice

## EMERGENCY ARP RESPONSE

### December 31, 2022

### Submitted on Behalf of REDACTED

BCCY-West Feliciana

At 6:33 p.m. on December 29, 2022, we received your request for an ARP designated as an "Emergency ARP" filed on behalf of Youth REDACTED. The ARP does not include a completed signed statement by the youth agreeing to an attorney filing an ARP on the youth's behalf. The "Emergency ARP" does not constitute compliance with OJJ's Administrative Remedy Policy and is rejected for the noted deficiency.

With regards,

*Kevin Thomas*

**Kevin Thomas**
Statewide Facility Director
Office of Juvenile Justice
7919 Independence Blvd.
Baton Rouge, LA  70806
Cell: 225-226-0359
Kevin.Thomas@la.gov



## Administrative Remedy Procedure

## Third Party Acknowledgement/Approval Form

January 3, 2023

I, REDACTED , do hereby agree/approve Christopher Murell to file an ARP on my behalf. I understand that Christopher Murell is not my parent or legal guardian, and is acting in my best interest.



_____
Witness

*Violet Lee*
_____
Witness Name Printed

1/4/2023
Date

1/4/23
Date

2831 St. Claude Ave.
New Orleans, Louisiana 70117
504.358.0457 (P)
504.233.6691 (F)
chris@murell.law
www.murell.law

# David Utter

| | |
|---|---|
| **From:** | Christopher Murell <chris@murell.law> |
| **Sent:** | Wednesday, January 4, 2023 3:34 PM |
| **To:** | Revettea Woods; David Utter; Angelic Keller; Linda London; Lem Montgomery; Kyle Miller; Shaeki Shanklin; Donna Bowie; Curtis Nelson; Kevin Thomas |
| **Cc:** | Tammie Gregg; Hector Linares; Sara Godchaux; Nancy Rosenbloom; Marisol Dominguez-Ruiz; David Shanies; rhaley ronaldhaleylawfirm.com |
| **Subject:** | Emergency ARP on behalf of N.B. |
| **Attachments:** | 2022.1.4 3rd party signature.pdf; 2022.11.26 Letter of rep NB.pdf; 2022.12.29 Final ARP.pdf |

Counsel and OJJ--

Find attached documents constituting an Emergency ARP on behalf of my client, REDACTED a youth in OJJ custody at BCCY-West Feliciana. In addition, I have included an signed 3d party authorization and representation letter.

Please respond within proper time periods discussed in the Emergency ARP. I can be reached at this email or (504) 717-1297.

Christopher J. Murell
Murell Law Firm
2831 St. Claude Avenue
New Orleans, LA 70117
(504) 717-1297 (P)
(504) 233-6691(F)



JOHN BEL EDWARDS, Governor

OTHA "CURTIS" NELSON, JR, Deputy Secretary

# Office of Juvenile Justice

## EMERGENCY ARP RESPONSE

### January 6, 2023

### Submitted on Behalf of REDACTED

BCCY-West Feliciana

We acknowledge receipt of your request for an Emergency ARP at 2:43 pm on January 4, 2023. Youth REDACTED ARP is designated as an "Emergency ARP". Youth REDACTED is not subject to any immediate risk of harm nor is Youth REDACTED subject to any substantial risk of imminent personal injury or serious and irreparable harm. Youth REDACTED is not housed at BCCY/WF. Therefore, the ARP does not qualify as an Emergency ARP. This request is being denied.

With regards,

*Kevin Thomas* (signature)

**Kevin Thomas**
Statewide Facility Director
Office of Juvenile Justice
7919 Independence Blvd.
Baton Rouge, LA 70806
Cell: 225-226-0359
Kevin.Thomas@la.gov