UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian Kenione Rogers, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>DANIEL D. and EDWARD E.,<br><br>Proposed Plaintiffs-Intervenors,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS,[1] in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>Defendants. | Civil Action No. 3:22-cv-573-SDD-RLB |

**MEMORANDUM IN SUPPORT
OF MOTION FOR ACCESS TO OJJ CLIENT RECORDS**

MAY IT PLEASE THE COURT:

Plaintiffs move this Honorable Court to order that Defendants' Office of Juvenile Justice ("OJJ") comply with their own policy to produce juvenile records requested by counsel for the individual Plaintiffs and Proposed Plaintiffs-Intervenors as required by state and federal laws.

**PROCEDURAL HISTORY**

On August 19, 2022, Plaintiff Alex A. filed a class action complaint against Defendants,

---

[1] On November 18, 2022, Gov. Edwards announced the resignation of Dep. Sec. Sommers and the appointment of Otha "Curtis" Nelson as his replacement. https://gov.louisiana.gov/index.cfm/newsroom/detail/3892  Because Sommers was sued in his official capacity, Nelson is automatically substituted as a Defendant. Fed. R. Civ. P. 25(d). Plaintiff leaves Sommers as a Defendant until the clerk is ordered to change the caption.

bringing claims for declaratory and injunctive relief under the Fourteenth Amendment of the U.S. Constitution and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794.[2] On October 25, 2022, Plaintiffs filed a First Amended Class Action Complaint, which includes additional individual plaintiffs, Brian B. and Charles C., who are also proposed class representatives, and an additional claim under the Americans with Disabilities Act ("ADA"), among other updates.[3] Plaintiffs' Motion for Class Certification has been fully briefed.[4] On January 29, 2023, Plaintiff-Intervenors Daniel D. and Edward E. filed a Motion to Intervene and a proposed Complaint in Intervention in the current matter.[5]

On November 21, 2022, Defendants filed a Motion to Dismiss for Lack of Standing.[6] On November 22, 2022, Defendants filed a Motion to Stay Discovery.[7] On January 3, 2023, the Court granted Defendants' Motion to Stay Discovery pending resolution of Defendants' Motion to Dismiss for Lack of Standing.[8] The Court's order, however, did not in any way abrogate the statutory rights of Plaintiffs to request and access their respective individual records through counsel in compliance with state and federal laws and OJJ policy. Plaintiffs have pending a request for access to counsel.[9]

---

[2] Compl., ECF No. 1 (Aug. 19, 2022).

[3] Am. Compl., ECF. No. 96 (Oct. 25, 2022).

[4] ECF Nos. 99 (Oct. 31, 2022) (Mot. to Certify Class), 101 (Nov. 21, 2022) (Defs.' Resp. in Opp.), 112 (Dec. 6, 2022) (Pls.' Reply).

[5] Mot. to Intervene, ECF No. 120 (Jan. 5, 2023).

[6] Mot. to Dismiss, ECF No. 102 (Nov. 21, 2022).

[7] Mot. to Stay, ECF No. 103 (Nov. 22, 2022).

[8] Order, ECF No. 118 (Jan 4, 2023).

[9] Mot. for Access to Counsel, ECF No. 113 (Dec. 8, 2023).

This motion for access to the children's own institutional records is not made pursuant to the rules of discovery, but rather seeks an Order that OJJ comply with its own policies and procedures and provide Plaintiffs and their counsel with a critical aspect of representing Plaintiffs: Plaintiffs' institutional files.

**STATEMENT OF FACTS**

OJJ Policy D.5.1 related to Youth Records detail the various individual documents that make up the case record for youth in OJJ custody.[10] These documents include the youth's master form/face sheet; time computation form; offense report; intake screening report; petitions; probation order(s); custody order, commitment order, motion to modify, etc.; social security card, consent for release of information, staffing forms, AFCARS juvenile source document; photos of youth; administrative/case review report; ISP; IAA/DDA agreement forms; PDI/social history, supplemental social; psychological/psychiatric evaluation; correspondence; progress reports; school records; unusual occurrence reports; electronic monitoring forms; ICJ forms/reports; PREA confirmation of receipt; verification of personal service; grievance procedure; crime victim notification request; IV-E candidacy pre-screen form; drug screen result form; media release (youth) form; and probation/parole notification of discharge.[11] Although not every youth in OJJ custody will have every type of document listed above in their case record, a youth's file can be substantial in size, particularly if the youth has been in OJJ custody for an extended period of time.

On August 16, 2022, counsel for Plaintiffs requested all juvenile records for Alex. A. via an email to counsel for OJJ. On various dates between September 2 to December 8, 2022, counsel

---

[10] *See* OJJ YS Policy No. D.5.1, pp. 5-7, available at https://ojj.la.gov/wp-content/uploads/2022/09/D.5.1-Community-Based-Services-Youth-Records-Composition-and-Maintenance-09-19-22.pdf.

[11] *Id.*

for Plaintiffs requested all of the other Plaintiffs' and Plaintiff-Intervenors' juvenile records through the OJJ online records request portal. Each of the requests submitted by Plaintiffs' counsel, Hector Linares, complied with law and OJJ policy by including a representation letter signed by the appropriate legal guardian or by the youth himself in the case he has reached the age of majority.

The representation letters all contain language affirming that Hector Linares and the Loyola Law Clinic have been retained by the Plaintiff or legal guardian to represent the youth and explicitly authorize counsel "to request and receive any educational, medical, and other records" pertaining to the individual Plaintiff.[12] Most of the requests also included an additional HIPAA-compliant release form signed by the legal guardian for minor Plaintiffs and by the Plaintiff himself if the youth has reached the age of majority. Notwithstanding the fact that Plaintiffs' counsel properly followed procedures in each instance, OJJ has failed to produce a complete set of records for almost every Plaintiff despite over the course of three to seven months. The circumstances related to each individual records request are as follows.

On August 25, 2022, undersigned counsel requested the entire record for Plaintiff Alex A. from OJJ. The request was assigned reference number J000170-082522. On September 2, 2022, OJJ provided records consisting of a set of ten documents, all labeled as medical records, and one additional document consisting of fourteen pages of educational records. This release was listed as a partial release. OJJ has not provided any additional records for Alex A. since the initial release. The online portal currently indicates a status of Partial Release/In Progress for Alex A.'s records request.

On September 14, 2022, undersigned counsel requested the entire record for Plaintiff Brian

---

[12] *See,* Exhibit 1 (representation documentation with names and personal identifying information redacted). The unredacted exhibit will be filed pursuant to a motion to seal and provided to defense counsel.

B. from OJJ. The request was assigned reference number J000180-091422. On October 4, 2022, OJJ provided records consisting of thirteen documents labeled medical records and one twenty-eight-page document of non-medical records. OJJ has not provided any additional records for Brian B. since the initial release. The online portal currently indicates a status of Completed for Brian B.'s records request. Notwithstanding the indication that records production is complete, the records provided for Brian B. do not include, among other missing documents, any educational records except for records of an educational staffing on a single date of June 21, 2022 while the student's master record indicates he has been in OJJ custody since 2019.

On October 23, 2022, undersigned counsel requested the entire record for Plaintiff Charles C. from OJJ. The request was assigned reference number J000194-102322. Nearly four months later, on February 20, 2023, OJJ provided records consisting of a single document of only five pages. OJJ has not provided any additional records for Charles C. since the initial release. The online portal currently indicates a status of In Progress for Charles C.'s records request.

On November 29, 2022, undersigned counsel requested the entire record for Proposed Plaintiff-Intervenor Edward E. from OJJ. The request was assigned reference number J000208-112922. Nearly three months later, on February 20, 2023, OJJ provided records consisting of a single document of only seven pages. OJJ has not provided any additional records for Edward E. since the initial release. The online portal currently indicates a status of In Progress for Edward E.'s records request.

On December 8, 2022, undersigned counsel requested the entire record for proposed Plaintiff-Intervenor Daniel D. from OJJ. The request was assigned reference number J000216-120822. On January 6, 2023, OJJ provided records consisting of a single document of fifty-three pages. OJJ has not provided any additional records for Daniel D. since the initial release. The

online portal currently indicates a status of Completed for Daniel D.'s records request. Notwithstanding the indication that records production is complete, the records provided for Daniel D. do not include, among other missing documents, any educational records, or any records from juvenile court delinquency proceedings such as a petition, judgment of disposition, or pre-disposition investigation report that should be a part of the youth's case record.

On February 8, 2023, Plaintiffs' counsel sent emails to OJJ counsel requesting "the complete files on each youth."[13] To date, OJJ's counsel nor any of their representatives have responded.

## LEGAL ARGUMENT

**I. Defendants' Failure to Provide Complete Records Violates Plaintiffs' Right to Access Their Records Under Louisiana Law, Federal Law, and OJJ Policy.**

The Louisiana Children's Code establishes that:

> Notwithstanding any other provision of law to the contrary, access to review all records and reports concerning a child in the custody of the office of juvenile justice, including but not limited to records relating to condition, housing, supervision, treatment, rehabilitation program, education, health, discipline, transition planning, risk assessments, and status reports *shall be promptly provided to counsel enrolled for the child or engaged by the child*, or to the child's legal guardian, upon written request to the office of juvenile justice.[14]

Accordingly, OJJ's Youth Records policy provides for the release of youth case records and information "in accordance with provisions of the La. Children's Code, Articles 411 through 417."[15]

---

[13] *See,* Exhibit 2 (emails from David Utter and Hector Linares to OJJ counsel with names and personal identifying information redacted). The unredacted exhibit will be filed pursuant to a motion to seal and provided to defense counsel.

[14] La. Ch. C. Art. 412 (C) (emphasis added).

[15] OJJ Policy D.5.1, available at https://ojj.la.gov/wp-content/uploads/2022/09/D.5.1-Community-Based-Services-Youth-Records-Composition-and-Maintenance-09-19-22.pdf

With regard to educational records specifically, Louisiana grants the parents of public school children the right "[t]o inspect their child's school records, and to receive a copy of their child's records within ten business days of submitting a written request."[16] These records include academic records, records of any mental health counseling, records of any vocational counseling, records of discipline, records of attendance, records of the child's screening for learning challenges, IEPs, IAPs, and any other student-specific file, document, or other material maintained by the school.[17] Under the Family Educational Rights and Privacy Act ("FERPA"), any educational agency or institution is required to provide any parent or eligible student the opportunity to inspect and review the student's records within a reasonable period, but not more than forty-five days after the request is received.[18] The federal regulations for the Individuals with Disabilities Education Act ("IDEA") similarly grant the parents of special education students the right to inspect and review any education records relating to their children without unnecessary delay "and in no case more than 45 days after the request has been made."[19]

Here, Plaintiffs have complied with all statutory and policy requirements for obtaining records by submitting requests for individual Plaintiffs through the OJJ online records request portal. Nevertheless, with regard to almost every Plaintiff, Defendants have failed to provide a complete set of records to undersigned counsel. The only records requests listed as "Complete" on OJJ's online portal are those for Brian B. and Daniel D., yet the productions for both youths are missing entire categories of records. For the other Plaintiffs, the partial releases contain as little as five pages of records and are missing entire categories of records that should be part of their case

---

[16] La. Rev. Stat. § 17:406.9(B)(2).

[17] *Id.*

[18] 34 C.F.R. § 99.10.

[19] 34 C.F.R. § 300.613.

record. As a result, the Office of Juvenile Justice is in flagrant violation of state and federal laws and its own policies by failing to provide complete records subject to the requests it received between three and six months ago.

As mentioned before, this is not a discovery motion. For Plaintiffs to be able to pursue this case, access to Plaintiffs' OJJ records is essential. For example, the records of each Plaintiff who was recommended for transfer to the OJJ Angola facility from another secure OJJ facility would be in their files. Similarly, records of the rehabilitative services, regular and special education services, counseling and/or treatment the Plaintiffs in custody at the Angola facility did or did not receive would be included. The very fact of whether and when OJJ moved each Plaintiff to the OJJ Angola site should be in the files as well. This last piece is especially vital, given that Defendants have impeded Plaintiffs' access to legal visits from their counsel.[20]

## CONCLUSION

Defendants in this case are in violation of multiple state and federal laws that require Plaintiffs' records to be released to undersigned counsel in their entirety. Plaintiffs request an Order from this Court requiring Defendants to comply with the records requests made by Plaintiffs' counsel.

Respectfully submitted, this 10th day of March, 2023.

/s/: *David J. Utter*
DAVID J. UTTER **
Louisiana Bar Number: 23236
WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone

/s/: *Christopher J. Murell*
CHRISTOPHER J. MURELL
Louisiana Bar Number: 32075
MURELL LAW FIRM
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
(504) 233-6691 Facsimile
chris@murrell.law

---

[20] *See* Mot. for Access to Counsel, ECF No. 113 (Dec. 8, 2023).

(912) 236-1884 Facsimile
david@claibornefirm.com
will@claibornefirm.com

/s/: *Hector Linares*
HECTOR LINARES
Louisiana Bar Number: 28857
SARA GODCHAUX
Louisiana Bar Number: 34561
STUART H. SMITH LAW CLINIC
LOYOLA UNIVERSITY NEW ORLEANS COLLEGE OF LAW
7214 St. Charles Avenue, Box 902
New Orleans, Louisiana 70118
(504) 861-5560 Telephone
(504) 861-5440 Facsimile
halinare@loyno.edu
shgodcha@loyno.edu

/s/: *David Shanies*
DAVID SHANIES
New York Bar Number: 4471140
SHANIES LAW OFFICE
110 West 40th Street
Tenth Floor
New York, New York 10018
Tel (212) 951-1710
Fax (212) 951-1350
Cell (646) 515-2151
david@shanieslaw.com

/s/ *Nancy Rosenbloom*
NANCY ROSENBLOOM
New York Bar Number: 2168425
ACLU NATIONAL PRISON PROJECT
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2652
nrosenbloom@aclu.org

/s/ *Tammie Gregg*
TAMMIE GREGG*
MN Bar Number: 026240
ACLU NATIONAL PRISON PROJECT
915 15th St. N.W., 7th Floor
Washington D.C. 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
tgregg@aclu.org

/s/ *Susan M. Meyers*
SUSAN M. MEYERS
Louisiana Bar Number: 29346
LAUREN WINKLER
Louisiana Bar Number: 39062
ASHLEY DALTON
Louisiana Bar Number: 40330
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: 504-512-8649
susan.meyers@splcenter.org
lauren.winkler@splcenter.org
ashley.dalton@splcenter.org

** *Lead Counsel*
*Not admitted in DC; practice limited to federal courts
**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of March, 2023, a copy of the foregoing was served upon all counsel of record by electronic transmission.

/s/ *David J. Utter*
DAVID J. UTTER