IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Civ. A. No. 3:22-CV-00573-SDD-RLB<br>) |
| GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, | )<br>)   DEFENDANTS' RESPONSE IN<br>)   OPPOSITION TO MOTION FOR ACCESS<br>)   TO OJJ CLIENT RECORDS<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

NOW COME, through undersigned counsel, Defendants, who submit this memorandum in response to the Plaintiffs' *Motion for Access to OJJ Client Records* (R. Doc. 138) (the "Motion"). The Court should deny the Motion. As an initial matter, similar to Plaintiffs' recent *Motion for Access to Counsel* (R. Doc. 113), this Motion is procedurally improper, addressing grievances unrelated to the claims Plaintiffs assert in the litigation. Furthermore, even if this case was an appropriate forum to seek the relief requested in Plaintiffs' Motion (and it is not), OJJ has either fully responded to the subject records requests or is gathering additional information to provide complete responses.

1. **Plaintiffs' Motion improperly addresses grievances unrelated to the claims in this litigation.**

Plaintiffs have again come to Court in the present case to address grievances unrelated to this case. Plaintiffs continue to use this matter not as a means to seek justice for the causes of action alleged in the Amended Complaint, but as a public forum for airing various frustrations with OJJ's operations and policies.

This Court recently rejected a similar attempt by Plaintiffs to litigate disagreements unrelated to the issues present in this litigation. In its Report and Recommendations on Plaintiffs' Motion for Access to Counsel, the Magistrate Judge recognized that the relief sought by Plaintiffs was "well beyond the scope of the allegations in the First Amended Complaint" and found that it is therefore improper to adjudicate the issue of "access to counsel" in this action. (R. Doc. 143 at 4-5).

The same logic applies here to the issue of "access to records." There are no allegations in the Amended Complaint regarding access to records. The issues raised in the Motion are "not properly connected to the underlying proceedings," and it is inappropriate for the Court to consider these issues in this context. *See Nationalist Movement v. Town of Jena*, 321 F. App'x 359, 364 (5th Cir. 2009) (affirming district court's denial of party's motions that addressed issues that "simply did not fall under the pleaded facts of the complaint"; finding such issues were "outside the scope of the pleadings"). Indeed, Plaintiffs concede that their current concerns about access to records are unrelated to any discovery in this matter. (R. Doc. 137 at 1-2; "This motion is not made pursuant to the rules of discovery, which has been stayed, but rather seeks an Order that OJJ comply with its own policies and procedures and provide Plaintiffs' counsel with their clients' own institutional records…."). As such, the Court should follow the reasoning of its recent Report and Recommendations (R. Doc. 143) and should deny the Motion as procedurally improper.

**2.    Even if this case presented an appropriate forum for the relief sought by the Plaintiffs' Motion, and it does not, OJJ has properly responded to all records requests or is actively working to provide complete records.**

The specific circumstances behind the records requests outlined in the Motion are not material to the Court's consideration of the Motion. *See supra, generally*. Nevertheless, OJJ provides the following explanation and update to the Court and counsel regarding the records requests.

Youth Services Policy B.3.1 and B.3.2 provide OJJ's policies and procedures regarding records of youth in OJJ secure care facilities.[1] *See* Declaration of Revettea Woods ("Woods Dec."), *attached as* Exhibit 1 at ¶ 4. Policy B.3.2, entitled "Access to and Release of Active and Inactive Youth Records," provides the procedures for access to and release of records of youth in OJJ custody. *See generally* Policy B.3.2, attached as Exhibit A to Woods Dec. (Ex. 1) at ¶ 5. This policy provides: "It is the Deputy Secretary's policy that all information obtained on a youth shall be confidential and shall not be subject to public inspection or be disclosed directly or indirectly to anyone except in accordance with this policy." *Id.* at 2. The policy provides specific criteria for the release of a youth's records (*see generally id.* at 2-6), as well as specific criteria for establishing an attorney-client relationship (*see id.* at 3). The policy requires that all records requests be made in writing. *Id.* at 7.

All records requests submitted to OJJ are processed by OJJ's legal department. *Id.* at 2. Records requests are reviewed to ensure that requests are properly executed and documented before documents are collected from each facility and department that may have responsive records. *See* Woods Dec. (Ex. 1) at ¶ 6. Records that are maintained electronically may be promptly

---

[1] Plaintiffs incorrectly cite Youth Services Policy D.5.1 in support of their listing of documents comprising a Youth's case record. (R. Doc. 137-1 at 3) Policy D.5.1 applies to youth in Community-Based Services, such as probation and parole. Policy B.3.1 is the applicable records composition and maintenance policy for youth in the secure care of OJJ. *See generally* https://ojj.la.gov/policies-systems/ojj-policies/.

uploaded to a secure server accessible to the facilities and central office; notably, portions of medical and educational records are maintained electronically. *Id.* at ¶¶ 7-8. Other records, which are typically maintained in physical files, must be sent to central office to be scanned, uploaded, organized, and produced. *Id.* at ¶ 9. Around the time that Plaintiffs' counsel submitted these records requests, a shift in central office staffing at OJJ presented an administrative challenge to the processing of these requests. *Id.* at ¶ 10. As a result, some of the production was incomplete, consisting only of records that are maintained electronically. *Id.* at ¶ 11. OJJ is working diligently to update these responses with complete copies of each youth's file. *Id.* at ¶ 12.

As to Alex A., OJJ has produced to Plaintiffs' counsel over 1,000 pages of records through preliminary discovery, motion practice, and standard records production since the beginning of this litigation. *Id.* at ¶ 13. Plaintiffs are in possession of the entire case file of Alex A., absent any records created subsequent to the latest production. *Id.* at ¶ 14. As such, OJJ's response to this request is complete. *Id.* at ¶ 15.

As to Brian B., OJJ has produced to Plaintiffs' counsel over 300 pages of records in response to standard records requests. *Id.* at ¶ 16. While OJJ believes Plaintiffs are in possession of the entire case file of Brian B. (absent any records created subsequent to the production), OJJ is actively reviewing records produced to determine if any additional records need to be produced. *Id.* at ¶ 17. Any missing records will be produced as promptly as possible. *Id.* at ¶ 18.

As to Charles C., OJJ has produced only Charles C.'s electronic records. *Id.* at ¶ 19. OJJ is actively collecting and organizing the physical case file of Charles C. and will produce the remainder of the records as promptly as possible. *Id.* at ¶ 20.

As to Daniel D. and Edward E., these youth are legal strangers to this matter, as their Motion to Intervene has been denied. (R. Doc. 144). Although the entirety of this Motion should

be denied as procedurally improper as discussed above, complaints regarding records requests for Daniel D. and Edward E. are particularly inappropriate for adjudication by the Court. Nevertheless, OJJ is reviewing its production and also preparing to produce all records for these youth. *Id.* at ¶ 21.

## CONCLUSION

Like the Plaintiffs' recent *Motion for Access to Counsel* (R. Doc. 143), the instant *Motion for Access to OJJ Client Records* (R. Doc. 137) is "well beyond the scope of the allegations in the First Amended Complaint," as Plaintiffs "have not raised any allegations in the pleadings regarding" access to records. (R. Doc. 143 at 5). As such, the issue of access to records "is not properly adjudicated in this action." *Id.*

Moreover, OJJ here provides context for the records requests, demonstrating that OJJ has properly responded to all requests or alternatively is working to provide complete records to the requestors.

The Court should deny Plaintiffs' *Motion for Access to OJJ Client Records* (R. Doc. 137).

Dated: March 31, 2023.

                                  Respectfully Submitted:

BY:    */s/ Allena McCain*
        Connell Archey (#20086)
        Randal J. Robert (#21840)
        Allena McCain (#38830)
        Madaline King (#38301)
        BUTLER SNOW LLP
        445 North Boulevard, Suite 300 (70802)
        P.O. Box 2997
        Baton Rouge, LA 70821-2997
        Telephone: (225) 325-8700
        Facsimile: (225) 325-8800
        Connell.Archey@butlersnow.com
        Randy.Robert@butlersnow.com

>Allena.McCain@butlersnow.com
>Madaline.Rabalais@butlersnow.com
>
>Kyle V. Miller (pro hac vice)
>Lemuel E. Montgomery III (pro hac vice)
>Anna Morris (pro hac vice)
>BUTLER SNOW LLP
>1020 Highland Colony Parkway, Suite 1400
>Ridgeland, MS 39157
>Telephone:   (601) 948-5711
>Facsimile:   (601) 985-4500
>Kyle.Miller@butlersnow.com
>Lem.Montgomery@butlersnow.com
>Anna.Morris@butlersnow.com
>
>Counsel for Defendants
>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 31st day of March, 2023.

                                                  /s/ Allena McCain

68382787.v1