**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Civ. A. No. 3:22-CV-00573-SDD-RLB |
| GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, | ) ) ) ) ) ) ) ) ) ) | DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION FOR ACCESS TO OJJ CLIENT RECORDS |
| Defendants. | ) | |

## 28 U.S.C. § 1746 DECLARATION OF REVETTEA WOODS

Pursuant to 28 U.S.C. § 1746, I hereby declare as follows:

1.      My name is Revettea Woods. I am over twenty-one (21) years of age and of sound and disposing mind. I have never been convicted of a felony or a crime involving dishonesty or false statement.  I have knowledge of, and am competent to testify about, the matters stated in this Affidavit.  I am under no legal or other disability.  The facts stated herein are true and correct to the best of my knowledge and belief.

2.      I am currently employed as the General Counsel for the Louisiana Office of Juvenile Justice ("OJJ").



EXHIBIT
1

1

3.    I offer this declaration in support of the Defendants' Response in Opposition to Plaintiffs' Motion for Access to OJJ Client Records (R. Doc. 138) in the above-captioned matter.

4.    Youth Services Policy B.3.1 and B.3.2 provide OJJ's policies and procedures regarding records of youth in OJJ secure care facilities.

5.    Policy B.3.2, entitled "Access to and Release of Active and Inactive Youth Records," specifically provides the procedures for access to and release of records of youth in OJJ custody. A true and correct copy of Policy B.3.2 is attached hereto as Exhibit A.

6.    Records requests under Policy B.3.2 are reviewed to ensure that requests are properly executed and documented before documents are collected from each facility and department that may have responsive records.

7.    Records that are maintained electronically may be promptly uploaded to a secure server accessible to the facilities and central office.

8.    Portions of medical and educational records are maintained electronically.

9.    Other records, which are typically maintained in physical files, must be sent to central office to be scanned, uploaded, organized, and produced.

10.    Around the time that Plaintiffs' counsel submitted these records requests, a shift in central office staffing at OJJ presented an administrative challenge to the processing of these requests.

11.    As a result, some of the production was incomplete, consisting only of records that are maintained electronically.

12.    OJJ is working diligently to update these responses with complete copies of each youth's file.

13.     As to Alex A., OJJ has produced to Plaintiffs' counsel over 1,000 pages of records through preliminary discovery, motion practice, and standard records production since the beginning of this litigation.

14.     Plaintiffs are in possession of the entire case file of Alex A., absent any records created subsequent to the latest production.

15.     OJJ's response to the records request on behalf of Alex A. is complete.

16.     As to Brian B., OJJ has produced to Plaintiffs' counsel over 300 pages of records in response to standard records requests.

17.     While OJJ believes Plaintiffs are in possession of the entire case file of Brian B. (absent any records created subsequent to the production), OJJ is actively reviewing records produced to determine if any additional records need to be produced.

18.     Any missing records on behalf of Brian B. will be produced as promptly as possible.

19.     As to Charles C., at this time, OJJ has produced only Charles C.'s electronic records.

20.     OJJ is actively collecting and organizing the physical case file of Charles C. and will produce the remainder of the records as promptly as possible.

21.     As to Daniel D. and Edward E., OJJ is reviewing its production and also preparing to produce all records for these youth.

22.     I declare under penalty of perjury that the above and foregoing is true and correct to the best of my knowledge, information, and belief.

[REMAINDER OF PAGE INTENTIONALLY IS LEFT BLANK.]

Dated: March 31, 2023

_____
Revettea Woods

68382293.v1

# YOUTH SERVICES
# POLICY

| **Title:** Access to and Release of Active and Inactive Youth Records | **Type:** B. Classification, Sentencing and Service Functions<br>**Sub Type:** 3.  Records<br>**Number:**     B.3.2 |
|---|---|
| | **Page** 1    **of** 7 |
| **References:**<br>La. R.S. 15:574.12, La. R.S. 15:840.1, La. R.S. 15:909, La. R.S. 39:241; LSA Ch. C. Art. 412; CCRP Art. 875; The Privacy Act of 1974, U.S.C. (symbol) 552(a), Act 617 of the 2016 Legislative Session; ACA Standards 2-CO-1E-01, 2-CO-1E-06, 2-CO-1E-07, 2-CO-1E-08 (Administration of Correctional Agencies), 4-JCF-6F-01 and 4-JCF-6F-02 (Performance-Based Standards for Juvenile Correctional Facilities), 2-7070 (Juvenile Probation and Aftercare Services); YS Policy Nos.  A.3.3 "Requests for Statistical Information; Collection of Fees for Reproduction of Public Records and Statistical Reports",  B.6.1 "Health Care", C.1.5 "Research", C.1.7 "Crime Victims Registration and Notification",  and  D.5.1 "Community Based Services Youth Records: Composition and Maintenance, OJJ/WP Policy C-31 "Confidentiality" " and D-8 "Confidentiality of Mental Health Information" || 
| **STATUS:   Approved** ||
| **Approved By:**  *William A. Sommers, Deputy Secretary* | **Date of Approval:**  04/20/2021 |

## I.    AUTHORITY:

Deputy Secretary of Youth Services (YS) as contained in La. R.S. 36:405. Deviation from this policy must be approved by the Deputy Secretary.

## II.    PURPOSE:

To establish the procedures for access to and release of active and inactive youth records and information requests.

## III.    APPLICABILITY:

This policy applies to all persons employed by or under contract with YS.  Unit Heads are responsible for implementing this policy and conveying its contents to all affected persons.

## IV.    DEFINITIONS:

*In Camera* –    Submission of subpoenaed records for a judge's review prior to release.



**YS Policy No. B.3.2**
**Page 2**

***Law Enforcement Agencies*** - Those agencies designed to enforce Federal, State or municipal laws or ordinances, and who receive public funds as their primary source of funding, i.e. sheriffs' offices, local and state police

departments, departments of corrections, state attorney generals, U.S. attorneys, district attorneys, and the Federal Bureau of Investigation.

***Reintegration/Service Plan (RSP)*** – Specifies problem need areas already identified by the initial or latest SAVRY reassessment conducted by CBS. The goals, objectives and the methods used to address the need areas while the youth is in secure care shall be updated during intake, including the role of the youth and staff. Development of this plan is accomplished through review of the youth's SAVRY, the youth's record, and is a collaborative effort between the Case Manager and the youth.

***Unit Head*** – For the Purposes of this policy, the Unit Head consist of the Deputy Secretary, Facility Directors and Regional Managers.

**V.    Policy:**

It is the Deputy Secretary's policy that all information obtained on a youth shall be confidential and shall not be subject to public inspection or be disclosed directly or indirectly to anyone except in accordance with this policy. None of the provisions contained herein are intended to restrict the ability of YS to provide any contract facility with full and complete information on any youth housed therein, or prevents sharing of information through Memorandums of Understanding (MOUs) with child serving agencies and organizations.

**VI.    RELEASE OF INFORMATION AND RECORDS:**

A.    Requests for youth records shall be handled by the Legal Services Section.

B.    Upon written request made by a youth's legal guardian or counsel enrolled for a youth or retained by a youth, the attorney or guardian shall have prompt access to review all of the records/reports of a youth in OJJ custody. Such records/reports include: documents pertaining to conditions, housing, supervision, treatment, rehabilitation, education, health, discipline, transition planning, risk assessments and status reports. Copies of all records and reports relevant to post-dispositional defense and reentry advocacy shall be furnished at no cost to a youth, his family, legal guardian or counsel.

YS Policy No. B.3.2
Page 3

C.  Except as provided in Paragraph B above, written consent by the youth, parent/guardian or attorney of record is required before a person may be granted access to a youth's case record.  To permit release of records pertaining to education, substance use treatment and HIV status, a youth or his parent/guardian must execute a specific confidentiality waiver for each category of documents.  Access includes viewing the Master and/or JETS record and receiving copies of documents from those records.  Written consent is not required if the records are subpoenaed or released pursuant to this policy.

D.  Proof of the attorney/client relationship is established through receipt of one of the documents below:

1.  A copy of the court minutes, judgement or order which directs the appointment or representation, if the attorney is court appointed or a public defender;
2.  A completed "Statement of Representation and Release of Records" form [see Attachment B.3.2 (a)], executed by the youth indicating the youth's intent to be represented by the attorney named in the document;
3.  A completed "Parent/Guardian Consent to Release of Youth Records" form [see Attachment B.3.2 (b)], executed by the parent/guardian of the youth under age 18;
4.  A contract for legal representation authorizing the release of records and signed by the parent/legal guardian for a youth under age 18, or the youth if he is age 18 or older; and
5.  A memorandum of understanding which authorizes a public-defender organization to participate in the defense of youth.

E.  When progress reports or information concerning the condition, supervision, treatment or rehabilitation are provided to the court, copies shall also be provided to the district attorney and to counsel for the child. If the youth is indigent, the information and reports are provided at no cost to the child, the child's family and counsel.

F.  Once the attorney client relationship is established through the provision of a document listed in Section VI.D above, the documents establishing authority to release the records shall be filed in the youth's Master Record under Clip VIII.  Establishment of the attorney client relationship shall also be entered in the youth's JETS record by the case manager.

G.  Pursuant to La R.S. 15:574.12, information on a particular youth may be released without special authorization, subject to other restrictions that may be imposed by federal law or by other provisions of state law, to the following:

YS Policy No. B.3.2
Page 4

    1.     Board of Pardons;
    2.     Committee on Parole
    3.     Governor;
    4.     Sentencing Judge;
    5.     Counsel for a youth in a delinquency matter;
    6.     District Attorneys;
    7.     Law enforcement agencies;
    8.     YS personnel, including legal representatives and law students;
    9.     Appropriate governmental agencies or public officials, when access to such information is imperative for the discharge of the responsibilities of the requesting agency, official or court officer and the information is not reasonably available through any other means; and
    10.   Court officers with court orders specifying the information requested.

H.    Fingerprints, photographs and information pertaining to arrests and disposition of delinquent offenses, as well as information regarding escapes, may be released to law enforcement agencies without special authorization.

I.    The Deputy Secretary/designee may approve the reading of confidential information by the following:

    1.     Social Services agencies assisting in the treatment of the youth;
    2.     Appropriate governmental agencies or officials; and
    3.     Approved researchers who have guaranteed in writing anonymity of all subjects (refer to YS Policy No. C.1.5).

J.    The Deputy Secretary/designee may approve selective reading (but not copying) of information by a private citizen or organization aiding in the rehabilitation of, or being directly involved in the hiring of, the youth under the following conditions:

    1.     It appears that the withholding of the information would be to the youth's disadvantage.
    2.     The requested information is necessary to further the rehabilitation or the likelihood of hiring the youth.
    3.     The requested information is not reasonably available through other means.
    4.     The youth or his parent/guardian has given written consent for the release of information.

**YS Policy No. B.3.2**
**Page 5**

VII.   **RELEASE OF INFORMATION TO CRIME VICTIMS:**

A.    Both the information contained in a "Victim/Witness Notification Request Form" (refer to YS Policy No. C.1.7), and the fact that a notification request has been made are confidential.  Any inquiry from outside of YS about whether particular persons have requested notification or whether there has been a notification request for a particular youth shall be referred to the Ombudsman.

B.    Information may be released to victims and/or witnesses under the state's authority, pursuant to YS Policy No. C.1.7.

VIII.   **SUBPOENAED RECORDS:**

A.    Whenever the records of a youth are subpoenaed, they shall be submitted to the appropriate court for a ruling as to whether the information should be turned over to the party who caused the subpoena to be issued.  The court shall make this determination "in camera".  If the court makes any one of the following determinations, the information shall be withheld:

1.    The information is not relevant to the proceedings; or
2.    The information was derived from communications which were obviously made in the confidence that they would not be disclosed; or
3.    Confidentiality is essential to future useful relations between the source and the recorder of the information.

B.    Should the court authorize disclosure of the records in accordance with the subpoena, the party who caused the subpoena to be issued shall pay a fee for the cost of production of the records in accordance with La. R.S. 39:241 and YS Policy No. A.3.3, unless the court determines that the party has been granted pauper status in accordance with law.

IX.   **RECORDS NOT SUBPOENAED SUBMITTED TO THE COURTS FOR REVIEW:**

YS may submit any record to the appropriate court for a ruling as to whether the information should be turned over to the party requesting information.

X.   **ACCESS TO AND RELEASE OF MEDICAL RECORDS:**

Refer to YS Policy No. B.6.1, and OJJ/WP C-31 and D-8 for specifics governing access to and release of medical records.

**YS Policy No. B.3.2**
**Page 6**

## XI.    YS ACCESS TO INFORMATION AND RECORDS OF OTHER AGENCIES:

During the course of any investigation which YS is authorized by law to conduct, or which is necessary for the rehabilitation of youth in the custody or under the supervision of YS, YS shall have access to information and records under the control of any state or local agency which is necessary to carry out the duties of the office.

## XII.    YOUTH ACCESS TO RECORDS:

Information contained in the youth's record shall be confidential and shall not be released to the youth except in accordance with the following:

A.    A youth may, upon request, have access to his JETS Master; a time computation worksheet, SAVRY or reassessment score, any court documents that are related to the youth's secure care placement; Code of Conduct reports; custody classification/reclassification, and the Reintegration/Service Plan (RSP).

B.    A youth shall not have access to another youth's record.

C.    The following list includes, but is not limited to, additional information which shall not be accessible to youth:

    1.    Disposition Reports;
    2.    Social history;
    3.    Information revealing or tending to reveal the identity of a confidential informant;
    4.    Unusual Occurrence Reports;
    5.    Admission Summary;
    6.    Correspondence from any non-corrections source directed solely to facility officials;
    7.    Correspondence or inquiries originated by facility personnel;
    8.    Investigations conducted by non-departmental agencies (District Attorney, State Police, FBI, etc.);
    9.    Progress Notes;
    10.    Progress Reports to the court;
    11.    Investigations conducted by YS Central Office; and
    12.    Non-disciplinary court-related facility investigations.

D.    Facility Directors shall establish procedures for youth to follow when requesting copies of documents from their records.

**YS Policy No. B.3.2**
**Page 7**

## XIII.   INFORMATION REQUESTS:

Requests for information shall be made in writing prior to releasing any information.  The individual or agency must certify in writing that they will not release the information to any other agency or individual.

## XIV.   FEES:

The fee schedule for copies of public records shall be established pursuant to YS Policy No. A.3.3.

**Previous Regulation/Policy Number:**  B.3.2
**Previous Effective Date:**  04/10/2018
**Attachments/References:**      B.3.2 (a) Consent for Release – Apr2021.doc
                 B.3.2 (b) Statement of Representation – Apr2021.doc
                 B.3.2 (c) Parent/Guardian Consent – Apr2021.doc

**B.3.2 (a)**



## CONSENT FOR RELEASE OF INITIAL INFORMATION TO ATTORNEY

My name is _____.  My date of birth is _____.
I am in the custody of the Louisiana Office of Juvenile Justice and housed at
_____ Center for Youth.

I talked to and met with _____, an attorney at law.

I want this attorney and the law firm of _____
to have copies of my JETS Master, Code of Conduct reports for the quarter,
court documents, time computation worksheet, custody
classification/reclassification, initial SAVRY or reassessment test results for the
two preceding quarters, and a listing of programs I have completed, including
substance use (alcohol/drug) education.

_____
Youth's Signature

_____
Date

_____
Witness

**April 2021**

**B.3.2 (b)**



### STATEMENT OF REPRESENTATION AND RELEASE OF RECORDS

My name is _____.  My date of birth is _____.

I am in the custody of the Louisiana Office of Juvenile Justice and housed at _____

_____ Center for Youth.

I want to have _____, an attorney at law, represent me.

I give my consent for my record to be copied or looked at by this attorney.  This includes records contained in my medical file, mental health information and social history.

I understand that if I want to release certain records to my attorney, I must waive my rights of confidentiality specifically as to those records.

_____ By placing my initials here, I am confirming that I want to waive my rights as to psychological and psychiatric documents, including but not limited to evaluations, reports and progress notes.

_____ By placing my initials here, I am confirming that I want to waive my rights to confidentiality as to these particular records, and allow my attorney to view/copy my **education** records.

_____ By placing my initials here, I am confirming that I want to waive my rights to confidentiality as to these particular records, and allow my attorney to view/copy any **substance use (alcohol/drug) treatment** information which maybe in my record.

_____ By placing my initials here, I am confirming that I want to waive my rights to confidentiality as to these particular records, and allow my attorney to view/copy any **HIV/AIDS** information which may be in my record.

_____
Youth's Signature

_____
Date

_____
Witness

**April 2021**



B.3.2 (c)

## PARENT/GUARDIAN CONSENT TO RELEASE OF YOUTH RECORDS

I, _____, parent/guardian of _____,

a youth in the custody of the Louisiana Office of Juvenile Justice, do hereby give my consent to

release the records of my child to _____ ,

the attorney representing my child.

I hereby authorize the above-named attorney to view/receive copies of my child's records.  I

understand that included in my child's records are social, family-history and medical/mental

health information.

Further, I have initialed below where it is my intention to waive my child's confidentiality, and

specifically authorize release to my child's attorney the following named documents.

_____  By placing my initials here, I am confirming that I intend to waive my child's rights to

confidentiality as to these particular records, and allow my child's attorney to view/copy any

psychological and psychiatric documents, including but not limited to evaluations, reports and

progress notes.

_____  By placing my initials here, I am confirming that I intend to waive my child's rights to

confidentiality, and allow the attorney to view/copy my child's **education** information.

_____  By placing my initials here, I am confirming that I intend to waive my child's rights to

confidentiality, and allow the attorney to view/copy any **substance use (alcohol/drug)**

**treatment** information which may be included in my child's records.

_____  By placing my initials here, I am confirming that I intend to waive my child's rights to

confidentiality, and allow the attorney to view/copy any **HIV/AIDS** information which may be

included in my child's records.


_____
Parent/Guardian's Signature


_____
Date


_____
Witness


**April 2021**