IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, <br><br> Defendants. | Civ. A. No. 3:22-CV-00573-SDD-RLB <br><br><br> **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO PRESENT DIRECT EXPERT TESTIMONY BY DECLARATION WITH LIVE CROSS EXAMINATION [185]** |

## INTRODUCTION

Plaintiffs filed a Motion for Preliminary Injunction [163] on July 17, 2023, seeking "immediate relief." *See* Memo. [166] at 1. The Court obliged by setting an evidentiary hearing on the motion. *See* Minute Entry [167] (entered July 19, 2023). Plaintiffs have now moved to present some or all of their expert testimony at the hearing by declaration and video conference. *See* Plaintiffs' Motion to Present Direct Expert Testimony by Declaration with Live Cross Examination (the "Motion") [185]. Plaintiffs' Motion argues at length that direct declaration testimony is a tool frequently used by courts to save time and streamline proceedings, still preserving "live" cross-examination to allow the Court and adverse party to evaluate the witness's credibility, appearance, and demeanor. *See generally id.* at 1-7. Tucked away on the final two

1

pages is Plaintiffs' argument that, by "live" cross-examination, Plaintiffs actually mean *video* cross-examination. *Id.* at 7-8.

The Court should deny Plaintiffs' Motion [185] for a number of reasons:

(1) Live testimony is the rule. Declaration or video testimony is the exception. Plaintiffs have failed to carry their burden to demonstrate that this request is warranted.

(2) Courts sometimes allow witnesses to testify by declaration on direct *on the basis that* the witness is still present for in-person cross examination. Plaintiffs' Motion urges this Court to require *zero* in-person expert testimony. This is wholly improper.

(3) Plaintiffs have failed to provide sufficient information for Defendants to take a position on Plaintiffs' requests. The Court should require more.

## **LAW AND ARGUMENT**

**I.      Live testimony is the rule. Plaintiffs request an exception. Plaintiffs have failed to carry their burden to demonstrate that an exception to the norm is warranted.**

Rule 43 governs the delivery of testimony and *expressly requires* live testimony in open court: "At trial, the witnesses' testimony **must** be taken in open court unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a) (emphasis added). Plaintiffs gloss over this, but they shouldn't:

> The importance of presenting **live testimony in court** cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness **face-to-face** is accorded great value in our tradition.

Advisory Comment to Fed. R. Civ. P. 43 (emphasis added). "The primary purposes of Rule 43(a) are to ensure that the accuracy of witness statements may be tested by cross-examination and to allow the trier of fact to observe the appearance and demeanor of the witnesses." *Scott Timber, Inc. v. U.S.*, 93 Fed. Cl. 498, 500 (2010) (quoting *In re Adair*, 965 F.2d 777, 780 (9th Cir.1992)). Rule 43 "reflects a traditional preference for the testifying witness's **physical presence at trial**." *Id.* (citing 8 James Wm. Moore, et al., Moore's Federal Practice § 43.02[2] (3d ed. 2009))

2

(emphasis added). *See also U.S. v. Am. Tel & Tel. CO.*, 83 F.R.D. 323, 339-40 (D.C. 1979) (noting "the demeanor of witnesses bears importantly on their credibility, and to the extent that credibility is involved, personal testimony is essential"; also noting the court "is unlikely to be able to focus on the crucial issues and the significant exhibits without explanatory testimony in live form").[1] It cannot be seriously debated that live, in-person testimony is the default and is preferred over any other form of witness testimony at trial.[2]

Live testimony clearly is the *rule*. Plaintiffs seek to make expert testimony in this case an *exception* – but they fail to establish that an exception is warranted.

### *Declaration Testimony and Rule 611*

Plaintiffs cite Fed. R. Evid. 611 as the basis for their request to submit expert witness direct testimony by declaration. *See* Motion [185]. Rule 611 generally gives the courts "reasonable control over the mode and order of examining witnesses and presenting evidence." The rule does not expressly allow submission of testimony by declaration.

---

[1] The *AT&T* court was clearly opposed to a "blanket authorization" that contradicted the "express mandate" of Rule 43 and that would require parties to present written direct testimony and to reserve oral testimony only for cross-examination. *Id.* The Court ultimately allowed certain written testimony to be presented pursuant to Rule 611 based upon the mutual representation of the parties that they would negotiate a particular procedure for the presentation of evidence and that such agreement would be "specif[ied] in detail" in the pretrial order. *Id.* at 340-41. The Court also required that all such written testimony be filed ahead of trial and required the parties to approach the issue in good faith and in order to avoid the unnecessary prolonging of "the massive nature … th[at] litigation necessarily require[d]." *Id.* Notably, that case concerned a nationwide antitrust suit filed against AT&T by the U.S. government where the parties had been litigating for five years. *See generally id.* Such a case is considerably different from the case at bar and demonstrates an appropriate use of the exception to Rule 43. Here, Plaintiffs have far from established that reliance on the exception is warranted.

[2] The support for this principle is universal. *See, e.g.*, 3 Litigating Tort Cases § 38:40 (Sept. 2022) ("Some questions have been raised about the ability of video conferencing to accurately re-create the adversarial process. Concerns mentioned include telegenic distortions, demeanor testimony, and issues relating to witness credibility, reflecting a fear that litigants will employ technology-driven methods to distort the jurors' perceptions of a witness."); *U.S. v. Beckham*, 789 F.2d 401, 418 (6th Cir. 1986) (C.J. Contie, dissenting) (noting the "qualitative difference between a transcript and live testimony"); *Partington v. Broyhill Furniture Indus., Inc.*, 999 F.2d 269, 272 (7th Cir. 1993) ("Live witnesses make a more forceful impression, […] and at argument Broyhill's lawyer conceded that it may have been a tactical mistake not to present more of them."); *Nixon v. U.S.*, 744 F. Supp. 9, 13 (D.C. 1990) ("There are significant differences between the consideration given to a matter by triers of fact who confront live witnesses and those who view the testimony second hand in a transcript or from oral or video tape."); *Gillispie v. Timmerman-Cooper*, 2010 WL 4809098, at *1 (S.D. Ohio Nov. 16, 2010) ("[T]here is or at least can be a great deal of difference between live testimony, subject to cross-examination, and affidavit testimony.")

Some courts have relied on Rule 611 to allow procedures that substitute declarations for oral testimony – mostly in the bankruptcy setting and largely out of the Second and Ninth Circuits, as repeatedly cited in Plaintiffs' Motion [185] at 4-6. It should be noted here that Plaintiffs oversimplify or flatly misrepresent some of these holdings. For just one example, Plaintiffs cite *Jensen v. Shinn*, 609 F. Supp. 3d 789, 798-99 (D. Ariz. 2022) as allowing expert testimony by declaration in a trial on health care and solitary confinement within the Arizona prison system. *See* Motion [185] at 5. Plaintiffs fail to mention that the court required two hours of live direct testimony *as well as* live cross-examination *in addition to* the declaration direct testimony. There are other similar and glaring examples of Plaintiffs' misreadings.[3]

Beyond that, the cases cited are not particularly useful here, as all of them are either out of context (bankruptcy or otherwise), non-binding (Plaintiffs do not cite a single Fifth Circuit or governing district court case), or further inapplicable (such as cases where the parties *agreed* to submit testimony by declaration or cases that occurred at the height of the COVID-19 pandemic when courts were closed and exclusively conducting remote proceedings).[4]

---

[3] *See* Motion [185] at 5, citing *Eirhart v. Libbey-Owens-Ford Co.*, 996 F.2d 837, 840 (7th Cir. 1993) as support for the argument that courts have directed or allowed direct testimony to be presented in bench trials by declaration, and the practice does not run afoul of Rule 43 or due process rights. However, *Eirhart* concerned a case fully decided on a written record under Rule 52, which is not at issue here. *Id.* Further, in *Eirhart*, neither party requested a hearing or witness testimony and neither party ever objected or filed a motion to reconsider the trial court's decision that had been based upon the written record. *Id.* at 840-41. *Eirhart* has no application here.

Similarly, *see also* Motion [185] at 6, citing *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987), *cert. denied* 488 U.S. 819 (1988)) as support for the practice of relying on declaration testimony instead of in-person oral testimony – but *Malone* reviewed the propriety of a trial court's order directing parties to provide a witness list and direct examination questions and anticipated answers after a previous mistrial based on the court's finding of lack of preparation by plaintiff's counsel. *Malone* has no application here.

[4] Furthermore, even in the cases that acknowledge the usefulness of declaration in lieu of live in-court examination, courts are careful not to adhere to such practices "implacably" and recognize that certain circumstances "militate against the use" of declaration testimony. *Kuntz v. Sea Eagle Dining Adventures Corp.*, 199 F.R.D. 665, 666 (D. Hawaii 2001) (cited in Plaintiffs' Motion [185] at 5, 7).

At any rate, the law on whether to allow declaration testimony in lieu of in-person testimony is far from settled. The Fifth Circuit has not authorized the practice and has noted that courts are split on the issue. *See Bellaire Gen. Hosp. v. Blue Cross Blue Shield of Michigan*, 97 F.3d 822, 827 (5th Cir. 1996) ("We have not generally addressed whether Rule 43(a) prohibits a district court from requiring parties to submit their disputes for resolution on a written record, and those courts that have addressed this issue have reached different conclusions.").[5] In fact, several courts, even within the bankruptcy setting, have held the policy of allowing declaration testimony directly violates Rule 43(a). *See* 8 Norton Bankr. L & Prac. 3d § 164:2 (July 2023) (citing cases) (further noting a declaration is inadmissible hearsay and Rule 43(a) requires testimony). In the specific context of cases like the instant action, courts have found "**no valid legal basis** supports [the practice of declaration testimony] **in the context of a trial on the merits over the objection of a party**." *Id.* (emphasis added). Relevant here:

> In the absence of an objection, an affidavit may be sufficient; but where an objection is raised, and the motion presents issues of fact and seeks a final judgment, **the matter is in essence a trial strongly favoring the testimony of witnesses taken in open court. The need for both the plaintiff and defendant to have access to the declarant cannot be overemphasized**. If the declarant is the plaintiff's witness and there are objections to the declaration (e.g., a failure to lay a proper foundation for certain evidence), the plaintiff may be unable to present important evidence. The defendant's ability to cross-examine the witness is likewise essential. **Heavy reliance on declarations may also impede the judge's ability to weigh the credibility of the particular witness.**

*Id.* (emphasis added) (citing cases).[6]

---

[5] In *Bellaire*, the Fifth Circuit demonstrates that, even after the *Adair* decision in the Ninth Circuit approving the declarations testimony procedure, a prior Ninth Circuit decision, *In re Burg*, 103 B.R. 222, 225 (9th Cir. 1989) that refused to allow declaration testimony as violative of Rule 43(a), was not expressly overruled by *Adair* and cannot be disregarded. 97 F.3d at 827, n.5.

[6] Even the cornerstone case allowing declaration testimony, *In re Adair*, notes that it is an abuse of discretion to rely on written declarations in a bench trial if there is not "ample opportunity [for a party] to submit [its] evidence." 965 F.2d 777, 779 (9th Cir. 1992) (case cited in Pls.' Motion [185] at 4).

5

Simply put, Plaintiffs attempt to present Rule 611 as a straightforward, almost universally applied avenue to allow declarations in lieu of live testimony upon request. That is not the law. Within the Fifth Circuit, there is little to no on-point authority supporting what Plaintiffs seek here.

### *Video Conference Testimony and Rule 43(a)*

Plaintiffs then cite Fed. R. Civ. P. 43(a) as the basis for their request to allow videoconference cross-examination of experts. *See* Motion [185] at 7. Rule 43 allows testimony "by contemporaneous transmission from a different location" only upon a showing of "good cause in compelling circumstances," and with "appropriate safeguards." Fed. R. Civ. P. 43(a).

Representative examples of "good cause" and "compelling circumstances" are where an inmate witness was incarcerated in another state, creating security risks and significant expense to bring the witness to trial in person;[7] where a witness had compromising health conditions and was at increased risk of exposure during the height of the COVID-19 pandemic;[8] where the witness was in a foreign country and legally prohibited from entering the United States;[9] and where a child victim of sexual abuse would be uncomfortable.[10] These legitimate bases differ starkly from Plaintiffs' non-detailed excuses here – which are that (1) Dr. Haney is being deposed in another matter *the day before* this hearing begins and has plans to travel out of the country "later in the week," and (2) Dr. Gagnon is in Finland and "unable to travel to the United States the week of the PI hearing." Motion [185] at 7-8. Plaintiffs make no reference to the other two experts' availability – but nevertheless suggest that the Court should permit "all" experts to testify by video. *Id.* at 7. Relevant here, the Advisory Comment to Rule 43 expressly states: "[Video] [t]ransmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. The most

---

[7] Zavala v. Chrones, 2012 WL 6571045 (E.D. Cal. 2012).
[8] Novello v. Progressive Express Insurance Company, 2021 WL 1597937 (M.D. Fla. 2021).
[9] Monserrate v. K.K. Mach. Co. Inc., 2013 WL 1412194 (E.D. N.Y. 2013).
[10] Parkhurst v. Belt, 567 F.3d 995, 997, 1002-03 (8th Cir. 2009).

persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for *unexpected* reasons. … Other possible justifications for remote transmission must be approached cautiously." (emphasis added).[11,] [12]

Rule 43(a)'s additional requirement for "appropriate safeguards" helps to "ensure the integrity of testimony given by contemporaneous transmission from a remote location." *Scott Timber, Inc.*, 93 Fed. Cl. at 501 (noting the Advisory Committee notes to Rule 43 "emphasize that '[s]afeguards must be adopted that ... protect against influence by persons present with the witness.' … The ability of the fact finder to see and hear the witness is an essential safeguard in this regard.") (citing *Thornton v. Snyder*, 428 F.3d 690, 698–99 (7th Cir. 2005)). Here, Plaintiffs make passing reference to the text of the rule but have made no commitment as to what safeguards should or will be employed.

### ***Plaintiffs have not demonstrated that the requested exceptions are warranted.***

Here, Plaintiffs have never made clear whether all four of their specific experts require direct examination by declaration testimony or require cross-examination by video conference. Plaintiffs have not provided a sufficient description, summary, or copy of the subject declaration(s) they are urging Defendants to stipulate to as admitted evidence before trial. Plaintiffs have not

---

[11] Plaintiffs cannot claim this hearing was "unexpected." Plaintiffs filed the Motion for Preliminary Injunction [163] on July 17, 2023, supported by a 440-page Memorandum [166] with declarations from three of their four experts. *See* Memo. [166] at Ex. 5 (Haney), Ex. 6 (Vassallo), Ex. 8 (Gagnon). Plaintiffs expressly sought "immediate relief," and the Court obliged by setting an evidentiary hearing on the motion less than thirty days later. *Id.* at 1; *see also* Minute Entry [167] (entered July 19, 2023; setting hearing date to commence on August 15, 2023). This is, of course, the *second* such motion that Plaintiffs have filed and *second* such preliminary injunction hearing that the Court has conducted within less than thirty days thereafter. *See* Motion for Emergency TRO and Preliminary Injunction [3] and supporting Memorandum [9] (filed Aug. 22, 2022); *see also* Minute Entry [14] (entered Aug. 23, 2022; setting evidentiary hearing date to commence on Sept. 6, 2022). Surely Plaintiffs could have, and should have, anticipated that their Motion would cause an evidentiary hearing to be set in the very near future. Surely Plaintiffs knew their experts would testify at the hearing – and yet, Plaintiffs designated one expert from Finland and "several" others who had "prescheduled commitments" in the month of August, including international travel. *See* Motion [188] at 7.
[12] Plaintiffs warn that their expert testimony will be "complex" and "varied." Motion [185] at 2. If so, this is all the more reason to require Plaintiffs' experts to show up and testify.

7

articulated how much "limited live" direct testimony[13] will be allowed at the hearing, in addition to declaration testimony. Plaintiffs have not provided specific details as to which and why certain experts are unavailable for the hearing in order to determine whether "good cause" or "compelling circumstances" exist or whether conflicts may be resolved. Plaintiffs have not proposed any specific procedures for the parties to address objections[14] to inadmissible content or whether parties would have the opportunity to cure such objections before or during trial. Plaintiffs have addressed no required safeguards to ensure the integrity of the remote expert testimony.

The limited information Plaintiffs have shared to support their Motion [185] simply does not establish that they are entitled to either direct expert testimony by declaration or cross-examination by video conference, much less both. The law undisputedly favors live, in-person testimony. The Court should require Plaintiffs to bring their experts to trial.

**II.    Courts grant requests for witnesses to testify by declaration on direct *on the basis that the witness is present for live, in-person cross-examination*. Plaintiffs' Motion proposes *zero* in-person expert testimony.**

Plaintiffs cite a number of cases for the proposition that declaration testimony is allowable in lieu of live direct testimony. But importantly, those holdings were dependent on the fact that the subject witnesses would then be present in the courtroom for live, in-person cross-examination. *See Saverson v. Levitt*, 162 F.R.D. 407 (D.C. 1995) (scheduling **order requiring direct testimony by declaration did not violate FRCPs or FREs** governing presentation of testimony at trial **because the order "permitted oral cross-examination and redirect examination in open court**

---

[13] Plaintiffs' Motion requests that direct expert testimony be presented by declaration, "supplemented by limited live direct and full live cross-examination." Motion [185] at 2.

[14] Expert declarations may contain any number of objectionable content, such as lack of reliable basis under FRE 702, lack of foundation or speculation under FRE 602, lack of relevance under FRE 403, hearsay within hearsay, etc. Expert reports themselves are inadmissible hearsay. *Richardson v. SEACOR Lifeboats, LLC*, 2015 WL 2193907, at *4 (E.D. La. May 11, 2015). There must be a mechanism to address such objections. Plaintiffs have proposed nothing in this regard and have instead asked Defendants to stipulate to expert declarations, sight unseen. Not surprisingly, Defendants refuse.

8

and thereby preserved an opportunity for the fact finder to evaluate the declarant's demeanor and credibility") (emphasis added); *see also In re Heckenkamp*, 110 B.R. 1, 3 (C. D. Cal. 1989) (describing the declarations procedure as ensuring a fair and expeditious trial, but noting the "admissibility of a declaration is **dependent upon the presence of the declarant at trial** subject to cross-examination"; "In order for a declaration to be considered by the Court, **the declarant must be in court,** subject to cross-examination at the trial.") (emphasis added).

Plaintiffs are careful to separately address their requests to allow declaration direct testimony and then to allow video conference cross examination. *See generally* Motion [185]. However, the two requests are inextricably linked. Not only are Plaintiffs requesting to eliminate live and in-person direct expert testimony (and replacing it with declarations), but Plaintiffs are also requesting to eliminate live and in-person cross-examination testimony (and replacing it with video conferencing).

Allowing just one of these requests carries risk; allowing both decimates counsel's ability to effectively examine experts at trial and becomes prejudicial. *See Traylor v. Husqvarna Motor*, 988 F.2d 729 (7th Cir. 1993) (holding testimony of defense witness should not have been presented in two different media, with live direct testimony and videotaped cross-examination, though this was not the reversible error on which the case was remanded) (C.J. Posner) ("Psychologists and decision theorists point out, what is anyway common sense, that a living person generally conveys a stronger impression than does his resume, or a transcript of his remarks. […] By presenting its expert witness's direct testimony live but his cross-examination taped, … [t]here was a thumb on the scale. It should be removed in the retrial.").[15]

Plaintiffs ask for too much. The Motion [185] should be denied.

---

[15] While this case concerned video-taped, not videoconference, testimony, the rationale remains that removing all live and in-person expert testimony is prejudicial and results in less effective use of such testimony at trial.

**III.  Plaintiffs failed to provide sufficient information for Defendants to even take a position on their request to allow declarations in lieu of live testimony by agreement.**

Plaintiffs note that, before they filed this Motion [185], Defendants "refused" to agree to Plaintiffs' request. *See* Motion [185] at 2. Certainly, we did.

On July 28, 2023, Plaintiffs' counsel merely proposed that the parties stipulate to have "some of Plaintiffs' experts" to testify "via the court's videoconferencing system." Plaintiffs' counsel further proposed that the parties stipulate that (unspecified plaintiff and/or defense) experts would "submit their direct trial testimony via written declaration" three days before the hearing, then "provide brief supplemental direct testimony" at the hearing, "followed by **live** cross-examination, rebuttal, and any questioning by the Court." *Id.* (emphasis added). It was unclear at the time that, by "live," Plaintiffs meant by remote video feed.

Defendants could not agree to this vague proposal and, on July 29, corresponded with Plaintiffs' counsel to insist that Plaintiffs' experts testify in person at the emergency hearing Plaintiffs requested.

On July 31, Plaintiffs filed this Motion.

While the Motion provides slightly more than Plaintiffs' initial email request, as made obvious in this Response, Plaintiffs *still* have not provided sufficient details for Defendants (or the Court) to fully analyze or take a position on Plaintiff's Motion.

To be clear, Defendants do not necessarily refuse any and all opportunities for declaration or videoconference testimony and do not necessarily disagree that such testimony can at times be useful, under certain circumstances and with appropriate parameters, to serve judicial economy and efficiency. But here, Defendants were never provided – and the Motion still does not set forth – the information required to determine whether Plaintiffs' request is warranted. As such, Defendants oppose Plaintiffs' request, and the Court should deny the Motion.

10

**CONCLUSION**

The Court should deny Plaintiffs' Motion [185] and should reject Plaintiffs' requests to present direct expert testimony by declaration and to present cross-examination expert testimony by video conferencing, as opposed to any in-person expert testimony. Alternatively, Defendants request that the Court enter an Order that (1) specifies which experts will be allowed to testify either by declaration or videoconference or both; (2) defines the deadline on which each party must serve to the opposing party the expert declarations to be submitted as direct testimony; (3) sets forth a procedure for the handling of objections to such declarations either prior to or during trial; (4) describes the protocols and safeguards to be applied to any party's use of video conferencing to conduct cross-examination; (5) addresses any additional due process or evidentiary concerns as discussed herein and in governing procedural rules and law related to the use of declaration and/or videoconference testimony in lieu of in-person trial testimony; and (6) grants all other further and appropriate relief.

Dated: August 2, 2023

Respectfully submitted,

BY:  /s/ *Madaline King Rabalais*
Connell L. Archey (#20086)
Allena McCain (#38830)
Madaline King Rabalais (#38301)
BUTLER SNOW LLP
445 North Boulevard, Suite 300
Baton Rouge, LA  70802
Telephone:   (225) 325-8700
Facsimile:    (225) 325-8800
Connell.Archey@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.Rabalais@butlersnow.com

Kyle V. Miller (*pro hac vice*)
Lemuel E. Montgomery III (*pro hac vice*)
Anna Morris (*pro hac vice*)

Carly Chinn (*pro hac vice*)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone:    (601) 948-5711
Facsimile:    (601) 985-4500
Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com
Carly.Chinn@butlersnow.com

Counsel for Defendants
GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 2nd day of August, 2023.

/s/ *Madaline King Rabalais*
 Madaline King Rabalais

81438679.v1