<pre>
                    UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF LOUISIANA
</pre>

| | |
|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH; BRIAN B.[1]; and CHARLES C., by and through his guardian Kenoine Rogers, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> DANIEL D. and EDWARD E., <br><br> Proposed Plaintiff-Intervenors, <br><br> v. <br><br> GOVERNOR JON BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS,[2] in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, <br><br> Defendants. | Civil Action No. 3:22-573 (SDD) (RLB) |

# EXHIBIT 2

---

[1] On July 14, 2023, pursuant to Rule 25(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs notified the Court of the death of Brian B. *Doc. 162.* Plaintiffs leave Brian B. as a Plaintiff until the clerk is ordered to change the caption.

[2] On November 18, 2022, Gov. Edwards announced the resignation of Dep. Sec. Sommers and the appointment of Otha "Curtis" Nelson as his replacement. *See* https://gov.louisiana.gov/index.cfm/newsroom/detail/3892. Because Sommers was sued in his official capacity, Nelson is automatically substituted as a Defendant. Fed. R. Civ. P. 25(d). Plaintiff leaves Sommers as a Defendant until the clerk is ordered to change the caption.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated, )<br><br>Plaintiffs, )<br>)<br>v. )<br>)<br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, )<br>)<br>Defendants. ) | Civ. A. No. 3:22-CV-00573-SDD-RLB<br><br>**DEFENDANTS' RESPONSES TO PLAINTIFFS' PRE-PRELIMINARY INJUNCTION HEARING REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |

Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; William Sommers, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (collectively "Defendants") respond to Plaintiffs' Pre-Preliminary Injunction Hearing Requests for Production of Documents to Defendants propounded on July 24, 2023 ("Requests") as follows:

## OBJECTIONS

Defendants object to the "Definitions" and "Instructions" provided with the Requests to the extent Plaintiff interprets those instructions as increasing the obligations of Defendants to answer this set of written discovery under the applicable provisions of the Federal Rules of Civil Procedure. Defendants will comply with their obligations under the Federal Rules of Civil

1

Procedure when answering and supplementing this set of written discovery and will apply the ordinary meaning to the terms used in the Requests.

**TIME LIMITATION OBJECTION:** Defendants object to responding to discovery directed to the opening of BCCY-WF on October 17, 2022. Plaintiffs filed a preliminary injunction, which makes relevant the current practices and conditions at BCCY-WF. *Copeland v. Livingston*, 464 F. App'x 326, 330-31 (5th Cir. 2012); *Harris v. City of Houston*, 151 F.3d 186, 189 (5th Cir. 1998). In *Sossamon v. Lone Star State of Texas*, the Supreme Court noted in footnote 2 that the Fifth Circuit Court of Appeals "held that Sossamon's claim for injunctive relief with respect to the cell-restriction policy was moot because the State had abandoned that policy after Sossamon filed a prison grievance." 560 F.3d 316, 326 (5th Cir. 2009), aff'd sub nom. *Sossamon v. Tex.*, 563 U.S. 277 (2011). Thus, discovery directed to past practices is not relevant to the issues at the hearing on the Motion for Preliminary Injunction. Defendants will reasonably respond to discovery from June 1, 2023 forward.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. For Plaintiff Charles C., and each child currently held at the BCCY-WF facility at Angola, and all children held there on July 20, 2023, all Documents in the possession of Defendants concerning each youth, including but not limited to those included in the youth's Master File. This request includes, but is not limited to, the following documents as relevant to each youth:

    • Any grievances filed and any responses to those grievances;

    • Any Transition Treatment Unit ("TTU") Referral Forms;

    • Any multidisciplinary team ("MDT") assessments, meeting notes, or other records produced prior to transfer of the youth to and/or from the BCCY-WF facility at Angola;

    • Any correspondence between the MDT, Case Manager, Director of Treatment and Rehabilitation, and/or the BCCY-WF facility at Angola;

- Any medical records, including mental health and drug test records;

- Any Weekly Contact Progress Notes or other progress notes;

- Any documents included in the youth's Behavior and Accommodations Binder ("BAB");

- Any Behavior Improvement Plan and any logs or notes or documents related to behavior infractions, discipline, and improvements, including documentation of time spent in cell confinement for disciplinary reasons;

- Any logs or similar Documents recording minutes of counseling services provided and by staff with which job titles;

- Any and all records of cognitive-behavioral groups, anger management groups, or other forms of group therapy in which youth participated or had the opportunity to participate at the BCCY-WF facility at Angola.

- Any Individualized Education Plans (IEPs) or 504 Plans, including any Behavior Intervention Plans;

- Any Progress Reports generated in accordance with an IEP;

- Any logs or similar Documents recording minutes of related services provided in accordance with an IEP;

- Any and all logs or similar Documents recording minutes or hours of in-class school instruction and computer-based schooling;

- Any and all records of visits with family and guardians, including by phone, video and in-person.

**ANSWER: Defendants incorporate the Time Limit Objection. Defendants further object to the broad scope of the documents requested. Subject to these objections, responsive documents are being produced.**

3

2. Organizational charts for all offices, units, or subdivisions of the OJJ and the BCCY-WF facility at Angola, including lists of all positions within such offices, units, or subdivisions and the person and qualifications or that person occupying each position. This information shall be provided as of October 17, 2022 and July 17, 2023.

   **ANSWER: Subject to the Time Limit Objection, responsive documents from June 1, 2023 are being produced.**

3. Documents sufficient to show the duties, responsibilities, and qualifications associated with each job classification related to (a) the management or oversight of security at t the BCCY-WF facility at Angola and (b) the provision of education services at the BCCY-WF facility at Angola, including but not limited to special education services.

   **ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

4. All DOCUMENTS and COMMUNICATIONS showing (a) the current staffing of the BCCY-WF facility at Angola including numbers of staff hired, numbers of staff who have received training specific to working at an OJJ facility on the grounds of a maximum-security adult prison, job titles of each staff member, whether each staff member is full time or part time, whether each staff member is on site at the Angola facility, numbers and job titles of each staff member who was hired with an exception or waiver to the usual OJJ screening or qualifications for their position, numbers and job titles of each staff member who lives in staff housing associated with the LSP property, numbers and job titles of each staff member who is employed to work both at BCCY-WF at Angola and also at another OJJ location, salaries for each job title, numbers and titles of each staff member receiving or who have received "premium pay" to work at BCCY-WF, and numbers and titles of each staff member receiving or who have received "on-call duty pay"; (b) the same information as of October 17, 2022.

**ANSWER**: Defendants incorporate the Time Limit Objection. Defendants further object that the request seeks information that is not relevant. Subject to the objections, documents showing current staffing at BCCY-WF are being produced.

5. All DOCUMENTS and COMMUNICATIONS relating to, and/or describing, actual staffing and staffing levels at BCCY-WF facility at Angola as of October 17, 2022 and as of the date of response to this Request, including, but not limited to: a) the current number of staff, by role, including whether each staff line is full time or part time and whether each staff line is located on-site at the Angola facility; b) the budget to hire staff, by role; c) the number of staff required for staffing to be considered complete, by role; and, d) the number of positions unfilled, by role. Staff roles include, but are not limited to, the following positions: i) Juvenile Justice Specialists (JJSs); ii) education staff, including teachers, special education teachers, specialists, classroom assistants; iii) social workers; iv) directorial and managerial staff, including the facility deputy director and facility assistant director; v) food service workers; and, DOC "rovers" or any DOC staff member assigned to work at BCCY-WF. Include any and all operation reports or other documents discussing current vacancies as of the date of response.

**ANSWER**: Defendants incorporate the Time Limit Objection. Defendants further object that the request seeks information that is not relevant. Subject to the objections, documents showing current staffing at BCCY-WF are being produced.

6. For each individual currently employed by the OJJ or a contractor to provide education or special education services for one or more youth held at the OJJ Angola site, DOCUMENTS and COMMUNICATIONS sufficient to show: the name of the individual, the job title of the individual, the type of education or special education services provided by the individual, the hours spend by each individual providing services to the youth, and the qualifications of the individual. This Request includes, but is not limited to, employees involved in determining eligibility for education programs, providing security for education programs, and providing education services.

**ANSWER: Defendants incorporate the Time Limit Objection. Defendants further object that the request is vague and not reasonably certain. Subject to the objections, documents pertaining to staffing for education and special education services are being produced.**

7. All DOCUMENTS and COMMUNICATIONS reflecting lesson plans, curriculum, and educational instruction in core subjects, technology, electives, vocational courses, literacy, and social emotional learning provided at BCCY-WF facility at Angola. This information shall be provided as of October 17, 2022 and July 17, 2023.

   **ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

8. All DOCUMENTS and COMMUNICATIONS concerning any agreements with the Louisiana Special School District (SSD) and/or any other state agencies to provide teachers, resources, and services at BCCY-WF to children with disabilities in the putative subclass and any other current and future youths with special educational needs, including but not limited to, all current and future youths with disabilities within the meaning of the ADA and Section 504 of the Rehabilitation Act.

   **ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

9. All DOCUMENTS and COMMUNICATIONS describing the range of mental health, medical care, healthcare, emergency, disability-related services and other services offered by providers with whom OJJ has or will contract to provide care to youths at BCCY-WF. This information shall be provided as of October 17, 2022 and July 17, 2023.

   **ANSWER: Defendants incorporate the Time Limit Objection. Defendants also object that the request is vague and uncertain. Subject to the objections, responsive documents are being produced.**

10. All DOCUMENTS and COMMUNICATIONS concerning OJJ and OJJ staff members' communications with Plaintiffs and other youths in OJJ in relation to potential and planned transfers to and/or out of BCCY-WF.

**ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

11. All DOCUMENTS and COMMUNICATIONS describing measures taken or planned – including physical and staffing measures – to address the risk of suicide or self-harm of youth held in barred cells at the BCCY-WF facility at Angola, including any measures regarding youth with mental health needs.-WF.

**ANSWER: Defendants incorporate the Time Limit Objection. Defendants further object that at the Status Conference on July 19, 2023, Chief Judge Dick explicitly advised the parties that the hearing on the motion for preliminary injunction was not for the purpose of relitigating BCCY-WF's policies.**

12. All Documents showing DPSC's and/or OJJ's practices and steps taken since October 17, 2022, to ensure the air temperature in the cells and all other areas of the BCCY-WF at Angola facility does not exceed 85 degrees Fahrenheit, including but not limited to: ordering and installing fans, "swamp coolers," and/ or air conditioning systems; power outages, work orders, construction contracts, and repair logs of such equipment; plans for power outages; provision of potable cold drinking water, provision of ice, access to showers, and any other remedial efforts.

**ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

13. All DOCUMENTS and COMMUNICATIONS relating to recording or logging the ambient temperature, tap water temperature, shower temperature, or any other temperatures at BCCY-WF.

**ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

14. All DOCUMENTS and COMMUNICATIONS, including but not limited to records and log books, which reflect the youth at BCCY-WF's ability to access ice, water, and cold showers.

**ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

15. All DOCUMENTS and COMMUNICATIONS relating to health risks posed to youth as a result of high ambient temperatures at BCCY-WF, including without limitation DOCUMENTS and COMMUNICATIONS relating to policies, rules, regulations, and practices of remedial measures that must be taken when the ambient temperature exceeds 85 degrees Fahrenheit.

**ANSWER: Defendants incorporate the Time Limit Objection. Defendants further object that at the Status Conference on July 19, 2023, Chief Judge Dick explicitly advised the parties that the hearing on the motion for preliminary injunction was not for the purpose of relitigating BCCY-WF's policies.**

16. All DOCUMENTS and COMMUNICATIONS relating to policies, rules, regulations, and practices relating to extreme weather events or weather emergencies.

**ANSWER: Defendants incorporate the Time Limit Objection. Defendants further object that at the Status Conference on July 19, 2023, Chief Judge Dick explicitly advised**

**the parties that the hearing on the motion for preliminary injunction was not for the purpose of relitigating BCCY-WF's policies.**

17. All DOCUMENTS and COMMUNICATIONS relating to heat-related illness or the exacerbation of other health problems as a result of high temperatures.

    **ANSWER: Defendants incorporate the Time Limit Objection. Defendants also object that the request is vague and uncertain. Subject to the objections, Defendants are not in possession of documents responsive to this request.**

18. All COMMUNICATIONS between Defendants and any person relating to the climate conditions at BCCY-WF.

    **ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

19. All DOCUMENTS and COMMUNICATIONS showing policies, practices and all measures taken – including staffing, training and communication with youth – to provide discipline to youth held at BCCY-WF; the description shall include the development of specific policies and practices, behavior intervention, room confinement, limits on the duration of confinement in cells, loss or granting of privileges, graduated discipline, minimum out-of-cell time, extension of time in the Angola placement, and group or collective discipline.

    **ANSWER: Defendants incorporate the Time Limit Objection. Defendants further object that at the Status Conference on July 19, 2023, Chief Judge Dick explicitly advised the parties that the hearing on the motion for preliminary injunction was not for the purpose of relitigating BCCY-WF's policies. Subject to the objections, responsive documents are being produced.**

20. All DOCUMENTS and COMMUNICATIONS showing duration of time youth at the OJJ Angola facility spent in school, recreation, showers, counseling, therapy, free time, or any other out of cell time or activity for the youth held at BCCY-WF since October 17, 2022. These documents shall include, among other things, activity sheets, logbooks, schedules and other documents used and/or maintained to record or track the movement and activities of the youth.

**ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

21. All DOCUMENTS and COMMUNICATIONS showing family and guardian visitation allowed to and experienced by youth held at BCCY-WF at Angola since October 17, 2022, including phone calls, video/Zoom calls, and in-person visits, including documents showing the dates on which each type of visitation has been or will be provided, what categories of people are permitted to visit, how often, on what days, at what times, the duration of each type of visit, how youth or families/guardians may request visits, the criteria upon which visits are allowed or denied, and the numbers of non-legal phone calls, video/Zoom calls, and in-person visits each youth held at the OJJ Angola facility since October 17, 2022 has had.

**ANSWER: Defendants object to the request, as it implies that BCCY-WF denies visitation to family of the youth. All family of the youth are allowed to visit the youth at BCCY-WF, and no family has ever been denied visitation. Defendants further incorporate the Time Limit Objection. Subject to these objections, responsive documents are being produced.**

22. All DOCUMENTS and COMMUNICATIONS showing policies, practices and measures taken since October 17, 2022 to provide both indoor and outdoor recreation to youth held at BCCY-WF at Angola, including construction, building, ordering of equipment and supplies, dates of completion or provision of equipment and supplies, staffing, hours, variation in hours related to youth behavior, and the recreation facilities, supplies and hours available to youth held at the Angola facility as of the date of response to this request.

**ANSWER: Defendants incorporate the Time Limit Objection. Defendants further object that at the Status Conference on July 19, 2023, Chief Judge Dick explicitly advised the parties that the hearing on the motion for preliminary injunction was not for the purpose of relitigating BCCY-WF's policies. Subject to the objections, responsive documents are being produced.**

23. DOCUMENTS sufficient to show Defendants' receipt of federal monies or funds.

**ANSWER: Defendants incorporate the Time Limit Objection. Defendants further object that the request seeks information that is not relevant.**

24. All DOCUMENTS provided to Defendants' experts for this Preliminary Injunction hearing and/or relied on by Defendants' experts in reaching their conclusions in this litigation.

**ANSWER: All documents relied upon by Defendants' experts in this litigation are being produced. Defendants reserve the right to supplement this response, as discovery is ongoing.**

25. All non-privileged COMMUNICATIONS between Defendants and any person relating to the allegations in the motion for a preliminary injunction in the instant matter.

**ANSWER: Defendants object that the request is vague, uncertain, and not capable of a response.**

26. All DOCUMENTS and COMMUNICATIONS showing the quarterly intervention report (and underlying data) for BCCY-WF that relate to OJJ's reports required by law to the Juvenile Justice Reform Act Commission, including but not limited to the use of solitary confinement.

**ANSWER: Subject to the Time Limit Objection, Defendants are not in possession of documents responsive to this request.**

27. All DOCUMENTS and COMMUNICATIONS showing every time any youth were confined in a cell at BCCY-WF for longer than 8 hours per day.

**ANSWER: Subject to the Time Limit Objection, responsive documents are being produced.**

Respectfully submitted, this 31st day of July, 2023.

BY: */s/ Madaline King Rabalais*
Connell Archey (#20086)
Randal J. Robert (#21840)
Allena McCain (#38830)
Madaline King Rabalais (#38301)
BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge LA 70821-2997
Telephone: (225) 325-8700
Facsimile: (225) 325-8800
Connell.Archey@butlersnow.com
Randy.Robert@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.Rabalais@butlersnow.com

Kyle V. Miller (*pro hac vice*)
Lemuel E. Montgomery III (*pro hac vice*)
Anna Morris (*pro hac voce*)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500

Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com

Counsel for Defendants
GOVERNOR JON BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been delivered electronically to all counsel of record.

Baton Rouge, Louisiana this 31st day of July, 2023.

                                        */s/ Madaline King Rabalais*
                                        Madaline King Rabalais

81071712.v1