UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALEX A., by and through his guardian,**　　　　　　　**CIVIL ACTION**
**Molly Smith; BRIAN B.; and**
**CHARLES C., by and through his guardian,**　　　　**NO. 22-573-SDD-RLB**
**Kenione Rogers, individually and on behalf**
**of all others similarly situated**

**VERSUS**

**GOVERNOR JOHN BEL EDWARDS,**
**in his official capacity as Governor of Louisiana;**
**WILLIAM SOMMERS, in his official**
**capacity as Deputy Secretary of the**
**Office of Juvenile Justice,**
**JAMES M. LEBLANC, in his official capacity**
**as Secretary of the Louisiana Department**
**of Public Safety & Corrections**

## ORDER

Before the Court is Plaintiffs' Motion for Access to OJJ Client Records ("Motion for Access"). (R. Doc. 137). The motion is opposed. (R. Doc. 145).

The operative pleading in this action is the First Amended Class Action Complaint filed by Alex A., by and through his guardian Molly Smith, Brian B.,[1] and Charles C., by and through his guardian Kenione Rogers, (collectively, "Plaintiffs") on behalf of themselves and others similarly situated against Government John Bel Edwards, Deputy Secretary of the OJJ ("OJJ") Williams Sommers, and the Secretary of the Louisiana Department of Public Safety & Corrections James M. LeBlanc (collectively, "Defendants"). (R. Doc. 96, "Amended Complaint").[2] In this Amended Complaint, Plaintiffs seek declaratory and injunctive relief under

---

[1] Brian B. was no longer a minor at the time the First Amended Complaint was filed, but was a minor when he was adjudicated delinquent. (R. Doc. 95 at 1 n.1). Plaintiffs' counsel have filed a Suggestion of Death notifying the Court that Brian B. died on April 20, 2023. (R. Doc. 162).
[2] Alex A. commenced this action on August 19, 2022 by filing the original Complaint. (R. Doc. 1). The district judge denied his Motion for Temporary Restraining Order and Motion for Preliminary Injunction. (R. Doc. 15; R. Doc. 79).

42 U.S.C. § 1983 for violation of the Fourteenth Amendment (Count I), declaratory and injunctive relief for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count II), and declaratory and injunctive relief for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (Count III). (R. Doc. 96 at 35-39).

On October 31, 2022, Plaintiffs filed their Motion for Class Certification. (R. Doc. 99). The Motion for Class Certification remains pending before the district judge.

On November 21, 2022, Defendants filed a Motion to Dismiss for Lack of Standing ("Motion to Dismiss"). (R. Doc. 102). Defendants then sought a stay of discovery until resolution of the Motion to Dismiss (R. Doc. 103), which the undersigned granted. (R. Doc. 118).

On March 10, 2023, Plaintiffs filed the instant Motion for Access. (R. Doc. 137). In support of the motion, Plaintiffs acknowledge that the motion "is not made pursuant to the rules of discovery, but rather seeks an Order that OJJ comply with its own policies and procedures. . . ." (R. Doc. 137-1 at 3). Plaintiffs' counsel requested all juvenile records for the plaintiffs Alex A., Brian B., and Charles C., as well as the records for the non-parties Daniel D. and Edward E. (R. Doc. 137-1 at 3-5; *see* R. Docs. 137-1, 137-2). Plaintiffs assert that their counsel "have complied with all statutory and policy requirements for obtaining records by submitting requests for individual Plaintiffs through the OJJ online records request portal" but Defendants "have failed to provide a complete set of records" to Plaintiffs' counsel. (R. Doc. 137-1 at 7).

In opposition, Defendants argue that the Motion for Access must be denied as procedurally improper because it "improperly addresses grievances unrelated to the claims in this litigation." (R. Doc. 145 at 2). Defendants also represent that "OJJ has properly responded to all records requests or is actively working to provide complete records." (R. Doc. 145 at 3-5).

On July 5, 2023, the instant Motion for Access was referred to the undersigned for resolution.

On July 17, 2023, Plaintiffs filed a second Motion for Preliminary Injunction. (R. Doc. 163). The district judge subsequently held a status conference, set a preliminary injunction hearing to be held on August 15, 2023, and required the parties to meet and confer for the purposes of submitting a joint proposed discovery scheduling order. (R. Doc. 167).

On July 21, 2023, the parties submitted a joint status report detailing the parties' positions regarding the scope of, and deadlines for, limited discovery prior to the preliminary injunction hearing. (R. Doc. 170). Defendants represented that they "agree to provide youth files from the point of transfer to OJJ's Angola facility, along with the reason for their transfer." (R. Doc. 170 at 3). Plaintiffs also requested production of each "youth's secure care file, which includes treatment received at other facilities." (R. Doc. 170 at 3). The parties did not agree on when the limited discovery period should close. (R. Doc. 170 at 3).

The same day, Defendants moved to withdraw their Motion to Dismiss (R. Doc. 169), which the district judge granted (R. Doc. 171).

The record indicates that the parties have been conducting discovery in preparation of the preliminary injunction hearing set for August 15, 2023 in accordance with their joint status report.

On August 1, 2023, Plaintiffs filed a Motion to Compel (R. Doc. 188), which has been referred to the undersigned for resolution. In relevant part, the Motion to Compel seeks the "production of the complete OJJ file on each youth currently held at the Angola facility" because the Defendants only agreed "to produce the portion of these files reflecting the incident(s) leading to the youth's transfer to Angola and tenure there." (R. Doc. 188-1 at 3). The

undersigned has ordered Defendants to file a response to the Motion to Compel on an expedited basis. (R. Doc. 195).

Having considered the record, the Court will deny Plaintiffs' Motion for Access, which seeks the production of the same information that is, in part, the subject of Plaintiffs' later-filed Motion to Compel. Plaintiffs' Motion for Access explicitly states that it is seeking an order from the Court compelling the production of documents outside of the scope of the discovery rules applicable to this action. But the Amended Complaint does not seek any substantive relief pertaining to access of documents held by the OJJ. Indeed, any substantive relief sought regarding access to documents is well beyond the scope of the allegations in the Amended Complaint.

Plaintiffs have not demonstrated that any source of law, outside of the discovery rules in the Federal Rules of Civil Procedure, would merit the issuance of an order compelling Defendants to produce any OJJ files in this action. The parties are currently engaged in a discovery dispute regarding the same OJJ files that are the subject to the instant motion. Accordingly, the Court will address whether Defendants must produce the OJJ files sought in the context of resolving the pending Motion to Compel.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion for Access to OJJ Client Records (R. Doc. 137) is **DENIED**.

Signed in Baton Rouge, Louisiana, on August 8, 2023.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**