# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, MOLLY SMITH individually and on behalf of all others similarly situated, ) ) ) ) ) ) Plaintiff, ) ) v. ) GOVERNOR JOHN BEL EDWARDS, in ) his official capacity as Governor of ) Louisiana; WILLIAM SOMMERS, in his ) official capacity as Deputy Secretary of the ) Office of Juvenile Justice, JAMES M. ) LEBLANC, in his official capacity as ) Secretary of the Louisiana Department of ) Public Safety & Corrections, ) ) ) ) Defendants. ) | Civ. A. No. 3:22-CV-00573-SDD-RLB<br><br>**MEMORANDUM IN SUPPORT MOTION TO DISQUALIFY ATTORNEY AND REQUIRE LIVE EXPERT TESTIMONY** |

Defendants submit this memorandum in support of their Motion to disqualify Corene Kendrick as an attorney for Plaintiffs in this matter and to require all witnesses to testify live at trial due to unethical practices of witness communications during pre-trial depositions in this matter. Defendants also request sanctions against Plaintiffs' counsel for the deposition costs incurred for the testimony of Dr. Susi Vassallo and for attorneys' fees incurred in the filing of this Motion.

## 1. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 10, 2023, at 9:00 a.m. local time, Connell Archey, attorney for Defendants, deposed Dr. Susi Vassallo regarding her expertise, experience, materials, and opinions regarding the pending Motion for Preliminary Injunction filed by Plaintiffs and set for an evidentiary hearing

4

beginning August 15, 2023. The deposition was conducted via Zoom, with all parties participating remotely.

At approximately 9:28 a.m., counsel for Defendants heard multiple cell phone notifications, commonly associated with incoming text messages, coming from Dr. Vassallo's audio feed, as confirmed by a green outline indicating the source of the audio coming through the Zoom platform. Mr. Archey asked Dr. Vassallo whether she was receiving text messages during her deposition. Dr. Vassallo confirmed that she had received text messages during her deposition and, upon further questioning, confirmed that those messages were received from Corene Kendrick, counsel for Plaintiffs who was defending the deposition.[1] Dr. Vassallo testified that the text messages were directing her to portions of her expert declaration and providing information in response to Mr. Archey's questions of Dr. Vassallo. Attached hereto as **Exhibit A** is a rough copy of the transcript of Dr. Vassallo.

Following the deposition of Dr. Vassallo, Mr. Archey requested that Plaintiffs' counsel preserve and produce all electronic communications between the Plaintiffs' legal team and Plaintiffs' expert witnesses which occurred during the depositions.[2] Counsel responded and claimed that no such communications occurred during the depositions of Dr. Gagnon and Dr. McCarthy, but produced text messages in excess of what was disclosed on the record. **Exhibit B**, Email Correspondence; **Exhibit C**, Text Messages. Although Dr. Vassallo disclosed the contents of two text messages in her deposition,[3] counsel is now aware that Ms. Kendrick sent **nine** distinct texts to Dr. Vassallo during her deposition testimony, providing answers and directing Dr. Vassallo to records in support of her opinions.

---

[1] Ms. Kendrick has been admitted to the California bar since 2004 and currently serves as the Deputy Director of the ACLU's National Prison Project.
[2] Dr. Gagnon and Dr. McCarthy, Plaintiffs' other expert witnesses, were deposed the day prior, on August 9, 2023.
[3] Ex. A, pp. 22–24.

5

## 2. ARGUMENT AND AUTHORITIES

### A. Disqualification of Attorney for Unethical Conduct

Rule 3.4(a) of the Louisiana Rules of Professional Conduct for Attorneys prohibits an attorney from "unlawfully obstruct[ing] another party's access to evidence." The testimony of an expert witness is valid evidence and Ms. Kendrick's interference with Mr. Archey's deposition of Dr. Vassallo – seeking to obtain the evidence and opinions of Dr. Vassallo – is prohibited conduct under Rule 3.4(a).

An attorney's pro hac vice admission may be revoked if the Court finds that the attorney is not competent or ethically fit to practice or if the applicant has failed to otherwise comply with the requirements of Rule XVII of the Louisiana Supreme Court. Communicating with witnesses during live and sworn testimony, especially clandestinely, is certainly an ethical violation meriting the revocation of an attorney's provisional admission to practice in this Court.

There is abundant literature and guidance in the legal community regarding the ethical considerations for remote proceedings, including remote depositions via videoconferencing, particularly following the rapid proliferation of remote proceedings during and after the COVID-19 pandemic. Courts, law firms, and bar associations have routinely advised against unsanctioned communications with witnesses during depositions.[4] Indeed, the Eastern District of Louisiana has imposed protocols specifically prohibiting any counsel's use of text messaging or email to witnesses during a remote deposition. *Matter of Tara Crosby, LLC*, 2021 WL 1699883 (E.D. La.

---

[4] *See, e.g.*, Improper Testing During Remote Testimony Can Result in Significant Consequences to Litigants and Lawyers, AMERICAN BAR ASSOCIATION, July 1, 2022. https://www.americanbar.org/groups/litigation/committees/corporate-counsel/articles/2022/spring2022-improper-texting-during-remote-testimony-can-result-in-significant-consequences-to-litigants-and-lawyers/?login

4/29/21). These protocols should not be necessary – attorneys are expected to conduct themselves with the utmost decorum and should not need advance court notice that communication with a witness during a deposition is unethical and highly improper.

**B.** **Sanctions for Improper Conduct During Deposition**

F.R.C.P. 30(d)(2) allows a court to impose appropriate sanctions, including but not limited to the reasonable expenses and attorney's fees incurred by a party, against a person who impedes, delays, or frustrates the fair examination of the deponent. During a deposition, "a questioning attorney is entitled to have the witness, and the witness alone, answer questions." *Salazar v. City of Phoenix,* 2021 WL 2075735 (D. Arizona 5/24/21) (internal quotations omitted).

Importantly, the actions of counsel were conducted off the record and clandestinely. An attorney's surreptitious communications with a witness during a remote deposition, wherein opposing parties are unable to monitor the off-screen conduct of the participants, is impermissible and cannot be tolerated. Ms. Kendrick's secretive communications with an expert witness are clear violations of the decorum required of an attorney proceeding before this Court. Sanctions are warranted.

**C.** **Requirement of Live Testimony**

Plaintiffs have requested that their expert witnesses be allowed to testify remotely via videoconferencing at the evidentiary hearing beginning on August 15, 2023. [R. Doc. 184]. Defendants opposed the motion, suggesting that live testimony is the best method for the court to assess the credibility of the witnesses and receive the testimony. [R. Doc. 192]. The Court has required that all witnesses testify live, with the exception of Dr. Gagnon, who resides in Finland. [R. Doc. 196]. Dr. Gagnon was located in New York City at the time of his deposition on August 9, 2023, despite representations from counsel that Dr. Gagnon would be unable to travel to the

United States for the trial, without citing any specific conflicts with Dr. Gagnon's schedule. Though Plaintiffs assert that no improper communications occurred during the deposition of Dr. Gagnon, Defendants are concerned that Plaintiffs may attempt to communicate with Dr. Gagnon during his testimony if he is permitted to testify remotely. In light of the documented improper communications with Plaintiffs' witnesses during depositions, Defendants respectfully request that the Court reconsider its prior ruling and require Dr. Gagnon to testify live in court for the evidentiary hearing.

### III.  CONCLUSION

Plaintiffs' counsel have violated the ethical and professional standards required of this Court. Due to the egregious and documented incidence of communicating with and expert witness during sworn testimony, Defendants respectfully request that the Court revoke the pro hac vice admission of Corene Kendrick and prohibit her further participation in these proceedings. Defendants also request an award of attorney's fees and costs associated with this motion and the deposition of Dr. Susi Vassallo. Finally, Defendants ask the Court to revise its prior order permitted remote videoconference testimony of Plaintiffs' expert witness and require all witnesses to appear live to present testimony.

Dated: August 10, 2023.

Respectfully Submitted:

BY: _____
Connell Archey (#20086)
Allena McCain (#38830)
Madaline King (#38301)
BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge, LA  70821-2997
Telephone:   (225) 325-8700
Facsimile:    (225) 325-8800

Connell.Archey@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.King@butlersnow.com

Lemuel E. Montgomery III (pro hac vice)
Anna Morris (pro hac vice)
Carly Chinn (pro hac vice)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone: (601) 948-5711
Facsimile: (601) 985-4500
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com
Carly.Chinn@butlersnow.com

Counsel for Defendants
GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 10th day of August, 2023.

81654209.v1