**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith, *et al.*, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana, *et al.*,<br><br>　　　　Defendants. | Civ. Act. No. 3:22-CV-00573-SDD-RLB |

# EXHIBIT 1



July 26, 2023

**Via Email and US Mail**
Connell Archey
Butler Snow
445 North Blvd., Suite 300
Baton Rouge, LA 70802

Lem Montgomery
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39158

    **RE:**     **LETTER TO PRESERVE VIDEO EVIDENCE RE:** ***SMITH v. EDWARDS, ET AL.*, CASE NO. 3:22-cv-573 (M.D. La. CHIEF JUDGE DICK PRESIDING)**

Dear Mr. Archey and Mr. Montgomery:

    First, as we discussed on the phone, I wanted to confirm that you are correct that the first preservation letter was sent on July 20, 2023, not May 9, 2023.

    Otherwise, I am very disappointed in your response. Your contention that our request is improper or unduly burdensome because the August 15, 2023 preliminary injunction trial concerns "current conditions" at OJJ Angola is flatly contradicted by clearly established Fifth Circuit law. As I am sure you are aware, the purpose of discovery is to allow the parties to seek relevant evidence—which need not be admissible—to support their claims. Fed. R. Civ. P. 26(b)(1). The Fifth Circuit has repeatedly held that when seeking injunctive relief, relevant evidence includes evidence of past conduct. *See, e.g.*, *CAE Integrated, L.L.C. v. Moov Techs.*, Inc., 44 F.4th 257, 263 (5th Cir. 2022) ("The critical question in issuing the injunction and also the ultimate test on review *is **whether defendant's past conduct indicates that there is a reasonable likelihood of further violations in the future**.*") (emphasis added) (quoting *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978)); *Valentine v. Collier*, 993 F.3d 270, 280 (5th Cir. 2021) ("[A] permanent injunction[1] is appropriate ***only if a defendant's past conduct*** gives rise to an inference that, in light

---

[1] While *Valentine* address past conduct in the context of issuing a permanent injunction rather than a preliminary one, that is a distinction without difference here. As we all know, the first factor a court considers in granting a preliminary

2831 ST. CLAUDE AVE.
NEW ORLEANS, LOUISIANA 70117
504.358.0457 (P)
504.233.6691 (F)
chris@murell.law
www.murell.law

of present circumstances, there is a reasonable likelihood of future transgressions.") (emphasis added) (quoting *Sec. & Exch. Comm'n v. Life Partners Holdings, Inc.,* 854 F.3d 765, 784 (5th Cir. 2017)).

These decision are far from new jurisprudence—it has been precedent from the Fifth Circuit for more than fifty years that a "*respondent's past conduct is a relevant factor to be considered*" when a court adjudicates a claim for injunctive relief. *Offner v. Shell's City, Inc.*, 376 F.2d 574, 576 (5th Cir. 1967) (emphasis added).

Further, I am particularly disappointed in your refusal to merely *preserve* (not even produce yet) this evidence in light of our July 21, 2023 meet and confer about discovery. In that meeting, you and I extensively discussed our differing positions about the relevance of past conduct and to what extent Plaintiffs may seek discovery of past conduct. You knew that this issue was contested between us. Thus, any destruction of video that has occurred since July 20, 2023 is unquestionably in bad-faith and sanctionable. *See, e.g.*, *Crain v. City of Selma*, 952 F.3d 634, 639 (5th Cir. 2020) ("Under the spoliation doctrine, a court may instruct a jury that it may draw an adverse inference that a party who intentionally destroys important evidence in bad faith did so because the contents of those documents were unfavorable to that party." (internal quotation marks omitted)).

Your assertion that our preservation request is "astoundingly overbroad" is utterly baseless and contrary to common sense. As we discussed on July 28, Plaintiffs understand that any video destroyed per normal, in-place policies prior to July 20 cannot be recreated. But the idea that continuing to preserve any video that was still in possession of any Defendant and/or their agents/employees—which had already been preserved up until July 20—is illogical. It was in your clients' possession less than a week ago. Preserving for merely several more weeks cannot be overly burdensome or costly. Nevertheless, if the Defendants cannot afford media storage on which to save videos, the Plaintiffs volunteer to provide it.

In light of your response from earlier today, Plaintiffs demand the following:

(1) Plaintiffs reiterate their original preservation request effective July 20, 2023 for all of the following: All video recordings of O.J.J. Angola (otherwise known as Bridge City – West Feliciana) that is in possession of any defendant in this matter. This preservation is to include any and all audio and video footage taken of, within, from today, or in any way depicting any part of the exterior or interior of O.J.J. Angola (otherwise known as Bridge City – West Feliciana). Such footage may include surveillance videos in the possession of O.J.J. or its employees or agents, surveillance videos in the possession of the Louisiana Department of Public Safety & Corrections or its employees or agents, surveillance videos in possession of Louisiana State Penitentiary or its employees or agents, and any other video in the possession of any defendants or its employee or agent in any way depicting the exterior or interior of O.J.J. Angola (otherwise known as

---

injunction is the Plaintiffs' likelihood of success on the merits for a permanent injunction, thus the considerations in whether a party is entitled to a permanent injunction are also relevant for a preliminary one.

2831 St. Claude Ave.
New Orleans, Louisiana 70117
504.358.0457 (P)
504.233.6691(F)
chris@murell.law
www.murell.law

Bridge City – West Feliciana) from the date of the arrival of the first juvenile detainee (approximately October 2022) through the end of our preliminary injunction trial that begins on August 15, 2023.

(2) For any video that falls within the ambit of the original preservation letter that has been destroyed on or since July 20, 2023, please provide the following information: (1) the name of the person possessing the video; (2) the employment and position of that person; (3) the date(s) of the video; (4) a description of the contents of the video; (5) specification as to which portion of O.J.J. Angola (otherwise known as Bridge City – West Feliciana) was captured in the video; (6) the reason for destruction, including if the person was instructed to destroy the video by anyone; and (7) the name and employment of who destroyed the video footage. For any videos destroyed on or after July 20, 2023, we will ask to depose all individuals who were in possession of and/or destroyed the videos.

(3) Given the clear state of the law regarding a respondent's past conduct being relevant to a lawsuit seeking injunctive relief, we hope that you will voluntarily reconsider your position and agree to our preservation request. However, if we have not received a response from you by 2 p.m. today (July 26, 2023), we will file a motion compelling preservation of the video with the Court.

Sincerely,

Christopher J. Murell

2831 St. Claude Ave.
New Orleans, Louisiana 70117
504.358.0457 (P)
504.233.6691(F)
chris@murell.law
www.murell.law