IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiffs,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>　　　　Defendants. | Civ. A. No. 3:22-CV-00573-SDD-RLB<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **MOTION FOR EXPEDITED CONSIDERATION OF CLASS MOTION FOR ACCESS TO COUNSEL** |

NOW INTO COURT, through undersigned counsel, come Defendants John Bel Edwards, in his official capacity as Governor of Louisiana; Otha "Curtis" Nelson,[1] in his official capacity as Deputy Secretary of the Office of Juvenile Justice ("OJJ"); and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections (collectively "Defendants"), who respond to Plaintiffs' *Ex Parte* Motion for Expedited Consideration of Class Motion for Access to Counsel (the "Motion for Expedited Consideration," Doc. 263).

On September 12, 2023, Plaintiffs filed the Class Motion for Access to Counsel (the "Access to Counsel Motion," Doc. 262). Plaintiffs then sought expedited consideration of the

---

[1] On November 18, 2022, Governor Edwards announced the resignation of Deputy Secretary Sommers and the appointment of Otha "Curtis" Nelson as his replacement. https://gov.louisiana.gov/index.cfm/newsroom/detail/3892. Because Sommers was sued in his official capacity, Nelson is automatically substituted as a Defendant. Fed. R. Civ. P. 25(d).

1

Access to Counsel Motion. Doc. 263. In their Motion for Expedited Consideration, Plaintiffs indicate that there are "emergent circumstances" that warrant this Court's expedited review. Doc. 263 at 1. However, Plaintiffs do not detail what "emergent circumstances" exist. Plaintiffs instead refer the Court to their Access to Counsel Motion and Memorandum in Support (Doc. 262), but the "emergent circumstances" are not found there either. In fact, the Access to Counsel Motion does not request any specific relief other than to "permit undersigned counsel confidential legal visits" with members of the putative class. Doc. 262-1 at 1. Plaintiffs do not include a request for any sort of emergency relief or a date by which the requested legal visits must occur.

Moreover, neither the named plaintiffs nor the putative class members have been denied access to counsel. At 1:24 p.m. on September 12, 2023, Plaintiffs' counsel made a generic request to visit unnamed class members and that such visits occur on Thursday, September 14, 2023. At 2:27 p.m. on September 12, 2023, Defendants responded, requesting that attorney visits be conducted at a later date due to the OJJ's ongoing efforts to comply with this Court's ruling that all youth must be removed from the Bridge City Center for Youth at West Feliciana ("BCCY-WF") facility no later than Friday, September 15, 2023 (Doc. 257). *See* Doc. 262-6 at 3. Though the Fifth Circuit Court of Appeals today granted an administrative stay of the Preliminary Injunction, the administrative stay is not for a definite period of time and, therefore, Defendants must continue in their efforts to comply with the terms of the Preliminary Injunction.

Additionally, Plaintiffs' request to meet with putative class members has certain legal issues that require careful consideration, including, but not limited to:

1. Most of the putative class members are minors, and parental/guardian consent must be obtained before Plaintiffs' counsel can access the minors; and

2

2. By statute, the identities of Youth in OJJ's custody is confidential and cannot be disclosed.

Because Plaintiffs appear to be seeking a general order from the Court permitting counsel to conduct confidential legal visits, there is no reason for the Court to consider the Access to Counsel Motion on an expedited basis. Instead, the motion should be set for a normal briefing schedule to address the important issues raised above.

For these reasons, Plaintiffs' *Ex Parte* Motion for Expedited Consideration of Class Motion for Access to Counsel should be denied.

Dated: September 13, 2023.

Respectfully submitted:

BY: */s/ Connell L. Archey*
Connell Archey (#20086)
Randal J. Robert (#21840)
Allena McCain (#38830)
Madaline King Rabalais (#38301)
BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge, LA  70821-2997
Telephone:    (225) 325-8700
Facsimile:    (225) 325-8800
Connell.Archey@butlersnow.com
Randy.Robert@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.Rabalais@butlersnow.com

Kyle V. Miller (pro hac vice)
Lemuel E. Montgomery III (pro hac vice)
Anna Morris (pro hac vice)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone:    (601) 948-5711
Facsimile:    (601) 985-4500
Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com

Anna.Morris@butlersnow.com

Counsel for Defendants
GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice; and JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

Baton Rouge, Louisiana this 13 day of September, 2023.

*/s/ Connell L. Archey*

82476238.v1