UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR JOHN BEL EDWARDS, et al., <br><br> Defendants. | Civil Action No. 3:22-cv-573-SDD-RLB |

**PLAINTIFFS' REPLY BRIEF TO
DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFFS' *EX PARTE* MOTION FOR EXPEDITED
CONSIDERATION OF CLASS MOTION FOR ACCESS TO COUNSEL**

**INTRODUCTION**

Defendants' opposition[1] to Plaintiffs' request that this Court hear their Class Motion for Access to Counsel[2] on an expedited basis,[3] and their continued blocking of access to the courts for class members, is an effort to stop communication between Louisiana's incarcerated youth and Court-appointed class counsel.

The emergent circumstances asserted by Plaintiffs are well known to anyone following this case: On August 31, 2023, this Court certified a class and appointed counsel to represent the class.[4] On September 8, 2023, this Court ordered youth out of OJJ's Angola facility.[5] As was made abundantly clear from emails attached to Plaintiffs' Class Motion for Access to

---

[1] Doc. 266.

[2] Doc. 262.

[3] Doc. 263.

[4] Doc. 243.

[5] *See,* Doc. 267, p. 20 (filed version of this Court's Sept. 8, 2023, ruling from the bench).

1

Counsel, on September 12, 2023, undersigned counsel sought access to their clients prior to their transfer.[6] Defendants' response in opposition foretells a repeat of Defendants' same gamesmanship and delay tactics that since the beginning of this litigation have inhibited named Plaintiffs and members of the Plaintiff class and subclass from visiting with and communicating with their lawyers.[7]

## SUPPLEMENTAL STATEMENT OF FACTS

Undersigned counsel has, since this Court granted Plaintiffs' motion to certify the class and subclass, made a request for names and locations of class members, and requested to visit youth at OJJ's Angola facility.[8] Three days after Plaintiffs filed the instant motions, on September 15, 2023, Defendants announced *via press release* that they had moved all youth in their custody off the grounds of the Angola facility.[9] They did so more than half an hour *before* they informed this Court of the move.[10] No information other than the location of the new facility—Jackson Parish, LA—and an assertion that it is a "juvenile facility" was provided to this Court and undersigned counsel.[11] The reality is it seems to be a facility within an adult

---

[6] Doc. 262-5, p. 2.

[7] *See, e.g.,* Doc. 133 (Plaintiffs' reply brief to Defendants' opposition to Plaintiffs motion for access to counsel, detailing the unconstitutional barriers to young people in OJJ's secure care facilities erected by Defendants).

[8] Doc. 262-1, pp. 3-4.

[9] *See,* Ex. 1 ("OJJ removes youth from West Feliciana facility," KALB News, Sept. 15, 2023, available at: https://www.kalb.com/2023/09/15/ojj-removes-youth-west-feliciana-facility/ (last visited Sept. 18, 2023)); *See also,* Ex. 2 ("OJJ removes young offenders from Angola facility in Jackson Parish," WDSU 6 News, Sept. 15, 2023, available at: https://www.wdsu.com/article/jacksonparishyouth-transferred-out-of-the-west-feliciana-center-for-youth-by-ojj/45156335 (last visited Sept. 18, 2023)).

[10] *See*, Ex. 3 (Sept. 15, 2023, 11:55 a.m. email to this Court) and compare with Ex. 1 (article posted on KALB website at 11:24 a.m.).

[11] Ex. 3.

detention center.[12] Plaintiffs are entitled to access to their lawyers, and Defendants are required to provide reasonable accommodations for undersigned counsel's access to the class and subclass.

## ARGUMENT

**I.    Defendants Cannot, Simply Because Plaintiffs Are in Secure Care, Deny Access to Counsel.**

Plaintiffs are in the Defendants' custody, and "[r]egulations and practices that unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts are invalid."[13] This is particularly true in the context of a certified class, because court-appointed class counsel owe a duty of representation "to the entire class."[14] Thus, in *McClendon v. City of Albuquerque*, 272 F. Supp.2d 1250 (D.N.M. 2003), the court granted a preliminary injunction, finding that restrictions on class counsel's access to their detained clients, including the denial of visits, "would unjustifiably obstruct the availability of professional representation, thereby violating the class members' and the sub-class members' constitutional right of access to the courts."[15]

Since this Court granted class certification and approved undersigned counsel as class counsel, Plaintiffs 1) requested a list with names and locations of the class members;[16] 2)

---

[12] *See, e.g.*, Ex. 4 ("Jackson Parish Sheriff's Office opens new $7 million jail facility," KTVE/KARD News, July 29, 2023, available at: https://www.myarklamiss.com/news/jackson-parish-sheriffs-office-opens-new-jail-facility/ (last visited Sept. 18, 2023)).

[13] *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), overruled in part on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989).

[14] *Parker v. Anderson*, 667 F.2d 1204, 1211 (5th Cir. 1982); *see also Richardson v. Wells Fargo Bank, N.A.*, 839 F.3d 442, 451 (5th Cir. 2016) (similar).

[15] *McClendon v. City of Albuquerque*, 272 F. Supp.2d at 1258 (internal quotation marks omitted).

[16] Doc. 262-4.

requested legal visits with the youth held in the Angola facility;[17] and 3) repeated the request for legal visits at the Angola facility by attempting to comply with OJJ policy for legal visits as closely as possible, i.e. making the request to the facility director and her lawyers.[18] Only the third elicited any response from defense counsel. Without ever providing any names or locations of class members, Defendants claim that the last request was a "generic request to visit unnamed class members."[19]

Defendants then incorrectly claimed Plaintiffs are a "putative" class—although the Court had already certified the class and subclass—and assert without citation to any authority that "certain legal issues require careful consideration" before members of the Plaintiff class and subclass can meet with their lawyers.[20] Any ostensible "legal issues"—for example, OJJ's statutory duty to keep youth's identities confidential and an assertion that parental or legal guardian consent must be obtained[21]—have been the subject of precertification litigation in this case for months.[22] This Court has the authority to require OJJ to permit legal visits with class members and the protective order entered in this case[23] answers the specious claims of legal

---

[17] Doc. 262-5.

[18] Doc. 262-6.

[19] Doc. 266, p. 2.

[20] *Id.*

[21] *Id.*, pp. 2-3.

[22] *See, e.g.,* Doc. 113 (Plaintiffs motion for access to counsel discussing barriers to legal visits); *see also* Doc. 147-1 (Plaintiffs' appeal of U.S. Magistrate's denial of motion for access based on a "lack standing and access to counsel is `well beyond the scope of' claims made in Plaintiffs' First Amended Complaint," both claims ultimately found to be unfounded.)

[23] Doc. 36.

issues that Defendants argue "require careful consideration."[24] This Court should grant expedited consideration of Plaintiffs' pending motion for access to counsel.

## II. Defendants Cannot Continue to Unilaterally Impose Limitations on Class Counsel's Ability to Communicate With Class Members.

If Plaintiffs were not incarcerated, this Court could only impose restrictions on class counsel's ability to communicate with class members for good cause.[25] Although it should not be necessary, i.e. Defendants should have expeditiously complied with Plaintiffs' September 1, 2023 request for a list of youth in secure care and their locations,[26] this Court has the authority to order Defendants to provide a list of current class members to undersigned counsel.[27] All class members are in the legal custody of Defendants, and it is not burdensome for them to generate a list of all plaintiff children.[28]

Similarly, this Court has the authority to grant class counsel access to the Plaintiff class and subclass.[29] Defendants are correct that Plaintiffs seek "a general order from the Court

---

[24] Doc. 266, p. 2.

[25] *See, e.g.*, *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 101-102 (1981) (An "order limiting communications between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties."); *see also Gates v. Cook*, 234 F.3d 221, 227 (5th Cir. 2000) (striking down a lower court's no-contact order imposed on ACLU National Prison Project lawyers who sought to represent incarcerated people with HIV in the Mississippi State Penitentiary because the district court's order contradicted "the principles enunciated in *Gulf Oil Co. v. Bernard*.").

[26] Doc. 262-4.

[27] For example, other courts have permitted plaintiffs' counsel contact information for *putative* class members prior to certification; these cases *a fortiori* stand for the principle that class counsel are entitled to receive a list of the members of the class that they represent. *See Barrera v. Wolf*, Civil Action No. 4:20-CV-1241, 2020 WL 11421469 (S.D. Tx. Dec. 2, 2020) (Plaintiffs permitted to discover, precertification, names of putative class members in jail); *see also Gates v. Cook*, 234 F.3d at 227 ("It is a well-established principle that district courts enjoy wide latitude in managing complex litigation in general and class actions in particular.") (citing *Mullen v. Treasure Chest Casino, LLC*, 186 F.3d 620, 623 (5th Cir.1999)).

[28] If Defendants claim it is burdensome for them to create a list of the 300-odd children in their legal custody and the location of each, their failure to track and monitor the locations of children in their legal custody raises profound questions about their ability to function as a department.

[29] *Gates v. Cook*, 234 F.3d 221.

permitting counsel to conduct confidential legal visits" with the certified class and subclass of adolescent boys locked up by the OJJ and subject to placement at Angola or another adult prison.[30] Given Defendants repeated refusal to permit constitutional access to the courts and counsel, expedited consideration of Plaintiffs' Class Motion for Access to Counsel is warranted.

## CONCLUSION

For the reasons stated above and in Plaintiffs' main briefs on this issue, Plaintiffs respectfully request expedited consideration of their Class Motion for Access to Counsel.

Respectfully submitted, this 18th day of September, 2023.

/s/: *David J. Utter*
DAVID J. UTTER **
Louisiana Bar Number: 23236
WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
david@claibornefirm.com
will@claibornefirm.com

/s/: *Christopher J. Murell*
CHRISTOPHER J. MURELL
Louisiana Bar Number: 32075
MURELL LAW FIRM
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
(504) 233-6691 Facsimile
chris@murell.law

/s/: *Hector Linares*
HECTOR LINARES
Louisiana Bar Number: 28857
SARA GODCHAUX
Louisiana Bar Number: 34561
STUART H. SMITH LAW CLINIC
LOYOLA UNIVERSITY NEW ORLEANS COLLEGE OF LAW
7214 St. Charles Avenue, Box 902
New Orleans, Louisiana 70118
(504) 861-5560 Telephone
(504) 861-5440 Facsimile
halinare@loyno.edu
shgodcha@loyno.edu

/s/ *Nancy Rosenbloom*
NANCY ROSENBLOOM
New York Bar Number: 2168425
ACLU NATIONAL PRISON PROJECT
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2652
nrosenbloom@aclu.org

/s/ *Tammie Gregg*
TAMMIE GREGG*
MN Bar Number: 026240
ACLU NATIONAL PRISON PROJECT

---

[30] Doc. 266, p. 3.

/s/: *David Shanies*
DAVID SHANIES
New York Bar Number: 4471140
SHANIES LAW OFFICE
110 West 40th Street, 10th Fl.
New York, New York 10018
Tel. (212) 951-1710
Fax (212) 951-1350
Cell (646) 515-2151
david@shanieslaw.com

/S/: *Russell Barksdale*
Russell Barksdale
Louisiana Bar Number: 33508
Barksdale Law Firm
2831 St. Claude Avenue
New Orleans, LA 70117
Telephone: (504) 517-4248
russellblaw@gmail.com

915 15th St. N.W., 7th Floor
Washington D.C. 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
tgregg@aclu.org

/s/ *Susan M. Meyers*
SUSAN M. MEYERS
Louisiana Bar Number: 29346
LAUREN WINKLER
Louisiana Bar Number: 39062
ASHLEY DALTON
Louisiana Bar Number: 40330
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: 504-512-8649
susan.meyers@splcenter.org
lauren.winkler@splcenter.org
ashley.dalton@splcenter.org

\*\* *Lead Counsel*
\*Not admitted in DC; practice limited to federal courts

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of September, 2023, a copy of the foregoing was served upon all counsel of record by electronic transmission.

/s/ *David J. Utter*
DAVID J. UTTER

7