UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., et al., <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR JOHN BEL EDWARDS, et al., <br><br> Defendants. | Civil Action No. 3:22-cv-573-SDD-RLB |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
PLAINTIFFS' MOTION TO ENFORCE THIS COURT'S ORDER
PERMITTING ACCESS TO OJJ YOUTH IN THE JACKSON PARISH JAIL**

**INTRODUCTION**

Defendants' opposition[1] to Plaintiffs' motion requesting an Order that OJJ permit Plaintiffs legal visits with their lawyers[2] ignores this Court's clear directive that attorney visits with the class be accommodated quickly.[3] Similarly, this Court made it abundantly clear that OJJ youth being held at the Jackson Parish Jail ("Jail") are class members who have a constitutional right to confidential visits with their lawyers.[4] OJJ's continued blocking of access to the courts for class members is a part of an ongoing effort to stop communication between Louisiana's incarcerated youth and Court-appointed class counsel.

---

[1] Doc. 303.

[2] Doc. 299.

[3] Doc. 299-3, p. 29.

[4] *See, id.*, p. 40, L. 6-11 ("Clearly the [names of] kids at Jackson" should be disclosed to undersigned counsel because there is "not a dispute" whether they are members of the class.).

1

## ARGUMENT

I.  **OJJ's Arbitrary and Inconsistent Application of its Policies Deny Access to Counsel and the Courts.**

Defendants claim that no class member has been denied access to counsel.[5] This is obviously not true, as the most generous read of their response to Plaintiffs' request for legal visits is that they denied visits to more than 12 class members and would only permit the visits a full week later than requested, on November 10 rather than November 3, 2023.[6]

Defendants claim that legal visits at the Jail "would need to be limited due to space and security constraints."[7] This too is untrue, as no less than *the week before* undersigned counsel met with 22 youth at the Jail over the course of two days without incident, i.e. the Jail provided a secure room for confidential visits and youth met with one of their lawyers without disruption to the Jail's operations.[8]

During the October 16, 2023, hearing on Plaintiffs' access to counsel motion, this Court noted that OJJ policy regarding notice for requests for legal visits is 24 hours. The Court stated that it "expects OJJ to abide by its policy."[9] OJJ admits that it only changed its policy regarding how many youth undersigned counsel could visit with, and how much notice was required, *after* class counsel made the second request for legal visits.[10] Defendants provide general

---

[5] Doc. 303, p. 1.

[6] *Compare,* Doc. 299-4, p. 5 (Nov. 1, 2023, email from Plaintiffs' counsel Ashley Dalton requesting legal visits to occur on Nov. 3) *with id.*, p. 4 (Nov. 1, 2023, email in response from Defendants' counsel Kyle Miller confirming the number of youth identified on the visit request was 22, approving visits for 10 youth one week later than Ms. Dalton's requested date for the legal visits).

[7] Doc. 303, p. 3.

[8] *See,* Doc. 299-4, p. 1 (Nov. 2, 2023, email from Plaintiffs' counsel David Utter noting that the legal visits conducted the week prior "are a model for visits going forward.").

[9] Doc. 299-3, p. 29, L. 6-10.

[10] Doc. 303, p. 4.

platitudes from case law in their effort to justify the policy changes—"security and order" and "necessary to further legitimate penological objectives"[11]—but do not and cannot justify what are clearly changes to policy to disallow class members in *this case* access to class counsel *at this time*.[12]

On October 16, 2023, this Court stated clearly that youth at the Jail be permitted to meet with undersigned counsel "in person, face-to-face, within a reasonable period of time from the request."[13] The arbitrary changes in OJJ policy "unjustifiably obstruct the availability of professional representation or other aspects of the right of access to the courts . . . [and] are invalid."[14] Without access to their lawyers, any other protections and rights youth at the Jail have are meaningless.[15] An order enforcing this Court's October 16, 2023, decision is required to protect class members' access to counsel and the courts.

## II. There is no Dispute That Adolescents Sent to the Jail by OJJ are Class Members.

Defendants take the position that the certified class in this case consists exclusively of youth who were incarcerated in OJJ's facility on the former death row at the Louisiana State

---

[11] Doc. 303, pp. 4-5.

[12] The only factual support Defendants provide is a declaration from Deputy Secretary Nelson that claims 7 days advance notice is required to "minimize disruptions to the youth's schedules." Doc. 303-1, p. 2. As shown by youth locked up in the Jail, there is no schedule at the Jail to disrupt. *See, e.g.,* Doc. 299-7 (there is "no counseling, no school, no recreation" at the Jail).

[13] Doc. 299-3, p. 29, L. 3-5. The Court specifically noted OJJ's policy is to allow visits "within 24 hours." *Id.*, L. 9. Such access comports with the general rule that incarcerated individuals "must have a reasonable opportunity to seek and receive the assistance of attorneys." *Procunier v. Martinez*, 416 U.S. 396, 419 (1974), overruled in part on other grounds by *Thornburgh v. Abbott*, 490 U.S. 401 (1989).

[14] *Procunier v. Martinez*, 416 U.S. at 419.

[15] *See, Adams v. Carlson*, 488 F.2d 619, 630-31 (7th Cir. 1973) ("All other rights of an inmate are illusory without [the right of unfettered access to the courts] . . . the effective protection of access to counsel requires that the traditional privacy of the lawyer-client relationship be implemented in the prison context.") (citations omitted).

Penitentiary at Angola.[16] While they correctly note that this Court referred the issue of who may be subject to transfer to OJJ's Jackson facility in the future to the Magistrate Judge, this Court made clear that youth in the Jail are class members.[17] Just as undersigned counsel met with 22 youth at the Jail, most of whom had never been to Angola, they should be permitted to meet with youth transferred to the Jail subsequent to the October 24-25 visit.

## CONCLUSION

For the reasons stated above and in Plaintiffs' main briefs on this issue, Plaintiffs respectfully request an Order enforcing the Court's ruling of October 16, 2023.

Respectfully submitted, this 21st day of November, 2023.

/s/: *David J. Utter*
DAVID J. UTTER **
Louisiana Bar Number: 23236
WILLIAM R. CLAIBORNE
Georgia Bar Number: 126363
THE CLAIBORNE FIRM, P.C.
410 East Bay Street
Savannah, Georgia 31401
(912) 236-9559 Telephone
(912) 236-1884 Facsimile
david@claibornefirm.com
will@claibornefirm.com

/s/: *Christopher J. Murell*
CHRISTOPHER J. MURELL
Louisiana Bar Number: 32075
MURELL LAW FIRM
2831 St. Claude Avenue
New Orleans, Louisiana 70117
(504) 717-1297 Telephone
(504) 233-6691 Facsimile
chris@murell.law

/s/: *Hector Linares*
HECTOR LINARES
Louisiana Bar Number: 28857
SARA GODCHAUX
Louisiana Bar Number: 34561
STUART H. SMITH LAW CLINIC
LOYOLA UNIVERSITY NEW ORLEANS COLLEGE OF LAW
7214 St. Charles Avenue, Box 902

*/s/ Nancy Rosenbloom*
NANCY ROSENBLOOM
New York Bar Number: 2168425
ACLU NATIONAL PRISON PROJECT
125 Broad Street
New York, NY 10004
Telephone: (212) 549-2500
Facsimile: (212) 549-2652
nrosenbloom@aclu.org

---

[16] Doc. 303, p. 7.

[17] Doc. 299-3, p. 40, L. 6-11 ("Clearly the [names of] kids at Jackson" should be disclosed to undersigned counsel because there is "not a dispute" whether they are members of the class.); *see also id.*, p. 42, L. 14-17 ("But as of now, the youth that are in the TTU, Mr. Utter has access to them. And when you show up at the TTU wherever it is - - I guess we will use Jackson for the sake of argument . . .").

4

New Orleans, Louisiana 70118
(504) 861-5560 Telephone
(504) 861-5440 Facsimile
halinare@loyno.edu
shgodcha@loyno.edu


/s/: *David Shanies*
DAVID SHANIES
New York Bar Number: 4471140
SHANIES LAW OFFICE
110 West 40th Street, 10th Fl.
New York, New York 10018
Tel. (212) 951-1710
Fax (212) 951-1350
Cell (646) 515-2151
david@shanieslaw.com

/S/: *Russell Barksdale*
Russell Barksdale
Louisiana Bar Number: 33508
Barksdale Law Firm
2831 St. Claude Avenue
New Orleans, LA 70117
Telephone: (504) 517-4248
russellblaw@gmail.com

*/s/ Tammie Gregg*
TAMMIE GREGG*
MN Bar Number: 026240
ACLU NATIONAL PRISON PROJECT
915 15th St. N.W., 7th Floor
Washington D.C. 20005
Telephone: (202) 393-4930
Facsimile: (202) 393-4931
tgregg@aclu.org


*/s/ Susan M. Meyers*
SUSAN M. MEYERS
Louisiana Bar Number: 29346
LAUREN WINKLER
Louisiana Bar Number: 39062
ASHLEY DALTON
Louisiana Bar Number: 40330
SOUTHERN POVERTY LAW CENTER
201 St. Charles Avenue, Suite 2000
New Orleans, LA 70170
Telephone: 504-512-8649
susan.meyers@splcenter.org
lauren.winkler@splcenter.org
ashley.dalton@splcenter.org

*** *Lead Counsel*
*Not admitted in DC; practice limited to federal courts

**ATTORNEYS FOR PLAINTIFFS**


**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of November, 2023, a copy of the foregoing was served upon all counsel of record by electronic transmission.

                              /s/ *David J. Utter*
                              DAVID J. UTTER