# United States Court of Appeals

FIFTH CIRCUIT
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE,
Suite 115
NEW ORLEANS, LA 70130

January 10, 2024

Mr. Michael L. McConnell
Middle District of Louisiana, Baton Rouge
United States District Court
777 Florida Street
Room 139
Baton Rouge, LA 70801

No. 23-30634 Smith v. Edwards
USDC No. 3:22-CV-573

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Sincerely,

LYLE W. CAYCE, Clerk

By: _______________________
Shea E. Pertuit, Deputy Clerk
504-310-7666

cc:
Ms. Nora Ahmed
Mr. Connell L. Archey
Mr. Russell D. Barksdale
Ms. Carly H. Chinn
Ms. Ashley Dalton
Ms. Marisol Dominguez-Ruiz
Ms. Sara Helene Godchaux
Ms. Tammie M. Gregg
Mr. Ronald S. Haley Jr.
Ms. Corene Thaedra Kendrick
Ms. Marsha L. Levick
Ms. Meghan K. Matt
Mrs. Allena McCain
Mr. Will Melehani
Ms. Susan M. Meyers
Mr. Lemuel Eggleston Montgomery III

Ms. Lindley Anna Morris
Mr. Christopher James Murell
Ms. Madaline King Rabalais
Mr. Clement S. Roberts
Ms. Nancy Rosenbloom
Mr. David Bradley Shanies
Mr. David J. Utter
Ms. Lauren Winkler

Case 3:22-cv-00573-SDD-RLB Document 312 01/10/24 Page 3 of 14



Certified as a true copy and issued as the mandate on Jan 10, 2024

Attest: Lyle W. Cayce
Clerk, U.S. Court of Appeals, Fifth Circuit

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2023

Lyle W. Cayce
Clerk

---

No. 23-30634

---

Molly Smith, *individually and on behalf of all others similarly situated, real party in interest Alex A.*; Kenione Rogers, *individually and on behalf of all others similarly situated, real party in interest, Brian B., real party in interest, Charles C.*,

*Plaintiffs—Appellees*,

*versus*

John Bel Edwards, Governor; in his official capacity as Governor of Louisiana; William Sommers, *in his official capacity as Deputy Secretary of the Office of Juvenile Justice*; James M. LeBlanc, *in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections*,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-573

---

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.

## JUDGMENT

This cause was considered on the record on appeal and was argued by counsel.

IT IS ORDERED and ADJUDGED that the appeal is DISMISSED.

IT IS FURTHER ORDERED that each party bear its own costs on appeal.

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
December 19, 2023
Lyle W. Cayce
Clerk

---

No. 23-30634

---

Molly Smith, *individually and on behalf of all others similarly situated, real party in interest Alex A.*; Kenione Rogers, *individually and on behalf of all others similarly situated, real party in interest, Brian B., real party in interest, Charles C.*,

*Plaintiffs—Appellees*,

*versus*

John Bel Edwards, Governor; in his official capacity as Governor of Louisiana; William Sommers, *in his official capacity as Deputy Secretary of the Office of Juvenile Justice*; James M. LeBlanc, *in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections*,

*Defendants—Appellants*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:22-CV-573

---

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.

Cory T. Wilson, *Circuit Judge*:

Defendants, Louisiana Governor John Bel Edwards, Deputy Secretary of the Office of Juvenile Justice William Sommers, and Secretary of the Louisiana Department of Public Safety and Corrections James M. LeBlanc,

appeal the district court's preliminary injunction ordering them to remove juvenile offenders from Bridge City Center for Youth at West Feliciana (BCCY-WF) and enjoining them from housing juveniles at BCCY-WF in the future. But the injunction has automatically expired under the Prison Litigation Reform Act (PLRA). *See* 18 U.S.C. § 3626(a)(2). So the appeal is moot. Accordingly, we dismiss Defendants' interlocutory appeal and vacate the district court's underlying order.

## I.

The Office of Juvenile Justice (OJJ) is the Louisiana state agency responsible for providing rehabilitative services to delinquent youth. La. Stat. Ann. § 15:905(A). OJJ maintains five secure care facilities across Louisiana to house juvenile offenders who cannot be housed with the general youth population because of behavioral issues. Historically, those five facilities have been sufficient. But beginning in 2021, OJJ experienced a significant increase in the frequency and severity of serious incidents at the facilities.

In May 2021, certain "high-risk" youths detained at one of the secure care facilities destroyed a housing unit. Subsequently, OJJ transferred them to a facility in Alabama, which they also destroyed. The youths were then returned to Louisiana and redispersed among the five secure care facilities. Upon their return, the offenders resumed their violent behavior, sparking riots and staging escape attempts. After one successful escape, five of the youths stole a truck and rammed it into a sheriff's vehicle, while another carjacked a vehicle, shooting and critically injuring the driver. These youths also victimized other juveniles at the facilities, assaulted OJJ staff with weapons, and caused tens of thousands of dollars in damage to the facilities where they were housed. Louisiana's secure care facilities were no longer

capable of containing and rehabilitating these high-risk youths while protecting other youths, facility staff, and the public.

After exploring different options, OJJ determined that a building located on the campus of the Louisiana State Penitentiary (Angola) could be modified to provide the necessary layout and infrastructure to house the high-risk youths. This building eventually became BCCY-WF. It was formerly used to house adult female inmates, and before that it was the death row cell block.

In summer 2022, OJJ made necessary changes to the facility and prepared to open BCCY-WF. Though located on Angola's campus, BCCY-WF is completely isolated from the adult prison complex, and the youths have no interaction with the adult prisoners. Importantly, BCCY-WF was intended to be a temporary solution: OJJ is constructing a new Transitional Treatment Unit (TTU) that has the infrastructure to contain and treat high-risk youth like those who were moved to BCCY-WF.

On July 19, 2022, Governor Edwards announced a plan to begin moving some of the juveniles to BCCY-WF. Shortly thereafter, OJJ informed Plaintiff Alex A. that he would be among those moved in the coming weeks. On August 16, Alex A. filed an emergency Administrative Review Procedure (ARP) application on behalf of himself and other similarly situated youths, challenging OJJ's decision to move juveniles to BCCY-WF. The next day, after OJJ denied his emergency ARP, Alex A. filed a class-action complaint on behalf of himself and a putative class of all youths in OJJ's custody subject to transfer to BCCY-WF. He sought a preliminary injunction requiring OJJ to cease plans to transfer him and the other plaintiffs to BCCY-WF.

After days of hearings, the district court denied Plaintiffs' request for a preliminary injunction in a 64-page order. *See Alex A. ex rel Smith v.*

*Edwards*, No. 22-573, 2022 WL 4445499 (M.D. La. Sept. 23, 2022). In concluding that there was not a substantial likelihood that moving the youths to BCCY-WF would violate their constitutional rights, the district court expressly relied on promises by Defendants that (1) the use of BCCY-WF would be short term; (2) BCCY-WF would only be used for a small population of youth; (3) the youths would not be isolated to their cells for long periods of time; (4) their treatment at BCCY-WF would be rehabilitative and therapeutic, not punitive; (5) BCCY-WF would be adequately staffed; (6) the youths would have access to an appropriate education; (7) mental health counselors would be available; and (8) the youths would receive weekly individual counseling. *Id.* at *18–30; *see Alex A. ex rel Smith v. Edwards*, No. 22-573, 2023 WL 5984280, at *1 (M.D. La. Sept. 14, 2023) (*Smith II*).

Just under a year later, Plaintiffs filed a second motion for preliminary injunction. They argued that OJJ was violating their constitutional rights by, *inter alia*, confining them in cells for more than eight hours a day, not providing adequate counseling and educational services, and improperly using chemical spray and handcuffs. This time, the district court granted their motion, finding that "[v]irtually every promise made [by OJJ] was broken, causing severe and irreparable harm to the wards that [OJJ] is obliged to help." *Smith II*, 2023 WL 5984280, at *1. Accordingly, the district court ordered OJJ to remove the youths from BCCY-WF and enjoined Defendants from housing juveniles there in the future. *Id.* at *10. The district court initially ruled from the bench on September 8, 2023, and entered its written order on September 14.

Defendants filed a notice of appeal on September 13. The same day they filed an emergency motion to stay the injunction pending appeal. But on September 15, before we ruled on that motion, Defendants moved the youths from BCCY-WF to the Jackson Parish Juvenile Facility in Jonesboro,

Case 3:22-cv-00573-SDD-RLB Document 312 01/10/24 Page 9 of 14



Louisiana. In view of that development, we denied the motion to stay without prejudice. We also set an expedited briefing schedule, with Defendants' opening brief due October 27, Plaintiffs' response due November 27, and Defendants' reply due December 1. We set the case for argument on December 5, 2023.

In their opening brief, Defendants argued, *inter alia*, that Plaintiffs failed to exhaust their administrative remedies before filing this action. They contended that Alex A. could not "pre-exhaust" claims about a facility where he was never housed and about conditions he never experienced. In their response brief, Plaintiffs contested Defendants' exhaustion argument. Plaintiffs also argued that Defendants' appeal was partially mooted when Defendants moved the youths from BCCY-WF and would become fully moot on December 7 when the preliminary injunction would expire under the PLRA. Neither party raised mootness by operation of the PLRA before November 27.[1] In their reply brief, Defendants offered several grounds for concluding that the appeal was not moot, regardless of the expiration of the preliminary injunction. Beyond these threshold issues, the parties vigorously contested the underlying merits of the district court's order.

## II.

We review a district court's grant of a preliminary injunction under an abuse-of-discretion standard. *United States v. Billingsley*, 615 F.3d 404, 408–09 (5th Cir. 2010). But "a federal court may not rule on the merits of a case without first determining its jurisdiction." *Daves v. Dallas County*, 64 F.4th 616, 623 (5th Cir. 2023) (en banc). "Mootness is a jurisdictional matter

[1] Plaintiffs filed a motion to dismiss the appeal in part as moot after OJJ moved the youths from BCCY-WF. But that motion did not address the expiration of the preliminary injunction under the PLRA.

which can be raised for the first time on appeal." *Brinsdon v. McAllen Indep. Sch. Dist.*, 863 F.3d 338, 345 (5th Cir. 2017) (quoting *Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 204 (5th Cir. 2010)). "A claim is moot when a case or controversy no longer exists between the parties." *Id.* (citing *Bd. of Sch. Comm'rs v. Jacobs*, 420 U.S. 128, 129 (1975)).

The PLRA allows a court to enter a preliminary injunction concerning prison conditions in certain circumstances. 18 U.S.C. § 3626(a)(2). But the statute makes clear that "[p]reliminary injunctive relief shall automatically expire on the date that is 90 days after its entry," unless the entering court "finds that such relief is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right." *Id.* § 3626(a)(1)(A), (a)(2).

In this case, the district court orally announced its preliminary injunction ruling on September 8, 2023. And the district court has not made the findings required by § 3626(a)(1)(A) to extend the injunction's duration; nor have Plaintiffs otherwise sought to extend it. Accordingly, the preliminary injunction automatically expired on December 7, 2023—or, crediting Defendants' reasoning, on December 13, ninety days after the district court entered the written order.[2] "Generally, when an injunction 'expires by its own terms,' it is moot and 'there is nothing to review.'" *Yates v. Collier*, 677 F. App'x 915, 917 (5th Cir. 2017) (quoting *Briggs & Stratton Corp. v. Local 232, Int'l Union, Allied Indus. Workers of Am. (AFL-CIO)*, 36 F.3d 712, 713 (7th Cir. 1994)); *see also Banks v. Booth*, 3 F.4th 445, 447–49 (D.C. Cir. 2021) (finding that case was moot after preliminary injunction

---

[2] We need not decide whether the injunction expired on December 7 or December 13 because, regardless of the date of entry, Defendants' appeal is now moot.

expired under the PLRA); *Ahlman v. Barnes*, 20 F.4th 489, 493–95 (9th Cir. 2021) (same); *United States v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1223, 1226–30 (11th Cir. 2015) (same).

Defendants raise three counterpoints to Plaintiffs' mootness arguments. None serves to revivify this appeal. First, they contend that we should address the issue of exhaustion before mootness. They assert that courts have "leeway to choose among threshold grounds for denying audience to a case on the merits." *Daves*, 64 F.4th at 623 (quoting *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)). Defendants are correct that there is "no mandatory sequencing of jurisdictional issues." *Id.* (quoting *Sinochem*, 549 U.S. at 431). However, "the leeway granted by *Sinochem* is not boundless, but carefully circumscribed to cases where [jurisdiction] is difficult to determine, and dismissal on another threshold ground is clear." *Daves*, 64 F.4th at 655 (Higginson, J., concurring) (internal quotations omitted); *see also Sinochem*, 549 U.S. at 436 ("[W]here subject-matter or personal jurisdiction is difficult to determine, and *forum non conveniens* considerations weigh heavily in favor of dismissal, the court properly takes the less burdensome course."). Here, the opposite is true: The jurisdictional question is relatively straightforward; the exhaustion question, more difficult. The circumstances of this case present nuanced questions about exhaustion, including whether a juvenile who has been told he is being moved to an adult prison may exhaust administrative remedies before actually being moved to that prison, and how the OJJ's ARP procedures bear on the timing of Plaintiffs' filing suit. Better to leave those questions for another day and "take[] the less burdensome course," which here is mootness. *See Sinochem*, 549 U.S. at 436.

Second, Defendants argue that the appeal is not moot because the issue is capable of repetition but will evade review. *See Shemwell v. City of McKinney*, 63 F.4th 480, 484 (5th Cir. 2023) (citing *S. Pac. Terminal Co. v.*

*Interstate Com. Comm'n*, 219 U.S. 498, 515 (1911)). "Th[at] exception applies when (1) 'the challenged action is in its duration too short to be fully litigated prior to cessation or expiration' and (2) 'there is a reasonable expectation that the same complaining party will be subject to the same action again.'" *Id.* (quoting *Kingdomware Techs., Inc. v. United States*, 579 U.S. 162, 170 (2016)). The exception only applies in "exceptional situations," and Defendants must prove both prongs to overcome mootness. *Id.* "If a court finds that [a party] failed to meet [its] burden under either prong, it need not address the other." *Id.* at 484–85.

Defendants' argument fails out of the gate because they have not shown that any similar future injunction will evade review. Though a preliminary injunction entered under the PLRA otherwise automatically expires ninety days after entry, the injunction may be extended by the district court if it makes the requisite findings. *See* 18 U.S.C. § 3626(a)(2). "There is no basis for us to predict that if [Plaintiffs] seek[] a new preliminary injunction, the district court . . . will decline to make the required need-narrowness-intrusiveness findings or will refrain from finalizing its order." *Fla. Dep't of Corr.*, 778 F.3d at 1229. And in any event, ninety days is not in itself necessarily too short a time fully to litigate a challenge to a PLRA injunction. Had the parties raised the PLRA mootness issue in September when Defendants filed their notice of appeal—or at least some time before Plaintiffs first raised it in their November 27 brief—this court could have set a more expedited briefing schedule and perhaps adjudicated the appeal before the preliminary injunction expired. Regardless, Defendants fail to show that any new injunction entered by the district court would evade review.

Defendants' argument also fails to clear the second hurdle because it is not clear that they will again be subject to the same action, i.e., that the preliminary injunction is capable of repetition. Defendants complied with the first part of the injunction when they removed the youths from BCCY-

WF on September 15. As for OJJ's ability to house youth at BCCY-WF in the future, Defendants have expressed no present intent to send juveniles back to BCCY-WF, and the pending construction of the new TTU raises questions about whether BCCY-WF will ever need to be used again. Basically, any new injunctive relief would be based on different facts and potentially different law, and any challenge to such a ruling would constitute a new controversy. And even if youth are again housed at BCCY-WF, there is no indication on the present record they would be subject to the same conditions found by the district court to be unconstitutional.

Finally, Defendants contend that even though the preliminary injunction has expired, a live controversy remains because of Plaintiffs' request for permanent injunctive relief pending in the district court. We do not forecast what, if anything, remains to be done regarding the Plaintiffs' claims in the district court given the mootness of the preliminary injunction and given the events that have transpired on the ground since this appeal was filed. Should the district court take further action in the underlying case (ranging from a permanent injunction to dismissal of Plaintiffs' action), we cannot predict the parameters of that decision. And we need not do so: Today's case remains an interlocutory appeal of the district court's preliminary injunction, nothing more. Because the preliminary injunction has expired, there is no remedy we can provide Defendants at this point. Where this court is "unable to grant any remedy for an appellant, its opinion would be merely advisory and it must dismiss the appeal as moot." *In re Blast Energy Servs., Inc.*, 593 F.3d 418, 423 (5th Cir. 2010).

## III.

Having concluded that this appeal is moot, we must address whether to vacate the district court's order. "[H]istorically, the established rule was to vacate the judgment if the case became moot on appeal." *Staley v. Harris*

*County*, 485 F.3d 305, 310 (5th Cir. 2007). However, in *U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership*, 513 U.S. 18 (1994), "[t]he Supreme Court made clear and emphasized that vacatur is an 'extraordinary' and equitable remedy . . . to be determined on a case-by-case basis." *Staley*, 485 F.3d at 310. One principal consideration "is whether the party seeking relief from the judgment . . . caused the mootness by voluntary action." *Id.* (quoting *U.S. Bancorp*, 513 U.S. at 24). "Thus, for example, 'vacatur must be granted where mootness results from the unilateral action of the party who prevailed in the [district] court.'" *Id.* (quoting *U.S. Bancorp*, 513 U.S. at 23).

The equitable principles espoused in *U.S. Bancorp* and recognized by *Staley* apply in this case. Though Defendants complied with the preliminary injunction by removing the youths from BCCY-WF, they did not cause mootness by voluntary action. And though the injunction automatically expired under the PLRA, Plaintiffs could have sought an extension to extend its duration. *See Yates*, 677 F. App'x at 918. Having been "frustrated by the vagaries of circumstance, [Defendants] ought not in fairness be forced to acquiesce in the judgment." *Staley*, 485 F.3d at 310 (quoting *U.S. Bancorp*, 513 U.S. at 25); *see Yates*, 677 F. App'x at 918; *see also Fla. Dep't of Corr.*, 778 F.3d at 1229–30. Accordingly, we vacate the district court's order.

## IV.

Based on the foregoing, we dismiss Defendants' appeal as moot and vacate the district court's preliminary injunction.[3]

APPEAL DISMISSED; ORDER VACATED.

---

[3] American Academy of Child and Adolescent Psychiatry et al., filed an opposed motion for leave to file and *amici curiae* brief. That motion is GRANTED. The opposed motion of Plaintiffs to strike portions of Defendants' motion to stay is DENIED AS MOOT.