## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civ. A. No. 3:22-CV-00573-SDD-RLB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### STATUS REPORT

Pursuant to the Court's Order (Doc. 343), Kenneth "Kenny" Loftin,[1] in his official capacity as Deputy Secretary of the Office of Juvenile Justice ("OJJ"), submits the following status report:

As the Court recognized, "The only relevance that Jackson Parish has to do with this class action is if there are class members there who are in an adult facility...." Hrg. Tr. (Oct. 16, 2023) (Doc. 299-3) at 8. The limited relevancy of the Jackson Parish facility was raised in relation to Plaintiffs' counsel's access to individuals who were being housed there. The issue of access to those youth has been resolved by the Magistrate Judge's subsequent orders, and Plaintiffs' counsel have been granted access to the individuals with active juvenile adjudications who were housed at

---

[1] On February 2, 2024, Gov. Landry announced that Kenneth "Kenny" Loftin had been appointed as the Deputy Secretary of OJJ. https://gov.louisiana.gov/index.cfm/newsroom/detail/4402. Therefore, Mr. Loftin is now automatically substituted as a Defendant. Fed. R. Civ. P. 25(d).

the Jackson Parish facility. Defendants would object to any effort by Plaintiffs to seek an expansion of this litigation to include claims about any facility other than the Bridge City Center for Youth at West Feliciana ("BCCY-WF"). As this Court repeatedly recognized, any such claims would need to be the subject of a separate lawsuit. *Id.* at 7 (claims about conditions of confinement at facilities other than BCCY-WF would be "a different lawsuit than what we have here"); *id.* at 21 ("the Court is not considering the conditions of confinement [at the Jackson Parish juvenile facility] because the conditions of confinement are not the issue in this case."); *id*. at 25 (conditions of confinement at the Jackson Parish juvenile facility are "not before the Court."); *id.* at 9 ("[Plaintiffs' Counsel]: It's relevant to this access issue because young people at the Jackson Parish Jail are being subjected to the identical conditions that you found unconstitutional at Angola: solitary confinement, use of mace, no education, seeing adult inmates on a regular basis. The Court: Separate lawsuit.").

As of the date of this filing, there are no juveniles being housed at the Jackson Parish facility who were in OJJ's custody and then transferred by OJJ to the Jackson Parish facility for housing. After the closure of BCCY-WF in September 2023, OJJ transferred several youth who were being housed at BCCY-WF to the recently opened juvenile unit at the Jackson Parish Jail. Additionally, OJJ transferred some youth at other existing OJJ secure care facilities to the juvenile unit at Jackson Parish for temporary placement pending completion of renovations of certain dormitories at the Swanson Center for Youth at Monroe ("SCY-Monroe") and pending completion of construction of new dormitories at SCY-Monroe. The renovations and construction at SCY-Monroe have been completed. Since that time, OJJ has removed from the juvenile unit at the Jackson Parish Jail all youth that OJJ temporarily placed there.

There are, however, two categories of individuals who have active juvenile adjudications and are being housed in the Jackson Parish facility: (1) newly adjudicated juveniles who are

2

pending placement at an OJJ secure care facility; and (2) adult pre-trial detainees who are awaiting criminal trial but also have an active juvenile adjudication.

**Newly adjudicated juveniles.** In Louisiana, when a juvenile is initially arrested, the juvenile is housed in a local detention center. These local detention centers are not operated by OJJ. Rather, these local detention centers are operated by the parish or city in which they are located. While being housed at the local detention center, the juvenile will appear before the local juvenile court, and the juvenile court judge will make the determination as to whether the juvenile shall be adjudicated as delinquent. If the juvenile court judge adjudicates the juvenile as delinquent, the juvenile court judge then assigns the level of care for the juvenile, ranging from probation to secure care. If a juvenile is committed to secure care, the juvenile will enter OJJ's custody.

Immediately upon adjudication, however, the juvenile will be returned to the local juvenile detention center while OJJ prepares to receive the juvenile at one of its secure care facilities. Once a bed at an appropriate secure care facility becomes available, physical custody of the juvenile is transferred from the local detention center to OJJ.

Presently, there are eight (8) juveniles being housed in the juvenile unit of the Jackson Parish Jail who (a) have been adjudicated as delinquent and (b) are awaiting placement at an appropriate OJJ secure care facility. These eight juveniles were placed in the juvenile unit at the Jackson Parish Jail by the parishes in which the juveniles were adjudicated as delinquent; OJJ did not direct the juveniles' placement in the juvenile unit at the Jackson Parish Jail.

**Adult pretrial detainees.** In Louisiana, when a juvenile is adjudicated as delinquent, the juvenile court judge can order that the juvenile be remanded to state custody up to the juvenile's twenty-first birthday. As a result, there are "youth" in OJJ's custody who are legally adults for

purposes of criminal proceedings (i.e., between ages 17 and 21).[2] These individuals were adjudicated as delinquent for conduct committed before their seventeenth birthday and were committed to state custody for a period of time that continued after their seventeenth birthday.

If one of these individuals is accused of committing a crime while in OJJ custody (e.g., assault on a fellow youth, assault on a correctional officer) and if that individual has reached age seventeen, that individual will be arrested by the sheriff's office for the parish in which the crime was committed. That individual is then treated as an adult pretrial detainee and will be housed in the local jail pending adjudication of the criminal charges.

There are currently fourteen (14) individuals housed in the Jackson Parish Jail who (a) are adults, (b) have been arrested on adult charges, (c) are being held as pretrial detainees, and (d) have active juvenile adjudications. These fourteen individuals are all between 17 and 20 years old.

Dated: August 8, 2024.

                                                   Respectfully Submitted:

BY:    /s/Kyle V. Miller
           Kyle V. Miller (pro hac vice)
           Lemuel E. Montgomery III (pro hac vice)
           Anna Morris (pro hac vice)
           Carly Chinn (pro hac vice)
           BUTLER SNOW LLP
           1020 Highland Colony Parkway, Suite 1400
           Ridgeland, MS 39157
           Telephone:   (601) 948-5711
           Facsimile:    (601) 985-4500
           Kyle.Miller@butlersnow.com
           Lem.Montgomery@butlersnow.com
           Anna.Morris@butlersnow.com
           Carly.Chinn@butlersnow.com

           Connell Archey (#20086)
           Randal J. Robert (#21840)
           Allena McCain (#38830)
           Madaline King Rabalais (#38301)

---

[2] Louisiana recently enacted a statute lowering the age for criminal prosecution from 18 years old to 17 years old. *See* La. Children's Code Ar. 804(1).

BUTLER SNOW LLP<br>
445 North Boulevard, Suite 300 (70802)<br>
P.O. Box 2997<br>
Baton Rouge, LA 70821-2997<br>
Telephone: (225) 325-8700<br>
Facsimile: (225) 325-8800<br>
Connell.Archey@butlersnow.com<br>
Randy.Robert@butlersnow.com<br>
Allena.McCain@butlersnow.com<br>
Madaline.Rabalais@butlersnow.com

Counsel for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been electronically transmitted to all counsel of record.

Baton Rouge, Louisiana this 8th day of August, 2024.

*/s/Kyle V. Miller*

88993147.v3