# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Civ. A. No. 3:22-CV-00573-SDD-RLB |

## OBJECTIONS TO PLAINTIFFS' REQUEST FOR ENTRY AND INSPECTION

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendants Jeff Landry, in his official capacity as Governor of Louisiana; Kenneth "Kenny" Loftin, in his official capacity as Deputy Secretary of the Office of Juvenile Justice ("OJJ"); and James M. LeBlanc, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections ("DOC") (collectively "Defendants"),[1] hereby object to the request for entry and inspection made by

---

[1] Since the filing of this lawsuit, the State of Louisiana elected a new governor, Jeff Landry. Because former Gov. Edwards was initially sued in his official capacity, Gov. Landry is automatically substituted as a defendant. Fed. R. Civ. P. 25(d).

Relatedly, on November 18, 2022, then-Gov. Edwards announced the resignation of initially named Defendant Deputy Secretary Sommers and the appointment of Otha "Curtis" Nelson, Jr. as his replacement. https://gov.louisiana.gov/index.cfm/newsroom/detail/3892. Because Mr. Sommers was initially sued in his official capacity, Mr. Nelson was then automatically substituted as a Defendant. Subsequently, on February 2, 2024, Gov. Landry announced that Kenneth "Kenny" Loftin had been appointed as the Deputy Secretary of OJJ. https://gov.louisiana.gov/index.cfm/newsroom/detail/4402. Therefore, Mr. Loftin is now automatically substituted as a Defendant. Fed. R. Civ. P. 25(d).

**EXHIBIT B**

Plaintiffs in the document titled *Plaintiffs' Request for Entry onto Defendants' Premises for Inspection* ("Request for Entry"), which was dated and served on August 2, 2024. For the following reasons the request is improper and no "inspection" of the Jackson Parish Jail shall occur.

1.  **The request is untimely.** Discovery in this matter closed on August 2, 2024. Pursuant to the Court's Scheduling Order (Doc. 326), entered on February 29, 2024, the deadline for "completing all discovery except experts" was August 2, 2024. Accordingly, Plaintiffs were obligated to complete this discovery by August 2, 2024; they did not so. Instead, Plaintiffs served their Request for Entry in the first instance on August 2, 2024. For this reason alone, the request is impermissible and should be denied.[2]

2.  **The request fails to provide a sufficient time to respond.** Requests for entry and inspection are subject to the same 30-day response period as requests for production. Plaintiffs served their Request for Entry on August 2, 2024, but request they be granted entry to the Jackson Parish Jail on August 16, 2024—only 14 days later. Defendants are entitled under the Rules to have 30 days in which to lodge objections and serve a response. *See* Fed. R. Civ. P. 34(b)(2)(A).

3.  **The request is aimed at a non-party.** The Request for Entry seeks entry upon and inspection of property belonging to a non-party—Jackson Parish. As Rule 34 plainly states, a request for entry and inspection can be made for property "possessed or controlled by the responding <u>party</u>." Fed. R. Civ. P. 34(a)(2) (emphasis added). The Jackson Parish Jail is possessed and controlled by Jackson Parish, not Defendants. And Jackson Parish is not a party to

---

[2] Plaintiffs filed a motion to alter or amend the scheduling order, but, as of the date of this filing, the Court has issued no order on that motion. The filing of the motion to alter or amend the scheduling order did not automatically toll the deadlines set forth in the currently scheduling order.

the underlying lawsuit. Relatedly, Rule 34 also recognizes that the proper vehicle to gain entry to land not possessed or controlled by a party is through a Rule 45 subpoena: "As provided in Rule 45, a non-party may be compelled … to permit an inspection." Ed. R. Civ. P. 34(c); *see also* Fed. R. Civ. P. 45(a)(1)(C) ("A command … to permit the inspection of premises may be included in a subpoena commanding attendance at a deposition, hearing, or trial, or may be set out in a separate subpoena."). Any request for entry and inspection on Jackson Parish property should have been made pursuant to a Fed. R. Civ. P. 45 subpoena and should have been served on the non-party Jackson Parish.

4. **The request seeks only irrelevant information.** The Request for Entry seeks to enter and inspect the Jackson Parish Jail, which the Court has already ruled is <u>not</u> part of the underlying suit. The only relevance the Jackson Parish Jail ever had to this suit was whether the youth housed in the juvenile unit of the Jackson Parish Jail were within the class definition and, if so, whether these youth were individuals to whom Plaintiffs' counsel should have access. The issue of Plaintiffs' counsel's access to youth housed in the Jackson Parish Jail is moot. Plaintiffs' counsel has been provided virtually unfettered access to these youth for several months. Nothing further about the Jackson Parish Jail is relevant to this suit, which is about the now closed Bridge City Center for Youth at West Feliciana ("BCCY-WF").

The District Court was clear that if Plaintiffs sought to raise arguments about conditions of confinement at any facility other than the Bridge City Center for Youth at West Feliciana, such arguments would be "a different lawsuit than what we have here." Hrg. Tr. (Oct. 16, 2023) (Doc. 299-3) at 7; *see also id.* at 8 ("The only relevance that Jackson Parish has to do with this class action is if there are class members there who are in an adult facility...."); *see id.* at 21 ("the court is not considering the conditions of confinement [at the Jackson Parish juvenile facility] because

the conditions of confinement are not the issue in this case."); *see id.* at 25 (conditions of confinement at the Jackson Parish juvenile facility are "not before the Court.").

> [Plaintiffs' Counsel]: It's relevant to this access issue because young people at the Jackson Parish Jail are being subjected to the identical conditions that you found unconstitutional at Angola: solitary confinement, use of mace, no education, seeing adult inmates on a regular basis.
>
> The Court: Separate lawsuit.

*Id.* at 9.

Inspection of the Jackson Parish Jail will produce no relevant information for the instant lawsuit, which is about BCCY-WF.

5. **The request is overbroad.** Plaintiffs' Request for Entry seeks more than a viewing of the physical premises. Rather, Plaintiffs ask not only that their attorneys and experts be granted access to the facility but also that they be granted the right to confer with and interview the youth and other individuals housed at the Jackson Parish Jail, along with Jackson Parish and OJJ staff. Specifically, they attempt to define the term "inspect" to include:

> conferring with and interviewing (1) youth in OJJ custody who are incarcerated at the Jail and (2) Jail and OJJ management personnel, Jail and OJJ security staff, Jail and OJJ or contracted health and mental health care staff including youth counselors, teachers and other education personnel, special education related services providers, Jail staff working inside the building or on the grounds of the Jail for other purposes, and any persons working in the Jail infirmary or other medical facilities where youth in OJJ custody may be brought for medical emergencies by the Jail.

Request for Entry at 3-4. Plaintiffs' request attempts to circumvent the discovery process and allow Plaintiffs to conduct interview of both non-party (Jackson Parish) and party (OJJ) personnel, including management level personnel.

Rule 34(a)(2) specifically states that a party may be able to obtain "entry onto designated land or other property possessed or controlled by the responding party, so that the requesting

party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it." Fed. R. Civ. P. 34(a)(2). Nowhere in Rule 34 is it contemplated that the requesting party will be allowed to interview people found on the property during the inspection, let alone to allow opposing counsel and their expert interview employees of a Defendant.

If Plaintiffs wanted to obtain information from these individuals verbally, the process to do so is through a Rule 30 deposition, not ad hoc interviews during a physical inspection of property. Plaintiffs noticed not such depositions while discovery was open, and they should not be permitted to interview or conference with Jackson Parish or OJJ staff.

As for interviewing the youth and adults with active juvenile adjudications, Plaintiffs' counsel has been conducing interviews with these individuals for many months and is fully aware of the process to request and schedule such interviews. If Plaintiffs' counsel needs to conduct more interviews with the individuals housed at the Jackson Parish Jail, then Plaintiffs' counsel should follow the standard protocol for requesting and scheduling these interviews.

Dated: August ___, 2024.

Respectfully Submitted:

BY:  */s/ Madaline King Rabalais*
Connell Archey (#20086)
Randal J. Robert (#21840)
Allena McCain (#38830)
Madaline King Rabalais (#38301)
BUTLER SNOW LLP
445 North Boulevard, Suite 300 (70802)
P.O. Box 2997
Baton Rouge, LA  70821-2997
Telephone:    (225) 325-8700
Facsimile:    (225) 325-8800
Connell.Archey@butlersnow.com
Randy.Robert@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.Rabalais@butlersnow.com

Lemuel E. Montgomery III (pro hac vice)

>Kyle V. Miller (pro hac vice)
>Anna Morris (pro hac vice)
>Carly Chinn (pro hac vice)
>BUTLER SNOW LLP
>1020 Highland Colony Parkway, Suite 1400
>Ridgeland, MS 39157
>Telephone:	(601) 948-5711
>Facsimile:	(601) 985-4500
>Kyle.Miller@butlersnow.com
>Lem.Montgomery@butlersnow.com
>Anna.Morris@butlersnow.com
>Carly.Chinn@butlersnow.com
>
>Counsel for Defendants

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has this day been electronically transmitted to all counsel of record.

Baton Rouge, Louisiana this __ day of August, 2024.


>*/s/ Madaline King Rabalais*
>Madaline King Rabalais

88939401.v1