UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEX A., by and through his guardian,** Molly Smith; **BRIAN B.;** and **CHARLES C., by and through his guardian,** Kenione Rogers, individually and on behalf of all others similarly situated | **CIVIL ACTION** <br><br> **NO. 22-573-SDD-RLB** |
| **VERSUS** | |
| **GOVERNOR JOHN BEL EDWARDS,** in his official capacity as Governor of Louisiana; **WILLIAM SOMMERS,** in his official capacity as Deputy Secretary of the Office of Juvenile Justice, **JAMES M. LEBLANC,** in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections | |

## ORDER

This matter is before the Court on Plaintiffs' Motion to Compel (R. Doc. 337), Plaintiffs' Motion to Extend Scheduling Order Deadlines Related to Pending Discovery Disputes (R. Doc. 342), and Defendants' Motion for Protective Order (R. Doc. 345).

The operative pleading in this action is the First Amended Class Action Complaint filed by Alex A., Brian B.,[1] and Charles C. (collectively, "Plaintiffs"), on behalf of themselves and others similarly situated, against Governor John Bel Edwards,[2] Deputy Secretary of the Office of Juvenile Justice ("OJJ") Williams Sommers,[3] and the Secretary of the Louisiana Department of Public Safety & Corrections ("DOC") James M. LeBlanc (collectively, "Defendants"). (R. Doc.

---

[1] Brian B. is now deceased. (R. Doc. 162). Accordingly, Alex A. and Charles C. are the only remaining named "Plaintiffs" in this action.

[2] Governor Jeff Landry has been substituted in place of Governor Edwards by operation of law. *See* Fed. R. Civ. P. 25(d).

[3] Deputy Secretary Otha "Curtis" Nelson, Jr. has been substituted in place of Deputy Sommers by operation of law. *See* Fed. R. Civ. P. 25(d).

96). Plaintiffs seek declaratory and injunctive relief under 42 U.S.C. § 1983 for violation of the Fourteenth Amendment (Count I), declaratory and injunctive relief for violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (Count II), and declaratory and injunctive relief for violation of Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*. (Count III). (R. Doc. 96 at 35-39).

On August 31, 2023, the district judge granted the Plaintiffs' Motion for Class Certification. (R. Doc. 243). Defendants subsequently filed a Motion to Dismiss, arguing that the action is moot, and no longer presents a case or controversy under Article III, because the youth under the secure care of the OJJ no longer face the possibility of being transferred to location at the Bridge City Center for Youth at West Feliciana ("BCCY-WF") located within the Louisiana State Penitentiary at Angola. (R. Doc. 322). Defendants specifically assert that some youth are being housed at the Jackson Parish Jail, which is a "collocated facility," meaning that it "separately houses youth and adults in the same building or complex." (R. Doc. 322-1 at 11).

On September 4, 2024, the district judge denied Defendants' Motion to Dismiss, without prejudice to Defendants' right to re-urge this motion once all OJJ youth are in OJJ secure care facilities or at the close of discovery. (R. Doc. 353). In so ruling, the district judge specifically allowed "limited, narrowly tailored discovery" to proceed on "whether OJJ youth are improperly being held in an adult facility and/or whether OJJ youth held in the collocated juvenile facility are nevertheless being exposed to adult inmates or lacking monitoring by OJJ juvenile justice specialists." (R. Doc. 353 at 13).

Accordingly, the Court finds it appropriate to deny the pending motions subject to this Order without prejudice to refile after the parties meet and confer with respect to whether, and to what extent, the parties agree that the discovery at issue falls within the scope of discovery

allowed by the district judge's ruling or the relief sought is otherwise moot in light of the district judge's ruling.

For the foregoing reasons,

**IT IS ORDERED** that Plaintiffs' Motion to Compel (R. Doc. 337), Plaintiffs' Motion to Extend Scheduling Order Deadlines Related to Pending Discovery Disputes (R. Doc. 342), and Defendants' Motion for Protective Order (R. Doc. 345) are **DENIED WITHOUT PREJUDICE** to refile in accordance with the terms of this Order.

**IT IS FURTHER ORDERED** that counsel for the parties shall meet and confer with respect to the issues raised by the foregoing motions, in light of the district judge's ruling, on or before **September 9, 2024.** The parties are encouraged to reach agreements with respect to (1) the scope of limited discovery allowed in light of the district judge's ruling and (2) any necessary extension of the deadlines required considering the limited discovery allowed by the district judge's ruling.

**IT IS FURTHER ORDERED** that, to the extent resolution on the foregoing issues cannot be reached, the parties may file renewed versions of their motions (without seeking any relief beyond that sought in the original motions) on or before **September 11, 2024.** Oppositions to any renewed motions must be filed on or before **September 18, 2024.**

Signed in Baton Rouge, Louisiana, on September 4, 2024.

_____
      **RICHARD L. BOURGEOIS, JR.**
      **UNITED STATES MAGISTRATE JUDGE**