IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections,[1]<br><br>    Defendants. | Civ. A. No. 3:22-CV-00573-SDD-RLB<br><br><br>**DEFENDANTS' SUR-REPLY TO PLAINTIFFS' RENEWED MOTION TO COMPEL (DOC. 358)** |

Defendants file this limited Sur-Reply to address arguments raised for the first time in Plaintiffs' Reply Memorandum in Support of Renewed Motion to Compel ("Reply," Doc. 365). Specifically, Plaintiffs cite to a report by the Louisiana Department of Children & Family Services (the "Report") and claim that the Jackson Parish Jail failed to comply with legal requirements when confining juveniles. *Id.* at 5-7. Thus, Plaintiffs contend the Report's findings should be considered in deciding their Renewed Motion to Compel (the "Motion," Doc. 358).

---

[1] Since the filing of this lawsuit, the State of Louisiana elected a new governor, Jeff Landry. Because former Gov. Edwards was initially sued in his official capacity, Gov. Landry is automatically substituted as a defendant. Fed. R. Civ. P. 25(d).

Relatedly, on November 18, 2022, then-Gov. Edwards announced the resignation of initially-named Defendant Deputy Secretary Sommers and the appointment of Otha "Curtis" Nelson, Jr. as his replacement. https://gov.louisiana.gov/index.cfm/newsroom/detail/3892. Because Mr. Sommers was initially sued in his official capacity, Mr. Nelson was then automatically substituted as a Defendant. Subsequently, on February 2, 2024, Gov. Landry announced that Kenneth "Kenny" Loftin had been appointed as the Deputy Secretary of OJJ. https://gov.louisiana.gov/index.cfm/newsroom/detail/4402. Therefore, Mr. Loftin is now automatically substituted as a Defendant. Fed. R. Civ. P. 25(d).

Plaintiffs neglected to raise any arguments related to the Report or findings by the Louisiana Department of Children & Family Services ("DCFS") in their Motion, so they cannot do so now in their Reply. Regardless, the new arguments have no bearing on the question before this Court: whether Defendants should be compelled to produce documents outside of the three limited subject areas previously outlined by the Court. Finally, the Report and other materials relied upon by Plaintiffs are completely irrelevant to the issues in this matter.

The Court should disregard the arguments raised for the first time in Plaintiffs' Reply and deny the Renewed Motion to Compel.

## **LAW AND ARGUMENT**

This limited Sur-Reply addresses an issue in Plaintiffs' Reply. Therein, Plaintiffs point to a DCFS Report and other "documents," which they contend show certain deficiencies at the Jackson Parish Jail. (Doc. 365 at 5-7). Plaintiffs cite to a news article, which contains a link to an online document sharing system where a number of purported records were compiled by the journalist. *Id.* at 6 n.19, n.20. Plaintiffs do not attach the Report or any other "documents" and instead rely upon the materials within the online document sharing system. The article does not explain how the purported records were obtained, and no certificate of authenticity is included in the online document sharing system. Plaintiffs also offer no explanation or authentication.

**I.    Plaintiffs failed to raise any arguments regarding DCFS in their initial briefing.**

On September 18, 2024, Plaintiffs filed the Renewed Motion to Compel (Doc. 358). They did not discuss the Report, other related documents, or DCFS licensing issues. In the Reply, Plaintiffs contend—for the first time—that findings by the DCFS should be considered in determining "whether this adult Jail is operating a juvenile unit that meets legal requirements."

(Doc. 365 at 6). They specifically utilize the Report to support their arguments on sight and sound separation and juvenile justice programming. *Id.* at 7, 9.

All arguments arising out of or relying upon the Report, other related documents, or DCFS licensing issues should be disregarded by this Court. "It is well-settled that reply briefs cannot be used to raise new arguments." *Gen. Security Nat'l Ins. Corp. v. Celi*, No. 23-1682, 2024 WL 4231371, at *5 (M.D. La. Aug. 29, 2024). Any argument that is presented for the first time in a reply brief is not properly before the Court. *Id.*

Plaintiffs state that media outlets published these documents after their Motion was filed. (Doc. 365 at 5). But the most recent purported records in the online document sharing system are dated May 6, 2024, while others appear to date back as far as December 20, 2023. Thus, the materials Plaintiffs now attempt to rely upon are not new and could have been obtained long before the Motion was filed.

II. **Plaintiffs' newly raised arguments are not pertinent to the question before the Court: Whether discovery outside of the limited, narrowly tailored topics pronounced by the Court will be permitted.**

Should the Court be inclined to consider Plaintiffs' improper arguments, they have no bearing on the Motion. In the Court's recent Ruling, the District Judge stated that "the Court will allow <u>limited, narrowly tailored</u> discovery on these [three] specific issues[:]" (1) "whether OJJ youth are improperly being held in an adult facility"; (2) "whether OJJ youth held in the collocated juvenile facility are nevertheless being exposed to adult inmates"; and (3) whether OJJ youth are "lacking monitoring by OJJ juvenile justice specialists." Ruling (Doc. 353) at 13 (emphasis added). Plaintiffs' Motion is an effort to expand the limited discovery allowed by the Court beyond the express confines stated.

3

Plaintiffs rely upon the Report and other related documents to support their requests to compel discovery regarding sight and sound separation and juvenile justice programming. (Doc. 365 at 7, 9). As further discussed below, DCFS's licensing requirements are rooted in state, not federal, regulations. The state sight and sound requirements, per the Report, differ from those in the federal Juvenile Justice Delinquency and Prevention Act ("JJDPA"). 34 U.S.C. § 11133(a)(12)-(13). Additionally, "juvenile justice programming" is clearly not within the topics of discovery permitted by this Court.

An unauthenticated DCFS Report with outdated findings based on state, rather than federal, regulations issued to a non-party is not pertinent to the question of whether Defendants should be compelled to produce documents outside of the three limited subject areas previously outlined by the Court. Thus, the materials, and any arguments made based on them, should be disregarded.

### III.  The Report and other "documents" are irrelevant to the issues in this case.

The materials contained in the online document sharing system purport to be letters and reports from DCFS to the Jackson Parish Jail regarding licensing standards for juvenile detention facilities within the State of Louisiana. All of the materials concern two non-parties to this lawsuit—DCFS and Jackson Parish. The principal matter discussed in the materials is a license to operate a juvenile detention facility, something that is not at issue in this lawsuit. Plaintiffs even admit that the materials are related to non-party youth, as the Report appears to cover all youth at Jackson Parish, not just those in OJJ custody. (Doc. 365 at 7-8).

Moreover, the DCFS licensing requirements are rooted in state, not federal, regulations. The Report and other documents cite to provisions of the Louisiana Administrative Code. Not only is licensing to operate juvenile detention facilities completely irrelevant to this lawsuit, but Plaintiffs allege no state law claims, much less claims related to licensing or violations of the

Louisiana Administrative Code. (Doc. 96). The applicable regulations in this matter are found in the Constitution and federal statutes, not in state juvenile detention facility licensing standards.

Lastly, Plaintiffs contend that the materials contained in the online document sharing system show that DCFS found numerous deficiencies at Jackson Parish with respect to confinement of juveniles. (Doc. 365 at 5). The two primary documents relied upon are a letter from DCFS to Jackson Parish dated April 22, 2024, and a Report by DCFS entitled "Statement of Deficiencies" dated December 20, 2023. *Id.* at 6 n.20. Setting aside the question of authenticity, these materials are outdated. It is unclear when the Report was rendered, as it is dated December 20, 2023, but references an inspection on April 1-5, 2024, and the letter sent on April 22, 2024. Another letter from DCFS to Jackson Parish dated May 6, 2024, states that a license to operate a juvenile detention facility was subsequently issued. These unauthenticated, stale materials should not be considered by the Court.

## **CONCLUSION**

For these reasons, the Court should disregard the arguments raised for the first time in Plaintiffs' Reply Memorandum in Support of Renewed Motion to Compel (Doc. 365) and deny the Renewed Motion to Compel (Doc. 358).

Dated: October 24, 2024.

                                    Respectfully submitted:

                          BY:    */s/ Madaline King Rabalais*
                                    Connell Archey (#20086)
                                    Randal J. Robert (#21840)
                                    Allena McCain (#38830)
                                    Madaline King Rabalais (#38301)
                                    BUTLER SNOW LLP
                                    445 North Boulevard, Suite 300 (70802)
                                    P.O. Box 2997
                                    Baton Rouge, LA  70821-2997
                                    Telephone:     (225) 325-8700

        Facsimile:    (225) 325-8800
Connell.Archey@butlersnow.com
Randy.Robert@butlersnow.com
Allena.McCain@butlersnow.com
Madaline.Rabalais@butlersnow.com

Kyle V. Miller (pro hac vice)
Lemuel E. Montgomery III (pro hac vice)
Anna Morris (pro hac vice)
Carly Chinn (pro hac vice)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone:    (601) 948-5711
Facsimile:    (601) 985-4500
Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com
Carly.Chinn@butlersnow.com

Counsel for Defendants

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

This 24th day of October, 2024.

        */s/ Madaline King Rabalais*

90237932.v1