**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| ALEX A., by and through his guardian, Molly Smith; BRIAN B.; and CHARLES C., by and through his guardian, Kenione Rogers, individually and on behalf of all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Civ. A. No. 3:22-CV-00573-SDD-RLB |
| GOVERNOR JOHN BEL EDWARDS, in his official capacity as Governor of Louisiana; WILLIAM SOMMERS, in his official capacity as Deputy Secretary of the Office of Juvenile Justice, JAMES M. LEBLANC, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections, | ) ) ) ) ) ) ) ) ) | **DEFENDANTS' AMENDED RULE 23(c)(1)(C) MOTION TO DECERTIFY THE CLASS** |
| Defendants. | ) ) | |

Defendants Jeff Landry, in his official capacity as Governor of Louisiana; Kenneth "Kenny" Loftin, in his official capacity as Deputy Secretary of the Office of Juvenile Justice ("OJJ"); and Gary Westcott, in his official capacity as Secretary of the Louisiana Department of Public Safety & Corrections ("DOC") (collectively "Defendants"),[1] move the Court, pursuant to Federal Rule of Civil Procedure 23(c)(1)(C), to enter an order decertifying the class in this case.

---

[1] Since the filing of this lawsuit, the State of Louisiana elected a new governor, Jeff Landry. Because former Gov. Edwards was initially sued in his official capacity, Gov. Landry is automatically substituted as a defendant. Fed. R. Civ. P. 25(d).

Relatedly, on November 18, 2022, then-Gov. Edwards announced the resignation of initially-named Defendant Deputy Secretary Sommers and the appointment of Otha "Curtis" Nelson, Jr. as his replacement. https://gov.louisiana.cfm/index.cfm/newsroom/detail/3892. Because Mr. Sommers was initially sued in his official capacity, Mr. Nelson was then automatically substituted as a Defendant. Subsequently, on February 2, 2024, Gov. Landry announced that Kenneth "Kenny" Loftin had been appointed as the Deputy Secretary of OJJ. https://gov.louisiana.cfm/index.cfm/newsroom/detail/4402. Therefore, Mr. Loftin is now automatically substituted as a Defendant. Fed. R. Civ. P. 25(d).

Also, initially-named Defendant Secretary James M. Leblanc resigned from the position of DOC Secretary. On August 29, 2024, Governor Landry appointed Gary Westcott as his replacement. https://gov.louisiana.gov/news/4623.

1.      Concurrent with the filing of this motion, Defendants filed a motion to dismiss the claims of the two Named Plaintiffs/Class Representatives—Alex A. and Charles C. As discussed in more detail in that motion and supporting brief, both class representatives have completed their terms with OJJ, have been released from OJJ's custody, have reached 18 years of age, and have no possibility of being returned to OJJ's custody in the future. Accordingly, the Named Plaintiffs/Class Representatives' claims are moot and should be dismissed.

2.      The underlying claims of the class are moot. OJJ has now returned to the pre-suit status quo:  All youth who enter OJJ's secure care system are being placed in youth-only (i.e., not collocated) facilities. The facility about which the underlying suit was filed—the Bridge City Center for Youth at West Feliciana ("BCCY-WF")—has been closed for approximately 18 months. OJJ is no longer transferring youth to the parish facility—the juvenile unit at the Jackson Parish Jail—which has been the subject of discovery on the issue of whether that facility constitutes an "adult prison," and OJJ cancelled its memorandum of understanding with the Jackson Parish Sheriff's Office for the ability to transfer youth to that facility. Accordingly, the class's claims are also moot and should be dismissed.

3.      This Motion to Decertify the Class is being filed in the alternative only. In the event the Court finds that the Named Plaintiffs/Class Representatives' claims are moot but finds that the class claims are not moot, the class must nominate new class representatives, and the class definition should be modified to reflect the current factual circumstances.

4.      Alex A. and Charles C. were the only class representatives appointed by the Court for the underlying class. Following dismissal of Alex A.'s and Charles C.'s claims, there will be

---

Because Mr. Leblanc was sued in his official capacity only, Mr. Westcott is automatically substituted as a Defendant. Fed. R. Civ. P. 25(d).

no class representative. The class must have a class representative to continue. If after a reasonable opportunity to propose a new class representative, the class is unable to nominate a new class representative and have that nominee appointed by the Court, the class should be decertified.

5.    Changes in the factual circumstances since the original class certification render the prior class definition obsolete. OJJ is no longer operating its one collocated facility (BCCY-WF), and OJJ has no plans to reopen that facility. OJJ is no longer transferring youth to the one parish-run collocated facility (the Jackson Parish juvenile unit), and OJJ has no plans to resume transferring youth to that facility. Accordingly, there are no youth in OJJ custody who may in the future be transferred to a collocated facility, let alone an "adult prison." Therefore, to the extent that class definition previously included youth who "might be" transferred or "will be transferred" to BCCY-WF, to the Jackson Parish juvenile unit, or to any "adult prison," there are no such youth, and the class definition should be revised to reflect this factual change.

For these reasons, and as more fully set forth in Defendants' memorandum in support of this motion, the Court should dismiss this case in its entirety as moot.

Dated: May 8, 2025.

Respectfully submitted:

BY:    /s/ Madaline King Rabalais
        Connell Archey (#20086)
        Randal J. Robert (#21840)
        Allena McCain (#38830)
        Madaline King Rabalais (#38301)
        BUTLER SNOW LLP
        445 North Boulevard, Suite 300 (70802)
        P.O. Box 2997
        Baton Rouge, LA  70821-2997
        Telephone:    (225) 325-8700
        Facsimile:    (225) 325-8800
        Connell.Archey@butlersnow.com
        Randy.Robert@butlersnow.com
        Allena.McCain@butlersnow.com

Madaline.Rabalais@butlersnow.com

Kyle V. Miller (pro hac vice)
Lemuel E. Montgomery III (pro hac vice)
Anna Morris (pro hac vice)
Carly Chinn (pro hac vice)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39157
Telephone:     (601) 948-5711
Facsimile:     (601) 985-4500
Kyle.Miller@butlersnow.com
Lem.Montgomery@butlersnow.com
Anna.Morris@butlersnow.com
Carly.Chinn@butlersnow.com

Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing has this day been filed electronically with the Clerk of Court using the CM/ECF system, which will deliver notice of this filing to all counsel of record.

This 8th day of May, 2025.

*/s/ Madaline King Rabalais*

93133410.v2